# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
# THE ALABAMA COURT OF CRIMINAL APPEALS

CR-04-1101

John Willie Minnifield v. State of Alabama  (Appeal from Montgomery Circuit Court: CC99-327.61)

## CERTIFICATE OF JUDGMENT

WHEREAS, the appeal in the above referenced cause has been duly submitted and considered by the Court of Criminal Appeals; and

WHEREAS, the judgment indicated below was entered in this cause on July 8th 2005:

### Affirmed by Memorandum.

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure, it is hereby certified that the aforesaid judgment is final.

Witness. Lane W. Mann, Clerk
Court of Criminal Appeals, on this
the 9th day of September, 2005.

*[signature]*

Clerk
Court of Criminal Appeals
State of Alabama

cc: Hon. Sarah M. Greenhaw, Circuit Judge
    Hon. Melissa Rittenour, Circuit Clerk
    John W. Minnifield, Pro Se
    James B. Prude, Asst. Atty. Gen.

# IN THE SUPREME COURT OF ALABAMA



September 9, 2005

**1041698**

Ex parte John Willie Minnifield.  PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS  (In re: John Willie Minnifield v. State of Alabama) (Montgomery Circuit Court: CC99-327.61; Criminal Appeals : CR-04-1101).

## CERTIFICATE OF JUDGMENT

## Writ Denied

The above cause having been duly submitted, IT IS CONSIDERED AND ORDERED that the petition for writ of certiorari is denied.
  WOODALL, J. -  Nabers, C.J., and Lyons, Smith, and Parker, JJ., concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.
Witness my hand this 9th day of September, 2005

Clerk, Supreme Court of Alabama

/bb

Case: 2:03cv975

John Willie Minnifield AIS#112145
Bullock County Correctional Facility
P. O. Box 5107
Union Springs, AL 36089-5107

----------------------------------------------------------

TO ATTORNEYS OF RECORD:   Electronic Noticing is MANDATORY in the District Court for the Middle District of Alabama.

By order of the court (General order 04-3164) Electronic Noticing is mandatory for all attorneys who wish to practice in this district.

If you have received this notice by mail, you have not yet complied with this order, according to our records. If you had already sent in your Mandatory Attorney Update and Registration for Electronic Noticing, please re-fax it immediately. If you have not yet submitted this mandatory form, please do so IMMEDIATELY.

The mandatory registration form can be accessed through our web site (www.almd.uscourts.gov, click on the CM/ECF icon.  At the CM/ECF welcome page, click on the Registration Form button).  The form can be completed on line - then print, sign, and fax to the number listed on the form.

If you have any questions or need help with our Case Management/Electronic Case Files (CM/ECF) system, please call our help desk on 334.954.3635.

Case: 2:03cv975

John Willie Minnifield AIS#112145
Bullock County Correctional Facility
P. O. Box 5107
Union Springs, AL 36089-5107

---------------------------------------------------------

TO ATTORNEYS OF RECORD:    Electronic Noticing is MANDATORY in the District Court for the Middle District of Alabama.

By order of the court (General order 04-3164) Electronic Noticing is mandatory for all attorneys who wish to practice in this district.

If you have received this notice by mail, you have not yet complied with this order, according to our records. If you had already sent in your Mandatory Attorney Update and Registration for Electronic Noticing, please re-fax it immediately.  If you have not yet submitted this mandatory form, please do so IMMEDIATELY.

The mandatory registration form can be accessed through our web site (www.almd.uscourts.gov, click on the CM/ECF icon.  At the CM/ECF welcome page, click on the Registration Form button).  The form can be completed on line - then print, sign, and fax to the number listed on the form.

If you have any questions or need help with our Case Management/Electronic Case Files (CM/ECF) system, please call our help desk on 334.954.3635.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN WILLIE MINNIFIELD, #112145, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:03-CV-975-N |
| ) | |
| ARNOLD HOLT, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**FACTS AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by John Willie Minnifield, a state inmate, on September 22, 2003. In this petition, Minnifield challenges a conviction for stalking entered against him by the Circuit Court of Montgomery County, Alabama on February 10, 2000. Pursuant to the procedural orders of this court, the respondents filed responses to the habeas petition in which they argue that Minnifield has failed to exhaust state remedies with respect to each of the claims now pending before this court. Specifically, the respondents maintain that Minnifield may challenge the trial court's alleged failure to timely notify him of the denial of his Rule 32 petition by filing a petition for writ of mandamus with the Alabama Court of Criminal Appeals in which he seeks an out of time appeal. *Respondents' May 28, 2004 Response* at

5; *Respondents' August 13, 2004 Response* at 4.[1] The evidentiary materials submitted by the respondents demonstrate that the petitioner did not properly request an out of time appeal in any of the documents filed on appeal from his state habeas petition. Thus, it is clear to this court that the petitioner may seek an out of time appeal from the denial of his Rule 32 petition by filing a petition for writ of mandamus with the Alabama Court of Criminal Appeals.

