IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN WILLIE MINNIFIELD, #112145, <br><br>    Petitioner, <br><br>v. <br><br>ARNOLD HOLT, et al., <br><br>    Respondents. | )<br>)<br>)<br>)<br>)   CASE NO.<br>)   2:06-CV-0054-WKW<br>)<br>)<br>)<br>) |

## ANSWER

Come now Respondents, by and through the Attorney General of Alabama, to respond to the Order to Show Cause issued by this Honorable Court on January 24, 2006.

## PROCEDURAL HISTORY

The Montgomery County Grand Jury indicted the petitioner, John Willie Minnifield, in February of 1999 for stalking his estranged wife, Vonciel Minnifield, a violation of Section 13A-6-90 of the <u>Code of Alabama</u> (1975). The trial judge appointed the Hon. John Wiley Hartley to represent Minnifield, but Minnifield rejected counsel and represented himself. The trial judge ordered

Hartley to remain in the courtroom to assist in the trial if Minnifield later requested any assistance.

The trial began on January 10, 2000, and the verdict of guilty was returned on January 12, 2000. On February 7, 2000, the trial court sentenced Minnifield to twenty years of imprisonment in the state penitentiary.

The Alabama Court of Criminal Appeals affirmed the conviction on September 22, 2002. Minnifield v. State, CR-99-915 (Ala. Crim. App. Sept. 22. 2002) (Mem. op.). Minnifield's application for rehearing was overruled on October 13, 2002. On November 29, 2000, Minnifield's petition for writ of certiorari filed in the Supreme Court of Alabama was stricken because it did not comply with Rule 39(c) and (d) of the Alabama Rules of Appellate Procedure.

On January 10, 2001, Minnifield filed a petition under Rule 32 of the Alabama Rules of Criminal Procedure in the Montgomery County Circuit Court. The petition was dismissed on February 20, 2001, because the court found that Minnifield's claims were either refuted by the trial record, precluded from review, or did not contain the required specificity. The Alabama Court of Criminal Appeals affirmed the denial on November 21, 2001. Minnifield v. State, CR-00-1167 (Ala. Crim. App. Nov. 21, 2001) (Mem. op.). His petition for rehearing was overruled on December 14, 2001, and his petition for writ of certiorari filed in the

2

Supreme Court of Alabama was denied on May 17, 2002. The Certificate of Judgment was issued that same day.

Minnifield filed a petition for writ of habeas corpus relief in the United States District Court For the Middle District of Alabama on September 24, 2003. <u>Minnifield v. Holt</u>, CV-03-T-975-N. In the Response filed on December 2, 2003, Respondents contended that the petition was due to be denied because it was filed after the expiration of the one-year limitation period. In response to Minnifield's claim that he had a petition pending in state court during this one-year period, Respondents discovered that Minnifield had filed a state habeas petition, in addition to a Rule 32 petition, that had been pending during this limitation period. In a Response filed on May 28, 2004, Respondents conceded that the one-year limitation period had not expired before Minnifield filed the petition, but asserted that the claims were procedurally defaulted because Minnifield did not appeal from the denial of the state habeas petition. Respondents also asserted Minnifield had not exhausted his state remedies because his claim that he did not receive notice of the trial court's denial of the state petition could be presented in a petition for writ of mandamus if he wanted to pursue an out-of-time appeal. On June 21, 2004, Magistrate Judge Susan Russ Walker recommended that the petition be denied because Minnifield had not exhausted his remedies in state court. That Recommendation was withdrawn on July 2, 2004, and Magistrate Judge Walker

3

ordered the Respondents to respond to Minnifield's claim that he had filed a writ of mandamus in which he sought an out-of-time appeal on the state habeas petition on the ground that he had not received timely notice of the denial of the petition. In the Response filed on August 13, 2004, Respondents asserted that Minnifield had filed a petition for writ of mandamus, but had not asked for an out-of-time appeal. Respondents asserted that Minnifield had not exhausted his state remedies because he still had the right to seek an out-of-time appeal by filing a writ of mandamus. After review of Respondents' response, Magistrate Judge Walker, on September 15, 2004, again recommended that the petition be denied because Minnifield had not exhausted his remedies in state court. District Court Judge Myron H. Thompson accepted the Recommendation and dismissed the petition on October 8, 2004.

