IN THE COURT OF CRIMINAL APPEALS
OF ALABAMA

JOHN WILLIE MINNIFIELD

Appellant,

V.

STATE OF ALABAMA

Appellee,

CASE NO. CR-99-0915

APPEAL FROM THE CIRCUIT COURT OF
MONTGOMERY COUNTY
CASE NO. CC-99-327

BRIEF OF APPELLANT

Attorney for Appellant
JOSEPH E. BURKHART
LAW OFFICES OF JOSEPH E. BURKHART, L.L.C.
472 S. LAWRENCE STREET, SUITE 206
MONTGOMERY, ALABAMA 36104
(334) 262-4800



IN THE COURT OF CRIMINAL APPEALS
OF ALABAMA

JOHN WILLIE MINNIFIELD

Appellant,

V.

STATE OF ALABAMA

Appellee,

CASE NO. CR-99-0915

APPEAL FROM THE CIRCUIT COURT OF
MONTGOMERY COUNTY
CASE NO. CC-99-327

BRIEF OF APPELLANT

Attorney for Appellant
JOSEPH E. BURKHART
LAW OFFICES OF JOSEPH E. BURKHART, L.L.C.
472 S. LAWRENCE STREET, SUITE 206
MONTGOMERY, ALABAMA 36104
(334) 262-4800

# TABLE OF CONTENTS

| DOCUMENT | PAGE |
|---|---|
| Table of Contents | 1 |
| Table of Cases, Statutes, and other Authorities Cited | 2 |
| Statement of the Case | 3 |
| Statement of the Issues Presented for Review | 4 |
| Statement of the Facts | 5 |
| Argument | 6 |
| Conclusion | 11 |
| Adverse Rulings | 12 |
| Certificate of Service | 14 |

# TABLE OF CASES, STATURES, AND OTHER AUTHORITIES CITED

| JUDICIAL AUTHORITY | PAGE |
| --- | --- |
| *Barlett v. State*, 701 So.2d 309 (1997) | 8 |
| *Chavers v. State*, 361 So.2d 1106 (Ala. 1978) | 8 |
| *Culbreath v. State*, 667 So.2d 156, 159 (Ala.Cr.App. 1995) | 9 |
| *Fulghum v. State*, 277 So.2d 886 (1973) | 8 |
| *Hayes v. State*, 717 So,2d 33 (Ala.Cr.App 1997) | 9, 11,12 |
| *Lami v. State*, 180 So.2d 279, cert. Denied, 282 (1965) | 9 |
| *State v. Randall*, 669 So.2d 223, 227 (Ala.Cr.App. 1995) | 10 |
| *Wiggins v. State*, 491 So.2d 1046 (Ala.Cr.App. 1986) | 8 |

| NON-JUDICIAL CITES | PAGE |
| --- | --- |
| Stalking, ALA. CODE § 13A-6-90 (1975) | 7, 9 |
| Harassment, ALA. CODE § 13A-11-8 (1975) | 8 |

## STATEMENT OF THE CASE

On 11/23/98 a warrant was executed for arrest of John Willie Minnifield for the stalking of his wife, Vonciel A. Minnifield. On the 5th day of February 1999 John W. Minnifield was indicted by the Grand Jury of Montgomery County, Alabama for stalking, in violation of Section 13A-6-90 of the Code of Alabama. He was tried by the Circuit Court and convicted of Stalking on January 12, 2000. The sentence of 20 years in prison was given to Defendant on February 7, 2000, plus he must pay $4,378.00 in restitution, $50.00 crime victim fund and $150.00 attorney fees. Oral notice of appeal was given at the Sentence Hearing on February 7, 2000. The undersigned was appointed to represent John W. Minnifield on February 7, 2000.

Motions filed:

| | | | |
|---|---|---|---|
| A. | Motion for Bond reduction, | Filed 03/19/99, | denied 03/23/99 |
| B. | Renewed motion for Bond reduction, | Filed 04/01/99, | granted 07/12/99 |
| C. | Writ of Mandamus | Filed 06/16/99, | denied |
| D. | Motion to revoke bond | Filed 07/13/99, | revoked 07/14/99 |
| E. | Special Motion to Dismiss charges | Filed 12/16/99, | denied |
| F. | Motion for new trial | Filed 02/11/00, | denied 03/06/00 |
| G. | Motion to reconsider sentence | Filed 02/17/00, | denied 03/06/00 |
| H. | Motion for correction/jury trial | Filed 02/28/00, | denied 03/06/00 |
| I. | Motion for rehearing | Filed 02/2800, | denied 03/06/00. |

3

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

I   Whether the Court's jury instructions which did not give a lesser-included offense was reversible error.

II   Whether the defendant's conduct constituted a prima facie case of stalking, in violation of section 13A-6-90.

