# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555

**FRANCIS ALLEN LONG, SR.**
Presiding Judge
**H. WARD McMILLAN**
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**JAMES H. FRY**
Judges


RELEASED SEP 2 2 2000 CLERK ALA COURT CRIMINAL APPEALS

Clerk's Office
(334) 242-4590

## MEMORANDUM

CR-99-915                                         Montgomery Circuit Court No. CC99-327

John Willie Minnifield, alias v. State

COBB, Judge

    John Willie Minnifield was convicted by a jury of stalking his wife, Vonciel. § 13A-6-90, Ala. Code 1975. As an habitual offender with eleven prior convictions, he was sentenced to serve a twenty-year term of imprisonment, ordered to pay restitution, and to have no contact with the victim or her family. Minnifield argues on appeal, as he did below, that the trial court erred when it refused to charge the jury on harassment. Because there was no reasonable theory from the evidence to support a charge on harassment, we affirm.
    Section 13A-6-90(a) of the Alabama Code provides, "A person who intentionally and repeatedly follows or harasses another person and who makes a credible threat, either expressed or implied, with the intent to place that person in reasonable fear of death or serious bodily harm is guilty of the crime of stalking." The statute defines "harasses," in part, as engaging in an intentional course of conduct which alarms or annoys a specific person and serves no legitimate purpose, and would cause a reasonable person to suffer substantial emotional distress. § 13A-6-92, Ala. Code 1975.
    Vonciel Minnifield and her children moved from the marital residence in July 1998. They stayed at a hotel for two weeks, then moved into an apartment. The State's evidence established that Minnifield repeatedly followed and harassed Vonciel, with the intent to place her in fear of death or serious bodily harm. For example, Vonciel, her two daughters, an eyewitness, and Minnifield, himself, testified that, on a night in late October 1998, Minnifield kicked in the door of

EXHIBIT C

Vonciel's apartment, while brandishing an axe or hatchet. He struck Vonciel's older daughter in the face when she attempted to protect Vonciel from Minnifield, and he raised the axe over the head of the younger daughter as she cowered in the bathroom. After Vonciel escaped by jumping out of a window, the witnesses, including Minnifield, testified that, still brandishing the axe, he chased Vonciel around the parking lot of the apartment complex. He stopped only when the police arrived and arrested him. Minnifield told a detective that, if he had caught Vonciel, he would have harmed her.

Vonciel and a neighbor testified that, in the same month, they encountered Minnifield while they were driving on a highway. Minnifield yelled at her, threatened to kill her, and attempted to run their vehicle off the road several times. Vonciel escaped on that occasion by driving across the median and traveling to the police department.

Minnifield further admitted at trial that he had tampered with Vonciel's car. The prosecution admitted into evidence threatening notes that Minnifield placed on Vonciel's car, and a letter he sent to Vonciel while he was in jail, in which he acknowledged that he was "breaking the court order by contacting you...."

Several witnesses testified that Minnifield followed Vonciel. On one of these occasions, Minnifield traveled to Auburn, where Vonciel was working at a catered party. Because Minnifield had previously appeared at locations where Vonciel was working, her boss had encouraged her to "get some protection." When she went to the job site in Auburn, Vonciel hired an employee of a guard service to accompany her. Minnifield admitted that he traveled to Auburn, searched for and located Vonciel, and told her he wanted to speak with her. The guard and Vonciel's employer asked Minnifield to leave.

In his closing argument, Minnifield, who appeared pro se, alleged that the State had not proven stalking, because his actions constituted "only disorderly conduct, just something that's in domestic violence of any person that come under the laws of domestic violent when two peoples has different opinion about things." He requested the court to charge the jury on harassment as a lesser included offense, because this was simply "a domestic dispute." However, the trial court stated that the evidence did not warrant charging on harassment as a lesser included offense. The trial court was correct.

Established Alabama law provides that a defendant is entitled to have a trial court charge on a lesser included offense if there is any reasonable theory from the evidence to support the charge. Equally well established is the principle that a trial judge may refuse to instruct on a lesser included offense when it is "clear to the judicial mind" that no reasonable evidence supports the charge. E.g., Butler v. State, CR-99-0189, 2000 WL 572732, at *8 (Ala. Crim. App. Apr. 28, 2000); Williams v. State, CR-98-1734, 1999 WL 1128985, at *19-20 (Ala. Crim. App. Dec. 10, 1999).

While Minnifield argued that his actions were related simply to "a domestic dispute," he acknowledged committing nearly every act alleged by the State's witnesses, including kicking down the door to his wife's apartment and chasing her with an axe. His acts of harassment were numerous, and without question they constituted credible threats which would cause a reasonable person to suffer substantial emotional distress. The evidence simply did not support a lesser included offense, as the trial court correctly found. Therefore, the court did not err when it denied Minnifield's requests for a jury instruction on harassment.

For the foregoing reasons, the judgment of the Circuit Court of Montgomery County is affirmed.

Long, P.J., and McMillan, Baschab, and Fry, JJ., concur