IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN WILLIE MINNIFIELD, #112145, | ) ) ) | |
| Petitioner, | ) ) | CASE NO. |
| v. | ) ) | 2:06-CV-0054-WKW |
| ARNOLD HOLT, et al., | ) ) ) | |
| Respondents. | ) | |

**RESPONSE TO ORDER FOR SUPPLEMENTAL RESPONSE**

In his petition, Minnifield essentially raises only one claim: The evidence was insufficient to prove that he committed the offense of stalking against his former wife. This claim is procedurally defaulted under the Supreme Court's decision in O'Sullivan v. Boerckel, 526 U.S. 838 (1999), because Minnifield failed to comply with Rule 39(c) and (d) of the Alabama Rules of Appellate Procedure when he filed his petition for certiorari review in the Supreme Court of Alabama, and that court refused to review the petition.

In O'Sullivan, the Supreme Court considered the question of whether a defendant must present his claims to the state supreme court in order to fully satisfy the exhaustion requirement. The Court stated that the question on

exhaustion is "[w]hether a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort has properly presented his claims to the state courts. Because we answer this question "no", we conclude that Boerckel has procedurally defaulted his claims." Id. at 848. The Court further stated in O'Sullivan that, "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." Id. at 842.

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 845. "Thus, Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims." Id. at 848.

Minnifield failed to give the state supreme court a full opportunity to review the insufficiency of the evidence claim because he failed to comply with the applicable procedural rules when he filed his petition. Consequently, the failure to properly present this insufficiency of the evidence claim to the Supreme Court of Alabama constitutes a procedural default of the claim.

2

In <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977), the Court said a defendant who failed to comply with state court procedural rules and lost the right to have his claims heard in state court would be precluded from having his claims heard in federal habeas corpus.  In <u>Engle v. Isaac</u>, 456 U.S. 107 (1982), the Court stated a defendant could have the procedurally defaulted claims heard in federal court if he showed "cause and prejudice" for the default.  The Court later held a defendant could also have the procedurally defaulted claims heard if the failure to hear the claims would result in a fundamental miscarriage of justice.  <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991).

The "cause and prejudice" test of <u>Engle v. Issac</u> and <u>Wainwright v. Sykes</u> is in the conjunctive.  Therefore, a defendant must prove both cause and prejudice.

To establish cause excusing a procedural default, a petitioner must show the default resulted from some objective factor external to the defense that prevented him from raising the claim and which cannot be fairly attributable to his own conduct.  "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986).

Minnifield has not attempted to show cause and prejudice from the failure of his claim to be properly presented to the Supreme Court of Alabama. Thus, he has not shown he has a right to have the claim reviewed.

This Court could still reach the merits of Minnifield's defaulted claim, however, to prevent a fundamental miscarriage of justice. See Schlup v. Delo, 513 U.S. 298 (1995).

The miscarriage of justice standard is directly linked to innocence. Id. at 321. Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims that are defaulted. Id. at 315. The miscarriage of justice exception applies where a petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). To meet this standard, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. at 327.

> Schlup observes that:
>
> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare...To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial.

4

Id. at 324.

Minnifield has failed to make the requisite showing. He has presented no evidence nor suggested any exists that could satisfy the difficult standard set forth in Schlup. Minnifield's procedurally defaulted claim is therefore foreclosed from federal habeas review.

It should be noted that the State did not waive any procedural default during the second Rule 32 proceeding when the insufficiency claim was again raised. The trial court denied the petition on successive petition grounds, and the Court of Criminal Appeals affirmed the denial of the petition because the petition was time-barred when it was filed. The court also affirmed the denial because the claim could have been raised on appeal, and because the claim was abandoned on appeal.

Whereas, Minnifield has failed to show that he is entitled to relief on his claim raised in the federal petition, the petition should be denied.

        Respectfully submitted,

        Troy King – KIN047
        *Attorney General*
        State of Alabama


        s/James B. Prude
        James B. Prude (PRU005)
        Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>14th</u> day of April, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the foregoing to the following non-CM/ECF participants: <u>John Willie Minnifield, AIS #112145, Bullock County Correctional Facility, PO Box 5107, Union Springs, AL 36089-5107.</u>

        s/James B. Prude
        James B. Prude (PRU005)
        Office of the Attorney General
        Alabama State House
        11 South Union
        Montgomery, AL  36130-0152
        Telephone:  (334) 242-7300
        Fax:  (334) 242-2848
        E-Mail:  JPrude@ago.state.al.us

121263/90351-001