# STATE OF ALABAMA
# COURT OF CRIMINAL APPEALS



March 10, 2005

CR-04-1101

John Willie Minnifield v. State of Alabama  (Appeal from Montgomery Circuit Court: CC99-327.61)

---

## INFORMATIONAL NOTICE TO THE PARTIES

You are hereby notified that an appeal has been docketed in the above cause.  All future correspondence to this Court should refer to the case number appearing above.  Your attention is specifically directed to several important provisions of the Alabama Rules of Appellate Procedure (Ala.R.App.P.).  Failure to fully comply with the provisions set out below and all other applicable procedural rules could result in the dismissal of your appeal.

## FILING PAPERS AND DOCUMENTS WITH THE COURT (Rule 25, Ala.R.App.P.):

All papers and documents permitted or required to be filed in proceedings in the Court of Criminal Appeals shall be filed with the Clerk of the Court of Criminal Appeals.  Filings may be accomplished by mail, but the item mailed shall not be deemed filed until it is received by the Clerk unless certified, registered, or express mail of the United States is utilized, in which event the item shall be deemed filed on the day of mailing.  Any item presented for filing that does not contain proof of service on opposing parties shall be deemed to be conditionally filed.  See proof of service below.

## PROOF OF SERVICE ON OPPOSING PARTY (Rules 25 and 28(a)(12), Ala.R.App.P.):

All papers or documents presented for filing with the Court of Criminal Appeals must contain proof that a copy of said document was served on all other parties to the action at or before the time it is presented for filing, or the document will be deemed to have been conditionally filed pursuant to Rule 32(c)(2) of the Alabama Rules of Appellate Procedure.  Service on the other parties may be by mail or personal service and, if service is by mail, service is deemed complete upon the date of mailing.  Proof of service by the filing party shall be in the form of 1) a signed  statement wherein the person who made service certifies the date and the manner the document was served on all other parties and shall include the names of the persons served and their addresses or 2) a signed acknowledgment of service by each party that has been personally served.

## SUPPLEMENTING AND/OR CORRECTING THE RECORD (Rule 10(g), Ala.R.App.P.):

If the clerk's portion of the record on appeal is incomplete or if any portion of the proceedings specifically designated on the reporter's transcript order is omitted or incorrectly reflects what occurred in the trial court, the appellant has 14 days after the date shown on the clerk's certificate of completion of the record on appeal to file a motion in accordance

# INFORMATIONAL NOTICE TO THE PARTIES

with Rule 10(g), Ala.R.App.P., to supplement or correct the record on appeal. This motion must be filed with the clerk of the trial court, and the appellant must mail a copy of the motion to the Clerk of the Court of Criminal Appeals and to all other parties. The appellant must state on each copy of the motion the date the motion was filed with the clerk of the trial court.

## EXTENSIONS OF TIME FOR FILING BRIEFS IN APPEALS (Rule 31(d), Ala.R.App.P.):

One initial 7-day extension of time for filing the brief may be obtained by the appellant or the appellee over the telephone by calling the clerk's office or by filing a written motion within the time originally prescribed for filing the brief; however, all subsequent requests for extensions by an appellant or an appellee must be made by written motion filed within the period of the extension. Furthermore, any initial request for an extension or enlargement in excess of 7 days must be made by written motion filed within the time originally prescribed. Such motions must be supported by good cause shown. A heavy workload will not be considered as good cause. Note: All requests for an extension of time to file a "reply brief," regardless of the length of time requested, must be made by written motion filed within the time originally prescribed.

di

**Lane W. Mann, Clerk**
**Court of Criminal Appeals**

# IN THE SUPREME COURT OF ALABAMA



May 17, 2002

**1010694**

Ex parte John Willie Minnifield. PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS (In re: John Willie Minnifield v. State of Alabama) (Montgomery Circuit Court: CC-99-327.60; Criminal Appeals : CR-00-1167).

## CERTIFICATE OF JUDGMENT

### Writ Denied

The above cause having been duly submitted, IT IS CONSIDERED AND ORDERED that the petition for writ of certiorari is denied.

