IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHN WILLIE MINNIFIELD, )
#112145, )
                                      )
        Petitioner, )
                                      )    CASE NO.
v.                                       )    2:06-CV-0054-WKW
                                      )
ARNOLD HOLT, et al., )
                                      )
        Respondents. )

**RESPONSE TO ORDER FOR
SUPPLEMENTAL RESPONSE**

In the order of May 2, 2006, the Court ordered the Respondents to respond to claims made in Minnifield's April 28, 2006. The Court found that Minnifield's petition alleged that any procedural default of his claims in state court was due to appellate counsel's failure to raise the claims on direct appeal. The Court also concluded that Minnifield sought to excuse the procedural default on the ground that he is actually innocent of the crime.

(A)

## A Claim Of Ineffective Assistance Of Appellate Counsel Cannot Be Used As An Excuse For The Procedural Default Because Minnifield Also Defaulted On That Claim.

This claim should be procedurally defaulted because it was not properly raised throughout his state court proceedings. Minnifield raised an ineffective assistance of counsel claim in his first Rule 32 petition, but did not raise the claim on direct appeal from the denial of the petition. The state court did not consider this claim on the appeal because it considered claims that were raised in a petition, but not pursued on the appeal, to be abandoned claims. See Charest v. State, 854 So.2d 1102, 1105-1106 (Ala.Crim.App. 2002).

Minnifield also raised the ineffective assistance of appellate counsel claim in his second Rule 32 petition, but did not raise the claim on appeal from the denial of the petition. Again, the state court did not consider this claim on the appeal because it considered the claim to be an abandoned claim.

In Hill v. Jones, 81 F.3d 1015, 1029 (11th Cir.1996), the Court noted:

> In Carrier, the Supreme Court recognized that when counsel is ineffective under the standard of Strickland v. Washington, this may serve as cause within the meaning of Wainwright v. Sykes. Carrier, 477 U.S. at 488, 106 S.Ct. at 2645. The Court cautioned, however, that the exhaustion doctrine generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.

2

The Court further noted in Hill:

> To the contrary, we conclude Carrier and the rest of the Supreme Court's jurisprudence on procedural default dictate that procedurally-defaulted claims of ineffective assistance cannot serve as cause to excuse a default of a second claim.

Hill, 81 F.3d at 1029.

> We therefore agree with the Fourth Circuit that Carrier stands for more than a petitioner must simply exhaust a claim of ineffective assistance before raising it as cause. Instead, Carrier requires a claim of ineffective assistance be both exhausted and not defaulted in state court before it can be asserted as cause.

Hill, 81 F.3d at 1030-1031.

Minnifield defaulted on his ineffective assistance of counsel claim because he did not properly present it to the state court. Consequently, Minnifield cannot use ineffective assistance of counsel as an excuse for the procedural default unless he provides cause for his failure to failure to properly raise the ineffective assistance of counsel claim in state court.

### (B)

**Minnifield Is Not Entitled To Rely Upon A Claim Of Actual Innocence To Excuse His Procedural Default Because He Has Not Presented Any Evidence That He Is Actually Innocent.**

Under the fundamental miscarriage of justice exception to the procedural default doctrine, a federal court may grant relief on a procedurally defaulted claim

3

if the habeas defendant can prove that he is actually innocent of the crime. "[W]here a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." Johnson v. Dugger, 911 F.2d 440, 456 (11th Cir. 1990), citing Murray v. Carrier, 477 U.S. 478, 496 (1986). "The miscarriage of justice exception is concerned with actual as compared to legal innocence." High v. Head, 209 F.3d 1257, 1270(11th Cir.2000). "To be credible," a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence ... that was not presented at trial." Schlup v Delo, 513 U.S. 298, 324 (1995). "The miscarriage of justice standard that a petitioner must meet differs depending on the challenge brought by the petitioner. If the petitioner claims actual innocence of the underlying crime, he must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent.... (Citations omitted). More specifically, the petitioner must demonstrate "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." High v. Head, 209 F.3d at 1270.

Minnifield has not presented any evidence that was not known or submitted at his trial. He merely asserts that his wife is a thief, a "crackhead", a liar and a manipulator. These are arguments that he made--or should have made—during his

4

trial proceedings. These arguments, however, do not present any new evidence and do not prove that he is innocent of the charge for which he was convicted. Minnifield has not presented any new credible evidence to prove his claim of innocence; consequently, he is not entitled to rely upon a claim of actual innocence as an excuse for his failure to properly present his ineffective assistance of appellate counsel claim--or any other procedurally defaulted claim—to the state courts.

## EXHIBITS

1) Copy of Memorandum opinion on the first Rule 32, Exhibit D;

2) Copy of state's brief on Second Rule 32 petition, Exhibit E;

3) Copy of Memorandum opinion on the second Rule 32, Exhibit F.

Respectfully submitted,

Troy King – KIN047
*Attorney General*
State of Alabama


s/James B. Prude
James B. Prude (PRU005)
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>16th</u> day of May, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the foregoing to the following non-CM/ECF participants: <u>John Willie Minnifield, AIS #112145, Bullock County Correctional Facility, PO Box 5107, Union Springs, AL 36089-5107.</u>

                          s/James B. Prude
                          James B. Prude (PRU005)
                          Office of the Attorney General
                          Alabama State House
                          11 South Union
                          Montgomery, AL  36130-0152
                          Telephone:  (334) 242-7300
                          Fax:  (334) 242-2848
                          E-Mail:  JPrude@ago.state.al.us

132211/90351-001