# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555



H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

MEMORANDUM

CR-00-1167            Montgomery Circuit Court No. CC-99-327.60

John Willie Minnifield v. State of Alabama

SHAW, Judge.

John Willie Minnifield appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his 2000 conviction for stalking and his resulting sentence, as a habitual offender with 11 prior felony convictions, of 20 years' imprisonment. This Court affirmed Minnifield's conviction and sentence on direct appeal in an unpublished memorandum issued on September 22, 2000. See Minnifield v. State, (CR-99-0915) ___ So. 2d ___ (Ala. Crim. App. 2000). A certificate of judgment was issued on November 29, 2000.

Minnifield filed the present petition on January 10, 2001. The petition is disjointed and virtually incoherent. However, as best we can discern, Minnifield appears to allege:

    1.    That the State withheld the affidavit and complaint by the victim alleging that he had stalked her, in violation of Brady v. Maryland, 373 U.S. 83 (1963);

    2.    That the State struck jurors on the basis of race, in violation of Batson v. Kentucky, 476 U.S. 79 (1986);

    3.    That the trial court improperly questioned witnesses outside of his presence;

    4.    That no witness testified to having seen him



stalk the victim;

5. That the State's closing argument was improper;

6. That the State failed to give him notice of its intent to invoke the Habitual Felony Offender Act;

7. That the State fabricated an NCIC report and "falsified cases" before the grand jury;

8. That his conviction violated the principles of double jeopardy because there were "city cases" pending; and

9. That his indictment was defective.

After receiving a response from the State, the circuit court summarily denied Minnifield's petition on February 20, 2001.

None of Minnifield's claims are pleaded with sufficient specificity to warrant relief. Rule 32.3, Ala.R.Crim.P., states that "[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief." Rule 32.6(b), Ala.R.Crim.P., states that "[t]he petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." Minnifield's claims are nothing but bare allegations unsupported by any factual basis. Therefore, Minnifield has failed to satisfy the pleading requirements of Rule 32.3 or the specificity requirements of Rule 32.6(b).

In his petition, and on appeal, Minnifield appears to argue that all of the above-listed claims are "newly discovered evidence." However, notwithstanding Minnifield's argument, it is clear that none of the claims constitute newly discovered evidence as that term is defined in Rule 32.1(e), Ala.R.Crim.P.

In addition, claims 2 through 7, as set out above, are procedurally barred by one or more of the provisions in Rule 32.2(a), Ala.R.Crim.P., and claim 9, as set out above -- that the indictment was defective -- is meritless. Minnifield appears to contend that his indictment was defective because, he says, it did not state the date or location of the crime. Rule 13.2(d), Ala.R.Crim.P., provides: "It is not necessary to state [in the indictment] the precise time or date at which or on which the offense is alleged to have been committed, or

-2-

the place where the offense is alleged to have been committed, unless the time or place is a material element of the offense." Neither the date nor location is a material element of the offense of stalking and, therefore, neither has to be alleged in the indictment. See § 13A-6-90(a), Ala. Code 1975 ("A person who intentionally and repeatedly follows or harasses another person and who makes a credible threat, either expressed or implied, with the intent to place that person in reasonable fear of death or serious bodily harm is guilty of the crime of stalking."). See also <u>Morton v. State</u>, 651 So. 2d 42, 47 (Ala. Crim. App. 1994) ("The harassment envisioned by the stalking statute involves a 'course of conduct,' which is defined as '[a] pattern of conduct composed of a series of acts over a period of time which evidences a continuity of purpose.' § 13A-6-92(a).").

Based on the foregoing, the judgment of the circuit court is affirmed.

Affirmed by memorandum.

McMillan, P.J., and Cobb, Baschab, and Wise, JJ., concur.