CR-04-1101

## In the COURT of CRIMINAL APPEALS of ALABAMA

———————◆———————

JOHN WILLIE MINNIFIELD,

*Appellant,*

v.

STATE OF ALABAMA,

*Appellee.*

———————◆———————

*On Appeal from the Circuit Court of Montgomery County (CC-99-327.61)*

---

### BRIEF OF APPELLEE

Troy King
*Attorney General*

P. David Bjurberg
*Assistant Attorney General*

James B. Prude
*Assistant Attorney General*
Counsel of Record*

Attorneys for Appellee

Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery, Alabama  36130-0152
(334) 242-7300*

June 7, 2005


EXHIBIT
E

## STATEMENT REGARDING ORAL ARGUMENT

The State does not believe that oral argument will materially assist the Court in deciding the issue presented in this case.

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT .......................... i

TABLE OF CONTENTS ......................................... ii

TABLE OF AUTHORITIES .................................... iii

STATEMENT OF THE CASE .................................... 1

ISSUE PRESENTED FOR REVIEW ............................... 5

STATEMENT OF THE FACTS ................................... 5

STATEMENT OF THE STANDARD OF REVIEW ...................... 5

SUMMARY OF THE ARGUMENT .................................. 6

ARGUMENT ................................................. 6

  The Trial Court Properly Denied Review Of Minnifield's
  Petition Because It Was Successive, Filed Outside The
  One-Year Limitation Period and Without Merit. ........... 6

CONCLUSION ............................................... 9

CERTIFICATE OF SERVICE .................................. 10

## TABLE OF AUTHORITIES

**Rules**

ARCrP,

Rule 32.2(b) ........................................... 7

Rule 32.2(c) ........................................... 7

## STATEMENT OF THE CASE

Petitioner, John Willie Minnifield, filed this Petition For Relief From Conviction Or Sentence Pursuant to Rule 32 of the Alabama Rules of Criminal Procedure, in the Montgomery County Circuit Court on November 19, 2004, challenging his conviction for stalking obtained in that court on February 10, 2000.  (C. 5, 12)  This Court affirmed the conviction.  Minnifield v. State, CR-99-915 (Ala. Crim. App. Sep. 22, 2000)(Mem. Op.).  The Supreme Court of Alabama denied the petition for certiorari review on November 29, 2002.

Minnifield alleged that the trial court was without jurisdiction to render the judgment or to impose the sentence.  He also alleged that the sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.  Additionally, he alleged that newly discovered material facts exist which require that the conviction or sentence be vacated by the court.  (C. 9)  In the brief in support of the petition, he alleged that he was convicted of stalking by a jury that excluded black males from the jury.  (C. 16)  He also alleged that the evidence was insufficient to convict him of stalking his

wife in violation of Section 13A-6-90 of the Code of Alabama. (C. 16) He also alleged that the prosecutor engaged in misconduct by intentionally misleading the jury with his closing argument. (C. 17) He also alleged that the prosecutor intentionally struck all black males on the jury. (C. 17) Minnifield also alleged that pretrial counsel did not properly represent him or investigate the case until he filed a motion to remove counsel from the case. (C. 18) Minnifield also alleges that, although he discharged his trial counsel, the trial court denied him an opportunity to withdraw his waiver of the right to counsel. (C. 18) He also alleged that the trial court did not give him a Faretta hearing when it granted his Motion to Remove Counsel from the case, which was granted ten minutes before trial or the selection of the jury. (C. 18) He alleges that the trial court failed to inform him that he had the right to ask for counsel at any time during the proceedings. (C. 18) Minnifield also alleged that he was denied a fair trial and due process because the State and trial court intentionally entertained perjured testimony from witnesses. (C. 21) Finally, he alleged that

appellate counsel was ineffective because he raised only one issue on appeal.  (C. 22)

In its Answer, the State alleged that the petition should not be reviewed because it was a second or successive petition under Rule 32.2(b) of the Alabama Rules of Criminal Procedure.  The State also alleged that the claims contained in the petition were raised or addressed at trial or on direct appeal, and were precluded from review under Rule 32.2(a)(2) and (4) of the Alabama Rules of Criminal Procedure.  (C. 24, 25)  The State also alleged that the petition was barred by the limitation period contained in Rule 32.2(c) of the Alabama Rules of Criminal Procedure.  (C. 25)

On January 28, 2005, Circuit Judge Truman Hobbs denied relief on the petition.  (C. 86)  Judge Hobbs found that this was a second Rule 32 petition, and that most of the claims were barred by Rule 32.2(b) of the Alabama Rules of Criminal Procedure.  He also found that the claims were barred by the limitation period contained in Rule 32.2(c).  (C. 86)  In addition, he found that the petition lacked the specificity mandated by Rule 32.6(b).  (C. 86)

Judge Hobbs specifically found that the <u>Batson</u> claim was successive because it was raised in an earlier petition. He also found that the <u>Batson</u> claim was raised untimely. (C. 87) Judge Hobbs also ruled that Minnifield could not relitigate the merits of the stalking charge in this Rule 32 proceedings. (C. 87) Judge Hobbs also found that Minnifield failed to state why this claim was not raised in the previous petition. (C. 87) Judge Hobbs denied relief on Minnifield's claim that he was not represented by counsel at trial because the claim could have been raised in the previous petition. In addition, Judge Hobbs found that the claim was without merit because Minnifield demanded the right to represent himself at trial. Judge Hobbs found that Judge Greenhaw, the trial judge, carefully explained to Minnifield the hazards of proceeding pro se, and required appointed counsel to remain with Minnifield throughout the trial. (C. 87)

On February 25, 2005, Minnifield gave Written Notice of Appeal. (C. 88)

4

## ISSUE PRESENTED FOR REVIEW

Did the trial court properly deny relief on Minnifield's petition where it was successive, filed outside the one-year limitation period, and without merit?