Based on the exhaustion argument presented by the respondents, the court entered orders allowing Minnifield an opportunity to show cause why this action should not be dismissed for his failure to exhaust an available state court remedy. In his most recent response to these orders, Minnifield advises that on September 7, 2004 he filed a writ of mandamus and motion for untimely appeal with the Alabama Court of Criminal Appeals. *Petitioner's September 10, 2004 Response* at 1.

## DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(1)(b)(1)(A). The exhaustion requirement is grounded in the principles of comity which reflect a desire to protect the integral role of state courts in the enforcement of federal law. *Castille v. Peoples*, 489 U.S. 346, 348 (1989). The pleadings

---

[1] The court notes that if the petitioner is successful on his petition for mandamus in the appellate court he would then be able to present each of his claims to the state courts for appropriate review.

and evidentiary materials filed in this case demonstrate that the petitioner has not yet exhausted his available state court remedies with respect to each of the claims presented in his federal petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of the petitioner's claims without first requiring that the petitioner exhaust those state remedies which are available to him. *See* 28 U.S.C. § 2254(1)(b)(2).

In light of the foregoing, the court concludes that the petition for habeas corpus relief filed herein on September 22, 2003 should be dismissed without prejudice so that the petitioner can pursue his available state court remedies.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief be denied.

2. This case be dismissed without prejudice to afford the petitioner an opportunity to exhaust all available state court remedies.

3. No costs be taxed herein.

It is further

ORDERED that the parties shall file any objections to the said Recommendation within a period of 13 days from the date of mailing or transmittal to them. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to

---

[2] The parties are advised that dismissal of this case for Minnifield's failure to exhaust state remedies shall not render any subsequent § 2254 petition attacking his stalking conviction a successive petition.

which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 15th day of September, 2004.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

```
MIME-Version:1.0
From:efile_notice@almd.uscourts.gov
To:almd_mailout@almd.uscourts.gov
Message-Id:<230954@almd.uscourts.gov>
Bcc:cc_thompson@almd.uscourts.gov,cc_albritton@almd.uscourts.gov,cc_fuller@almd.
uscourts.gov,efile_press@almd.uscourts.gov,cc_prose@almd.uscourts.gov,docketroom
@ago.state.al.us,efile_thompson@almd.uscourts.gov,efile_walker@almd.uscourts.gov
,jprude@ago.state.al.us

Subject:Activity in Case 2:03-cv-00975-MHT-SRW Minnifield v. Holt, et al (INMATE
1) "Report and Recommendations"
Content-Type: text/plain
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without
charge. To avoid later charges, download a copy of each document during this
first viewing.
<!-- rcsid='\$Header: /ecf/district/html/TextHead,v 3.1 2003-04-25 07:56:43-04
loy Exp \$' -->
U.S. District Court
Alabama Middle District

Notice of Electronic Filing
The following transaction was entered on 9/15/2004 at 9:35 AM CDT and filed on
9/15/2004

#ident 'rcsid=\$Header: /ecf/district/server/TextBody,v 3.1 2003-04-25
07:52:35-04 loy Exp \$'
Case Name: Minnifield v. Holt, et al (INMATE 1)
Case Number: 2:03-cv-975 https://ecf.almd.uscourts.gov/cgi-bin/DktRpt.pl?10749

Document Number: 32
Copy the URL address from the line below into the location bar of your Web
browser to view the document:
https://ecf.almd.uscourts.gov/cgi-bin/show_case_doc?32,10749,,MAGIC,

Docket Text:
REPORT AND RECOMMENDATIONS that 1) The Petition for Habeas Corpus relief be
denied; 2) This case be dismissed without prejudice to afford the petitioner an
opportunity to exhaust all available state court remedies; 3) No costs be taxed
herein; Objections to R&R due by 10/4/2004. Signed by Judge Susan Russ Walker on
9/15/04. (vmc, )

The following document(s) are associated with this transaction:
Document description: Main Document
Original filename: n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1053018227 [Date=9/15/2004] [FileNumber=230953-0]
[affd50b2c0e6c7930637f5cdce03b17d229a24eea8aedc868b9ac83e722c440d5fb33c8dbe3c278
b3fd4b98579b5479eea0e382d5a3e1839b7120392668738a6]]



<!-- rcsid='\$Header: /ecf/district/server/TextAtyList,v 3.2 2003-06-02
17:37:56-04 bibeau Exp \$' -->
2:03-cv-975 Notice will be electronically mailed to:
James B. Prude   jprude@ago.state.al.us, docketroom@ago.state.al.us

Staff Attorneys   cc_prose@almd.uscourts.gov
```

```
2:03-cv-975 Notice will be delivered by other means to:
John Willie Minnifield
AIS&#035;112145
Bullock County Correctional Facility
P. O. Box 5107
Union Springs, AL 36089-5107
```