Minnifield did not seek an out-of-time appeal from the denial of his state habeas petition. Instead, he returned to the Montgomery County Circuit Court and filed a Petition For Relief From Conviction Or Sentence Pursuant to Rule 32 of the Alabama Rules of Criminal Procedure on November 19, 2004. On January 28, 2005, Circuit Judge Truman Hobbs denied relief on the petition because he found that this was a second Rule 32 petition, and that most of the claims were barred by the successive petition rule contained in Rule 32.2(b) of the Alabama Rules of Criminal Procedure. He also found that the claims were barred from review

4

because the petition was not filed before the expiration of the limitation period contained in Rule 32.2(c), and because the petition lacked the specificity mandated by Rule 32.6(b).

On July 8, 2005, the Alabama Court of Criminal Appeals affirmed the denial of the petition. <u>Minnifield v. State</u>, CR-04-1101 (Ala. Crim. App. Jul. 8, 2005) (Mem. Op.). The court held that Minnifield's claims were precluded from review by the limitation period contained in Rule 32.2(c). It also held that some of the claims were barred from review under Rule 32.2 (a) (3) and (5) because they could have been raised at trial and on direct appeal. The court also found that claims that were raised in the petition but not argued on appeal were deemed abandoned. On September 9, 2005, the Supreme Court of Alabama denied the petition for writ of certiorari. The Certificate of Judgment was issued that same day.

On January 4, 2006, Minnifield filed this present petition for habeas corpus relief.

## ISSUES RAISED IN THE FEDERAL HABEAS PETITION

Minnifield alleged the following claims in his federal petition:

1) He did not commit the offense of stalking his former wife. He alleged that his wife made a false allegation against him;

2) Minnifield made a second allegation that he did not commit the offense of stalking against his former wife;

5

3) The Court of Criminal Appeals denied his appeal, and it is clear that the state court will not grant him due process or any relief.

## CLAIMS RAISED ON DIRECT APPEAL

I. "Whether the Court's jury instructions which did not give a lesser-included offense was reversible error.

II. Whether the defendant's conduct constituted a prima facie case of stalking, in violation of section 13A-6-90."

## CLAIMS RAISED IN THE FIRST RULE 32 PETITION

In the order, the trial court listed the claims raised by Minnifield and stated the reasons for the denial of the claims:

1. Petitioner's claim that the State altered evidence and failed to introduce the complaint and affidavit is without merit. This Court finds that introduction of an affidavit and complaint as an evidentiary exhibit is not required under the law. This Court further finds that Petitioner's allegation that the State altered evidence is a bare allegation with no factual basis of support. Petitioner failed to make a clear and specific statement of the grounds upon which he sought relief and failed to make a full disclosure of the factual basis of those grounds in accordance with Rule 32.6(b) of the Ala. R. Crim. P.

2. Petitioner's claim that the State brought witnesses before this Court in his absence is without merit and Petitioner has failed to prove this claim by a preponderance of the evidence.

3. Petitioner's claim that the State invoked the habitual offender law without giving him an opportunity to challenge the legality of his prior convictions is without merit. This Court finds that Petitioner was notified in writing of the State's intention to invoke all sentences enhancements including the habitual offender law on March 9, 1999. This Court further finds that Petitioner had from January 12, 1999, date of his conviction, to February 7, 1999, date of his sentencing, to contest the validity of his prior felonies and he failed to do so.

4. Petitioner's claim that the State fabricated his NCIC report and falsified cases before the Grand Jury is without merit. This Court finds that Petitioner failed to prove this claim by a preponderance of the evidence and failed to provide a clear and specific statement of the grounds upon which he seeks relief. Petitioner has made a bare allegation that a constitutional right has been violated and is therefore not entitled to relief.

5. Petitioner claims that all black males were illegally struck from the jury which heard the case. This Court finds that Petitioner has failed to prove this claim by a preponderance of the evidence and has only made a bare allegation that a constitutional right has been violated and is therefore not entitled to relief.

6. Petitioner's claim that the State's witnesses were unable to state that the victim was being stalked by Petitioner is without merit. This Court finds that this was the issue that was clearly before the jury that decided Petitioner's case and considered by them when finding Petitioner guilty of Stalking. This Court further finds that this is an issue which could have been but was not raised at trial or on appeal and therefore Petitioner is not entitled to relief.

7. This Court finds that all other claims addressed by Petitioner are without merit and are denied.

8. This Court finds that Petitioner's petition is due to be dismissed based on the grounds stated above and also due to the fact that all of the issues raised by Petitioner were raised on appeal or

could have been but were not and are therefore precluded by
Rule 32.2(a)(4), (5) of Ala. R. Crim. P.

In addition, Minnifield put check marks by this list of claims in the Rule 32 petition:

(A)  His conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to him;

(B)  His conviction was obtained by a violation of the protection against double jeopardy;

(C)  His conviction was obtained by the action of a grand or petit jury that was unconstitutionally selected and impaneled;

(D)  He was denied effective assistance of counsel;

## CLAIMS RAISED IN THE SECOND RULE 32 PETITION

1)  He alleged that he was convicted of stalking by a jury that excluded black males from the jury;

2)  He alleged that the evidence was insufficient to convict him of stalking his wife in violation of Section 13A-6-90 of the Code of Alabama;

3)  He alleged that the prosecutor engaged in misconduct by intentionally misleading the jury with his closing argument;

4)  He alleged that the prosecutor intentionally struck all black males on the jury;

8

5) He alleged that pretrial counsel did not properly represent him or investigate the case until he filed a motion to remove counsel from the case;

6) He alleges that, although he discharged his trial counsel, the trial court denied him an opportunity to withdraw his waiver of the right to counsel;

7) He alleged that the trial court did not give him a <u>Faretta</u> hearing when it granted his Motion to Remove Counsel from the case, which was granted ten minutes before trial or the selection of the jury;

8) He alleged that the trial court failed to inform him that he had the right to ask for counsel at any time during the proceedings;

9) He alleged that he was denied a fair trial and due process because the State and trial court intentionally entertained perjured testimony from witnesses;

10) He alleged that appellate counsel was ineffective because counsel raised only one issue on appeal.

## EXHAUSTION OF CLAIMS RAISED IN THE FEDERAL HABEAS PETITION

### (A)

### EXHAUSTION

In his petition, Minnifield essentially raises only one claim: The evidence was insufficient to prove that he committed the offense of stalking against his

9

former wife. This claim is exhausted because he raised the claim on direct appeal. He also raised the claim in his second Rule 32 petition.

## UNEXHAUSTED CLAIMS

Minnifield's present petition contains no unexhausted claims.

**The Decision By The State Court, In Which It Denied Relief To Minnifield, Was Not Contrary To Federal Law As Determined By The Supreme Court Of The United States, Nor Did It Constitute An Unreasonable Interpretation Of Federal Law As Determined By The Supreme Court Of The United States.**

Minnifield presents two issues in his petition, but both issues essentially allege that the evidence did not support a guilty verdict of stalking. Although Minnifield raised a sufficiency issue on direct appeal, the Alabama Court of Criminal Appeals did not exactly address the claim. Instead, the Court of Criminal Appeals concluded that the trial court properly denied Minnifield's request for an instruction on harassment, as a lesser-included-offense, because there was no reasonable theory from the evidence to support the charge. The court indirectly found that the evidence was sufficient to submit the case to the jury on the stalking charge.

This Court's review of the merits of Minnifield's claim is limited by the standard set forth in the Anti-Terrorism and Effective Death Penalty Act

(AEDPA). This Court may grant Minnifield relief only if it finds that the state court's application of federal law was contrary to, or an unreasonable application of, relevant federal law as determined by the Supreme Court of the United States.

Title 28 U.S.C. S 2254(d), as amended by the AEDPA, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In <u>Williams v. Taylor</u>, 529 U.S. 362 (2000), the Supreme Court discussed the meaning of the "contrary to" and "unreasonable application" phrases contained in the AEDPA. The Court stated:

> Under § 2254(d) (1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially

11

> indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 412.

The Court further stated:

> Second, a state-court decision also involves an unreasonable application of this Court's precedent if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

Id. at 407.

The applicable federal law on the issue of sufficiency of the evidence was set forth by the Supreme Court in Jackson v. Virginia, 443 U.S. 307, 323-324 (1979):

> We hold that in a challenge to a state criminal conviction brought under 28 U.S.C. § 2254--if the settled procedural prerequisites for such a claim have otherwise been satisfied--the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.

The Supreme Court also wrote:

> After Winship the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to ask itself whether *it* believes that the evidence at trial established guilt beyond a reasonable doubt. *Instead, the relevant*

12

> *question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.* This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution.

Id. at 318-19. (Citations and internal quotation marks omitted). Additionally, the Court held that the State's evidence need not rule out every theory except guilt. Id. at 326. Also, the Court held that the habeas court must presume that the trier of facts resolved any conflict in favor of the prosecution, and must defer to that resolution. Id. at 326.

The Jackson standard is to be applied with explicit reference to the substantive elements of the criminal offense as defined by state law. Id. at 325, n. 16. The Supreme Court explained the application of the Jackson standard in Herrera v. Collins, 113 S. Ct. 853 (1993): "Finally, the Jackson inquiry does not focus on whether the trier of fact made the *correct* guilt or innocence determination, but rather whether it made a *rational* decision to convict or acquit." Id. at 861 (emphasis in original). See also, Bishop v. Kelso, 914 F. 2d 1468 (11th Cir. 1990). In applying the Jackson decision, the Eleventh Circuit wrote: "While the defendant presented a different version of the facts, it cannot be said that no

rational trier of fact could have convicted [the defendant]. *The jury was free to disbelieve the defendant.*" Mattox v. Dugger, 839 F. 2d 1523, 1524 (11th Cir. 1988) (emphasis added). *See also*, Wilcox v. Ford, 813 F. 2d 1140, 1145 (11th Cir. 1987).

Minnifield was charged with stalking under Section 13A-6-90 of the Code of Alabama (1975), which reads as follows:

> (a) A person who intentionally and repeatedly follows or harasses another person and who makes a credible threat, either expressed or implied, with the intent to place that person in reasonable fear of death or serious bodily harm is guilty of the crime of stalking.
>
> (b) The crime of stalking is a Class C felony.

Respondents' Exhibits A, B and C set out the facts of the case from the petitioner, Respondents, and the Alabama Court of Criminal Appeals. The facts, as stated in the State's brief, show that the State presented evidence on every element of the crime as defined by statute, and was sufficient for a rational trier of the facts to conclude that Minnifield was guilty of the offense. Therefore, Minnifield is not due relief on this claim.

Whereas Respondents have shown that Minnifield is not entitled to relief on his claim, this petition should be denied.

## EXHIBITS

1) Copy of Minnifield's brief on appeal, Exhibit A;

2) Copy of State's brief on appeal, Exhibit B;

3) Opinion on direct appeal, Exhibit C;

        Respectfully submitted,

        Troy King – KIN047
        *Attorney General*
        State of Alabama


        s/James B. Prude
        James B. Prude (PRU005)
        Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>10th</u> day of March, 2006, I electronically filed the foregoing (including exhibits) with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the foregoing (including exhibits) to the following non-CM/ECF participants: <u>John Willie Minnifield, AIS #112145, Bullock County Correctional Facility, PO Box 5107, Union Springs, AL 36089-5107.</u>

                                      s/James B. Prude
                                      James B. Prude (PRU005)
                                      Office of the Attorney General
                                      Alabama State House
                                      11 South Union
                                      Montgomery, AL  36130-0152
                                      Telephone:  (334) 242-7300
                                      Fax:  (334) 242-2848
                                      E-Mail:  JPrude@ago.state.al.us

108000/90351-001