4

## STATEMENT OF THE FACTS

On October 30, 1998 Vonciel Minnifield, filed a compliant with the Montgomery Police department alleging that her husband, John Willie Minnifield, had Harassed her and a compliant against him for Reckless Endangerment. (R -102, 103) She alleged that Mr. Minnifield had come to her home, kicked in the front door, tried to choke, struck her daughter and threaten her with bodily harm with a hatchet.  Mrs. Vonciel Minnifield filed a compliant for Reckless Endangerment against her husband, John W. Minnifield again on November 14, 1998. (R-93) She alleged that Mr. Minnifield had attempted to run her off the road while she was driving with Timothy Brown.

Mrs. Vonciel Minnifield also alleged that her husband had written notes that harassed her and left them on her car. (R-116, 117, 118) Mrs. Minnifield alleged that her husband was in plain sight of her at the Auburn football game where she was working, (R108) and had followed or showed up at places where she was without an invitation. (R109)

Mr. John W. Minnifield was taken into custody and tried for the crime of stalking with no lesser included offenses. He was sentenced to 20 years for stalking.

# ARGUMENT

## I. Whether the Court's jury instructions which did not give a lesser-included offense was reversible error.

John W. Minnifield is guaranteed the right in the courts of Alabama and he United States to receive a fair and impartial trial. The fact that the Court did not allow the jury to consider the lesser-included offense of Harassment in their deliberations constituted reversible error on the part of the Court. This prejudiced the jury against the defendant as he was not given the opportunity to be charged with a lesser offense as a possibility. (R-335)

The Court in it's jury instructions gave the jury only one choice concerning the offenses that the defendant had committed and this was reversible error. The charge of stalking, is described in Ala. Code § 13A-6-90 (1975), which is provided in pertinent part:

> (a) A person who intentionally and repeatedly follows or harasses another person and who makes a credible threat, either expressed or implied, with the intent to place that person in reasonable fear of death or serious bodily harm is guilty of the crime of stalking.

There was not sufficient evidence to show that the defendant had made repeated credible threats toward to the Plaintiff to warrant charging him with stalking and in the alternative the lesser included offense of harassment was not included in the jury charge as asked for by the defendant. (R-344)

6

The charge of harassment is described in Ala. Code §13A-11-8 (1975), which is provided in pertinent part:

> (a)(1) Harassment-A person commits the crime of harassment if, with intent to harass, annoy or alarm another person, he:
> a. Strikes, shoves, kicks or otherwise touches a person or subjects him to physical contact; or
> b. Directs abusive or obscene language or makes an obscene gesture towards another person.

There may have been sufficient evidence presented at trial to show that Mr. Minnifield did harass, annoy or alarm his wife, but it fell short of the direct "intent" required to consider the offense stalking. "Now, to 'harass' is to engage in an intentional, state of mind again, to engage in an intentional course of conduct directed at a specified person which alarms or annoys that person or interferes with the freedom of movement of that person and which serves no legitimate purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress and must actually cause substantial and emotional distress. A course of conduct is a pattern of conduct Barlett v. State 701 So.2d 309 (1997) composed of a series of acts over a period of time which evidences a continuity of purpose."

"A person accused of the greater offense has a right to have the court charge on the lesser offenses included in the indictment, when there is a reasonable theory from the evidence supporting his position, Wiggins v. State, 491 So.2d 1046 (Ala. Cr.App. 1986); Chavers v. State, 361 So.2d 1106 (Ala. 1978); Fulghum v. State, 277 So.2d 886 (1973)... A court may properly refuse on a lesser offense only when (1) it is clear to the judicial mind that there is no evidence tending to bring the offense with the definition of the

7

lesser offense or (2) the requested charge would have a tendency to mislead or confuse the jury, Lami v. State 180 So.2d 279, cert. Denied, 180 So.2d 282 (1965).

Since this is the conduct engaged by the defendant, it is quite reasonable that the Court should have allowed the jury to consider the charge of harassment as a lesser included offense, to the offense of stalking, which would have allowed the jury to find the defendant guilty of one crime but not of the more serious crime of stalking. To not include the crime of harassment in the jury instructions was reversible error and thus should be reversed and the defendant should be given another trial and sentencing hearing.

## II  Whether the defendant's conduct constituted a prima facie case of stalking, in violation of section 13A-6-90.

"In order to prove a prima facie case of stalking, the State must show three elements. First, the State must prove that the accused "intentionally and repeatedly follow[ed] or harass[ed] another person." Second, the accused must have made a "credible threat." Finally, the accused must have intended to place the victim in reasonable fear of death or serious bodily injury. See § 13A-6-90, Code of Alabama 1975. We recognize that this is not the same test set forth in Culbreath v. State, 667 So.2d 156, 159 (Ala.Cr.App.1995)", Hayes v. State 717 So.2d 33 Ala. Crim. App. 1997).

The defendant in this case was going through with a pre-divorce era of their marriage, in which they had separated and were unable to get along.(R-263) The defendant was frustrated with the fact that he could not speak with his wife and try to resolve any pending issues of the marriage and to begin to communicate with her in a manner which would allow him to some closure and agree on some issues in the failing

8

marriage. (R-273)(R-135) Many of the times that the defendant was accused of harassing his wife, he was merely making an attempt to communicate with her over issues need to end the marriage. The defendant was attempting to talk with the Wife on more than one occasion, at locations where there were many people around where he felt she could feel secure enough to resolve some of the remaining issue within the failing marriage.(R-127)(R-105)

Thus the state could easily have concluded that these attempts to communicate by the defendant with his wife were an effort on his part to talk with his wife to resolve marital issues. The state must show that the accused either followed the victim on more than one occasion or that the accused harassed the victim on more than occasion, State v. Randall, 669 So.2d 223, 227, (Ala. Cr. App.1995). Looking at the evidence by the Court in the light most favorable to the defendant, it is possible to consider many of the occasions referred to by the State as harassing as attempts to talk with Wife in a public place and a safe forum. Thus when the State did not allow these events to be viewed in a light most favorable to the defendant, the Court denied the defendant an opportunity to be charged with an offense other than stalking.

The Courts have not yet fully evaluated all of the elements needed to make up a prima facie case for stalking as is evidence in Hayes v. State 717 So.2d 34 (Ala.Crim.App.1997), " This court has not yet addressed the question of whether the accused must actually intend to carry out his threat before it will be deemed a "credible threat." This case is an example of the Court not giving the Defendant the opportunity to be viewed in the light most favorable to the defendant in the existing circumstances.

The final element needed to be proven by the State is that the Defendant must show that the accused intended to place the victim in reasonable fear of death or serious bodily injury. " The question of intent is hardly ever capable of direct proof ", Hayes supra.,at 35. Therefore there is always some doubt as to the intent of the Defendant and there is room for consideration of the opposing point of view of the State and to allow the defendant a reasonable doubt of guilt. Thus the Court erred by allowing the jury to consider the charge of stalking as there was doubt as to the State meeting it's burden of proof at trial, with it's few poor strung together unrelated incidents which they presented at trial to constitute a pattern of behavior by the defendant. Thus the Court erred and the verdict should be set aside and a new trial given.

## CONCLUSION

The charges brought by the State were prejudicial to the defendant causing the jury to focus on the unrelated incidents about the defendant. The jury instructions were erroneous not allowing the jury to consider lesser included offenses. The facts suggest that the defendant did not get a fair and impartial trial, nor did he get proper consideration of a comprehensive jury charge by the Court. Mr. John W. Minnifield respectfully prays the conviction be reversed, or reversed and remanded for a new trial and that a new sentencing hearing be held to properly sentence the defendant.

11

## ADVERSE RULINGS

| PAGE | SUMMARY |
|---|---|
| CAS-18 | Motion for bond reduction, denied. |
| CAS-27 | Denied. |
| CAS-29 | Motion to revoke bond, granted. |
| CAS-31 | Special Motion to dismiss, denied. |
| CAS-21 | Motion for new trial, denied. |
| CAS-120 | Motion to reconsider sentence, denied. |
| CAS-122 | Motion to correct jury mistrial, denied. |
| CAS-128 | Motion for rehearing, denied. |
| | |
| R-62 | Objection to testimony, overruled |
| R-63 | Objection to opening statement, overruled |
| R-63 | "             " |
| R-63 | "             " |
| R-68 | Objection by district atty., sustained. |
| R-70 | Objection by   "             " |
| R-72 | Objection to witness statement, overruled. |
| R-74 | Objection by state, sustained. |
| R-97 | Objection by defendant, overruled. |
| R-139 | Objection by defendant, overruled. |

12

| | |
|---|---|
| R-164 | Objection by defendant, overruled. |
| R-206 | Objection by the state, sustained. |
| R-235 | Motion to dismiss, denied. |
| R-242 | Motion to include lesser included offense, denied. |
| R-251 | Objection by state, sustained. |
| R-262 | Objection by state, sustained. |
| R-264 | Objection by state, sustained. |
| R-272 | Objection by state, sustained. |
| R-279 | Objection by state, sustained. |
| R-285 | Objection by state, sustained. |
| R-294 | Motion to dismiss, denied. |
| R-307 | Renewed motions by defendant, denied. |
| R-311 | Renewed motion for lesser included, denied. |
| R-318 | Objection by state, sustained. |
| R-322 | Objection by state, sustained. |
| R-344 | Motion to include lesser charge, denied. |
| RR-3 | Motions after trial, denied. |

13

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Brief of the Appellant on the following by hand delivery, or by placing a copy of the same in the United States Postal Service, postage prepaid, on this the 4th day of April, 2000.

Honorable Ellen Brooks
Montgomery County District Attorney
Montgomery County Courthouse
Montgomery, Alabama  36104

Honorable Bill Pryor
Attorney General of Alabama
11 S. Union Street
Montgomery, Alabama  36130

JOSEPH E. BURKHART[BUR119]
Attorney for Appellant