**Writ Denied - No Opinion**

BROWN, J. - Moore, C.J., and See, Harwood, and Stuart, JJ., concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.

Witness my hand this 17th day of May, 2002

Clerk, Supreme Court of Alabama

/rb

# SUPREME COURT OF ALABAMA

Robert G. Esdale
 Clerk
Lynn Knight
 Assistant Clerk



Office of the Clerk
300 Dexter Avenue
Montgomery, AL 36104-3741
(334) 242-4609

## 1041698

Ex parte John Willie Minnifield. PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS (In re: John Willie Minnifield v. State of Alabama) (Montgomery Circuit Court: CC99-327.61; Criminal Appeals : CR-04-1101).

### NOTICE

You are hereby notified that your case has been docketed. Future correspondence should refer to the above Supreme Court case number. The petition for writ of certiorari was filed with the Supreme Court on 08/02/2005

### AMENDMENTS TO THE RULES OF APPELLATE PROCEDURE

Counsel and parties should review recent amendments to the Alabama Rules of Appellate Procedure, effective June 1, 2005. The amendments can be found in The Southern Reports, Second series, volume numbered 888-890. The amendments can also be found under "Rule Changes" at the Judicial System website at www.judicial.state.al.us.

Appellate Mediation: On July 17, 2003, the Supreme Court of Alabama adopted Rule 55, Alabama Rules of Appellate Procedure, which provides for appellate mediation of civil cases. On January 6, 2004, the Supreme Court of Alabama adopted the Alabama Appellate Mediation Rules. The rules can be accessed at http://www.judicial.state.al.us. Any counseled civil case may be referred to appellate mediation by the Appellate Mediation Administrator.

Form Requirements for Documents filed with the Court: Certain amendments to the Alabama Rules of Appellate Procedure can be found in the volume of the Alabama Reporter containing cases from 798-804 So.2nd. The most recent appellate rules amendments can be found in the volume of the Alabama Reporter containing cases from 888 - 890 So.2nd.

```
    Please note that Rule 32(a)(5) requires that briefs be set
in Courier New 13.  See Rule 32(a)(5), Ala. R. App. P., as
amended.  This paragraph is typed in Courier New 13.
```

Signature on Briefs: Newly adopted Rule 25A, Alabama Rules of Appellate Procedure, requires that appellate documents be signed by at least one attorney of record or, in a case in which the party is proceeding pro se, by the party. The rule provides that any unsigned document shall be stricken unless the omission is promptly corrected after it is called to the attention of the attorney or party filing it.

## IN THE ALABAMA COURT OF CRIMINAL APPEALS

| | |
|---|---|
| JOHN WILLIE MINNIFIELD, | ) |
| Appellant, | ) |
| vs. | ) CASE NO. 04-1101 |
| STATE OF ALABAMA, | ) |
| Appellee. | ) |

## MOTION FOR 7-DAY ENLARGEMENT OF TIME
## TO FILE BRIEF FOR THE STATE

Comes now the Appellee, State of Alabama, and moves this Honorable Court for an Order granting Appellant an enlargement of seven days from May 31, 2005, to file its brief in the above-styled cause. As grounds for said enlargement of time, Appellant shows the following:

1. This is a case in which the defendant was convicted of stalking his wife in the Montgomery County Circuit Court.

2. Appellee needs additional time to prepare a full and thorough brief.

3. Undersigned counsel had additional filings in the Supreme Court of Alabama, United States District Court and the Court of Appeals for the Eleventh Circuit.

4. An enlargement of seven days is necessary in order for Appellee to adequately and concisely prepare its brief in this matter.

5. Appellee submits no prejudice will result to Appellant from the grant of this motion.

WHEREFORE, THE PREMISES CONSIDERED, the Appellant respectfully requests its time to file a brief be enlarged pursuant to Rule 26(b), A.R.A.P., after one seven day extension, up to and including June 7, 2005.

Respectfully submitted,

Troy King
*Attorney General*

*/s/ James B. Prude*
James B. Prude
*Assistant Attorney General*

2

## CERTIFICATE OF SERVICE

I hereby certify on this 31st day of May, 2005, I served a copy of the foregoing on the Petitioner, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

> John Minnifield
> AIS# 112145
> Bullock Correctional Facility
> P.O. Box 5107
> Union Springs, Al 36089-5107

_____
James B. Prude
Assistant Attorney General

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama 36130-0152
(334) 242-7300

3

| State of Alabama Unified Judicial System Form ARAP-1C  8/91 | REPORTER'S TRANSCRIPT ORDER -- CRIMINAL See Rules 10(c) and 11(b) of the Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number CC-99-0327.61 |

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

☒ CIRCUIT COURT  ☐ DISTRICT COURT  ☐ JUVENILE COURT OF  Montgomery  COUNTY

John Willie Minnifield _____, Appellant

V.  ☒ STATE OF ALABAMA  ☐ MUNICIPALITY OF _____

Case Number: C.C-99-0327.61 TMH
Date of Judgment/Sentence/Order: 28th day of Jan, 2005
Date of Notice of Appeal
Oral: _____  Written: 2-19-05
Indigent Status Granted: ☒ Yes  ☐ No

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, *CODE OF ALABAMA 1975*).

/Signature _____  Date _____  Print or Type Name _____

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

MARK PROCEEDINGS REQUESTED:

COURT REPORTER(S)

A. ☐ TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately.

B. ☐ ORGANIZATION OF THE JURY - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

C. ☐ ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

[Stamp: FEB 2005 FILED Melissa Rittenour Circuit Clerk]

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

| ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
|---|---|---|
| D. Transcript of Sentencing Proce. | 8th-3-2000 | Dub Harris |
| E. | | |
| F. | | |
| G. | | |

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

/Signature John Willie Minnifield   Date 2-19-05   Print or Type Name John Willie Minnifield

DISTRIBUTION: Original filed with Clerk of Trial Court and copies mailed to: (1) Clerk of the Court of Criminal Appeals, (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript.

| State of Alabama<br>Unified Judicial System<br>Form ARAP-26 (front)   8/91 | COURT OF CRIMINAL APPEALS<br>DOCKETING STATEMENT | Criminal Appeal Number<br>_____ - _____ |

**A. GENERAL INFORMATION:**

☒ CIRCUIT COURT   ☐ DISTRICT COURT   ☐ JUVENILE COURT OF   **MONTGOMERY** COUNTY

**JOHN WILLIE MINNIFIELD**, Appellant

v.   ☒ STATE OF ALABAMA   ☐ MUNICIPALITY OF _____

| Case Number<br>CC-99-0327.61 | Date of Complaint or Indictment<br>NOV. 2004 | Date of Judgment/Sentence/Order<br>28th day of January, 2005 |
| Number of Days of Trial/Hearing<br>4½ Days | Date of Notice of Appeal<br>Oral: | Written: 2/19th day of 2005 |
| Indigent Status Requested: ☒ Yes ☐ No | | Indigent Status Granted: ☒ Yes ☐ No |

**B. REPRESENTATION:**

Is Attorney Appointed or Retained?   ☐ Appointed   ☐ Retained.   If no attorney, will appellant represent self?   ☒ Yes  ☐ No

Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary)   Telephone Number
**PRO SE JOHN WILLIE MINNIFIELD**

| Address<br>POST OFFICE BOX 5107 | City<br>UNION SPRINGS | State<br>AL. | Zip Code<br>36089 |

**C. CODEFENDANTS:** List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
| Codefendant | Case Number |
| Codefendant | Case Number |

(FEB 2005 FILED Melissa Rittenour Circuit Clerk)

**D. TYPE OF APPEAL:** Please check the applicable block.

1. ☒ State Conviction         4. ☐ Pretrial Order          7. ☐ Juvenile Transfer Order   10. ☐ Other (Specify)
2. ☒ Post-Conviction Remedy   5. ☐ Contempt Adjudication   8. ☐ Juvenile Delinquency      _____
3. ☐ Probation Revocation     6. ☐ Municipal Conviction    9. ☐ Habeas Corpus Petition

**E. UNDERLYING CONVICTION/CHARGE:** Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1. ☐ Capital Offense - § _____      6. ☐ Trafficking in Drugs - § _____     11. ☐ Fraudulent Practices - § _____
2. ☐ Homicide - § _____             7. ☐ Theft - § _____                    12. ☐ Offense Against Family - § _____
3. ☐ Assault - § _____              8. ☐ Damage or Intrusion                 13. ☐ Traffic - DUI - § _____
4. ☐ Kidnapping/Unlawful                to Property - § _____                14. ☐ Traffic - Other - § _____
      Imprisonment - § _____        9. ☐ Escape - § _____                   15. ☐ Miscellaneous (Specify):
5. ☐ Drug Possession - § _____     10. ☐ Weapons/Firearms - § _____              **STALKING** - § _____

**F. DEATH PENALTY:**
Does this appeal involve a case where the death penalty has been imposed?   ☐ Yes   ☒ No

**G. TRANSCRIPT:**
1. Will the record on appeal have a reporter's transcript?   ☒ Yes   ☐ No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed. **2-19-05** (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk?   ☒ Yes   ☐ No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions?   ☒ Yes   ☐ No
   NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

Friday, May 07, 2004 @ 11:45 p.m.

Dear John,

I apologize for not writing to you sooner. So much has happened since I las wrote to you.

My family is doing good. Darren & the boys are going fishing alot. They says, "Hello". Chris always asks about you. He written you a letter. I will mail it to you along with some pictures.

Back in November of last year, we had our Thanksgiving Family Reunion. Me, Von, Nell, Desiree, and Sharon Biological came home. That was my first time ever seeing him. My mind is at peace now by me seeing him. Von looks alot like him. We all have his eyes and I have his hair. Von is crazy about him even though he was a stranger to the rest of us.

Remember Baby-sister son, "Bruce", he got shot, killed father just around the corner from us back in December. I went around the corner on Baxter Road and saw him dead on the ground along with alot of more people! It was devestating!

Sharon is in Iraq & is hanging in there day by day! Mom is at

her house with Muffy & Ashley. They are doing good. I'll send you a copy of some pictures they sent to me. They have grown up.

Nell & Adam is doing great! Evonne, & her family is doing fine, Torri & her boys are doing good, Roderick & his family is doing good, Clemmitha & her family is doing good, LAVERNE is doing good, she made "Warrent Officer" and is in Virginia in school. Mom is keeping her two little girls until she graduate this month on the 19th.

Lisa kids dad, was killed in a car accident this past Sunday 05-02-04. She's taking his death real hard.

Uncle Fred is doing fine. He broke his ankle later part of last year & was hopping around here on crutches & a cast for 2 months.

John, I hope you will get everything in your favor. Munchie found out that you was writing me and made the comment, "John know he's not suppose to be talking or communicating with anyone in my family."

I told her that you never-ever did anything to ~~pay~~ me & my family. You always done good & been a great Uncle to my kids. I also told her that she was wrong for lying on you just to have you locked-up

again, so she can do what ever she wants to out in the streets.

We all know John, that you was the "ONLY" man to help my sister and her kids and you loved Von. We knows this. Whether she likes it or not, I'm going to write you. You can call me okay. I've changed jobs (less stressfull). So I work from 8am to 6pm Mondays thru Fridays, and I'm off on the weekends. So feel free to call me.

I'm also glad to here that your son will be returning to the U.S. Hopefully he'll be able to help you get out. I'll be praying for you. Please let me know if I can be of any help. Take care of yourself and I'll write you soon.

Love your Sister-n-law,
Freda.

P.S. Dana & Jason is okay, doing good. Dana is pregnant again. Your grandson is doing good. I'll send you some pictures of all of us soon.

Freda

Phone # 0-334-396-3648