## STATEMENT OF THE FACTS

The Statement of the Case contains essentially the facts of the proceedings in the trial court.  The Statement of the Case is hereby adopted as the Statement of the Facts.

## STATEMENT OF THE STANDARD OF REVIEW

The standard of review is whether the trial court abused its discretion by denying the petition.  "The standard of review on appeal in a post conviction proceeding is whether the trial judge abused his discretion when he denied the petition."  Strickland v. State, 771 So. 2d 1123, 1125 (Ala. Crim. App. 1999), citing Ex parte Heaton, 542 So. 2d 931 (Ala. 1989).

## SUMMARY OF THE ARGUMENT

The trial court properly denied review of this petition because it was successive, outside the one-year limitation period, and without merit.

## ARGUMENT

### The Trial Court Properly Denied Review Of Minnifield's Petition Because It Was Successive, Filed Outside The One-Year Limitation Period and Without Merit.

In its Response to Minnifield's petition, the State alleged that Minnifield had filed a previous petition attacking this conviction.  (C. 24) The trial court found that this petition was barred by Rule 32.2(b) because it was the second petition filed by Minnifield in this matter. (C. 86) The court found that the Batson claim was successive because it was raised in the previous petition. (C. 87) The trial court also found that the petition was time-barred under Rule 32.2(c), and failed to give the required specificity required by Rule 32.6(b). (C. 86) The trial court's denial of relief is due to be affirmed because this petition is successive.

6

Rule 32.2(b) of the <u>Alabama Rules of Criminal</u>

<u>Procedure</u>, provides:

> The court shall not grant relief on a second or
> successive petition on the same or similar grounds
> on behalf of the same petitioner. A second or
> successive petition on different grounds shall be
> denied unless the petitioner shows both that good
> cause exists why the new ground or grounds were
> not known or could not have been ascertained
> through reasonable diligence when the first
> petition was heard, and that failure to entertain
> the petition will result in a miscarriage of
> justice.

Minnifield has not shown that the failure to entertain

his claims would result in a miscarriage of justice.

Consequently, the trial court properly denied review of his

petition.

Furthermore, the trial court properly refused to grant

relief on the claims contained in the petition because the

petition was filed outside of the one-year limitation

period.  Rule 32.2(c) of the <u>Alabama Rules of Criminal</u>

<u>Procedure</u> provides:

> (c) Limitations Period.  Subject to the
> further provisions hereinafter set out in this
> section, the court shall not entertain any
> petition for relief from a conviction or sentence
> on the grounds specified in Rule 32.1(a) and (f),
> unless the petition is filed:  (1) In the case of
> a conviction appealed to the Court of Criminal
> Appeals, within one (1) year after the issuance of
> the certificate of judgment by the Court of

7

Criminal Appeals under Rule 41, Ala.R.App.P.;  or
(2) in the case of a conviction not appealed to
the Court of Criminal Appeals, within one (1) year
after the time for filing an appeal lapses.  The
court shall not entertain a petition based on the
grounds specified in Rule 32.1(e) unless the
petition is filed within the applicable one-year
period specified in the first sentence of this
section, or within six (6) months after the
discovery of the newly discovered material facts,
whichever is later; provided, however, that the
one-year period during which a petition may be
brought shall in no case be deemed to have begun
to run before the effective date of the precursor
of this rule, i.e., April 1, 1987.

Minnifield's conviction was obtained on February 10,
2000. (C. 5) The Supreme Court of Alabama denied his
petition for writ of certiorari on November 29, 2000. This
petition was filed on November 19, 2004. (C. 12) Clearly,
the one-year period expired before this petition was filed.

Minnifield's claim that he was forced to proceed to
trial without counsel, and that Judge Greenhaw did not hold
a Faretta hearing before she allowed him to represent
himself, is without merit. The trial court found that
Minnifield demanded to represent himself at trial. The
trial court further found that Judge Greenhaw explained the
hazards of proceeding pro se, and then required appointed
counsel to remain and assist Minnifield. (C. 87)

8

## CONCLUSION

The trial court's denial of the petition is due to be affirmed.

Respectfully submitted,

Troy King
*Attorney General*

_____

James B. Prude
*Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify on this <u>7th</u> day of June, 2005, I served a copy of the foregoing on Minnifield, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

      John Willie Minnifield
      AIS# 112145
      Bullock Correctional Facility
      P.O. Box 5107
      Union Springs, Al 36089-5107

_____
James B. Prude
Assistant Attorney General

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama 36130-0152
(334) 242-7300
205777/78344-001