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN WILLIE MINNIFIELD, #112145, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 2:03-CV-975-T |
| ARNOLD HOLT, et al., | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by John Willie Minnifield, a state inmate. In their supplemental answer filed on May 28, 2004, the respondents assert that the petitioner has failed to exhaust state remedies with respect to each of the claims now pending before this court. Specifically, the respondents maintain that Minnifield may challenge the trial court's alleged failure to timely notify him of the denial of his state habeas petition by filing a petition for writ of mandamus with the Alabama Court of Criminal Appeals in which he seeks an out of time appeal. *Respondents' Supplemental Answer - Court Doc. No. 18 at 4-5.*[1]

Based on the exhaustion argument presented in the respondents' supplemental answer, the court entered an order affording the petitioner an opportunity to demonstrate why the instant habeas petition should not be dismissed for his failure to exhaust state remedies. *See Order of June 2, 2004 - Court Doc. No. 19.*

---

[1] The court notes that if the petitioner is successful on his petition for mandamus he would then be able to present each of his state habeas claims to the state appellate courts for appropriate review.

In response to this order, the petitioner argues that available state court remedies have been properly exhausted because during the course of his state habeas proceeding he filed actions seeking a writ of mandamus with the Alabama Court of Criminal Appeals and the Alabama Supreme Court. *See Petitioner's Exhibits I and II.* The court has thoroughly reviewed the relevant mandamus documents and the orders of the state courts addressing Minnifield's requests for issuance of a writ of mandamus. It is clear from such review that Minnifield did not request an out of time appeal from the denial of his state habeas petition. Rather, the evidentiary materials demonstrate that Minnifield merely sought an order requiring that the trial court grant his state petition for habeas corpus relief.

## DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(1)(b)(1)(A). As cause for the default arising from his failure to appeal the denial of his state habeas petition, Minnifield argues that he did not receive notice of such denial until after his time for appeal had expired. The record in this case establishes that the petitioner may seek an out of time appeal from the denial of his state habeas petition by filing a petition for writ of mandamus with the Alabama Court of Criminal Appeals. *Ex Parte State (In re Brooks v. State)*, 2004 WL 68542, ____ So. 2d ____ (Ala. January 16, 2004); *Marshall v. State*, 2003 WL 22221211, ____ So.2d ____ (Ala. September 26, 2003). Consequently, Minnifield has not yet exhausted his available state court remedies with respect to each of

the claims raised in the instant § 2254 petition. This court does not deem it appropriate to rule on the merits of the petitioner's claims for relief without first requiring that the petitioner exhaust all remedies available before the state courts. *See* 28 U.S.C. § 2254(1)(b)(2).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that the petitioner can pursue his state court remedies.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that the petition be dismissed without prejudice to afford the petitioner an opportunity to exhaust all available state court remedies. It is further

ORDERED that the parties shall file any objections to the said Recommendation within a period of 13 days from the date of mailing or transmittal to them. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

---

[2]Under the circumstances of this case and given the nature of the proceedings in the state courts, it appears that the limitation period should be equitably tolled during the pendency of this action, the petitioner's mandamus actions in the state courts and any future state court action relevant to and/or arising from an out of time appeal on the denial of the state habeas petition. *See Helton v. Secretary for Dept. of Corrections,* 259 F.3d 1310, 1312 (11th Cir.2001) (Equitable tolling "can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."); *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir.1999) (The limitations period may be equitably tolled where "a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.").

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 21st day of June, 2004.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE