*Prude*
*78344*

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals
State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555


RELEASED
JUL 0 5
CLERK
ALA COURT CRIMINAL APPEALS

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

### MEMORANDUM

CR-04-1101            Montgomery Circuit Court CC-99-327.61

<u>John Willie Minnifield v. State of Alabama</u>

Baschab, Judge.

In 2000, the appellant was convicted of stalking. The trial court sentenced him, as a habitual offender, to serve a term of twenty years in prison. See §13A-5-9, Ala. Code 1975. We affirmed his conviction in an unpublished memorandum and issued a certificate of judgment on November 29, 2000. See <u>Minnifield v. State</u>, (CR-99-0915) 814 So. 2d 1014 (Ala. Crim. App. 2000) (table). On November 22, 2004, the appellant filed a Rule 32 petition, challenging his conviction. After the State responded, the circuit court summarily dismissed the petition. This appeal followed.

The appellant argues that he is entitled to post-conviction relief because:


EXHIBIT
F

    1) the prosecutor allegedly engaged in misconduct;

    2) his pretrial and appellate counsel rendered ineffective assistance;

    3) the trial court did not advise him that he could withdraw his waiver of his right to counsel at any time;

    4) he is actually innocent and the evidence did not support his conviction;

    5) the State and the trial court intentionally allowed the use of perjured testimony;

    6) the record on direct appeal was not complete because it did not include a transcript of his sentencing hearing; and

    7) the State did not give him adequate notice of its intent to seek enhancement of his sentence pursuant to the Habitual Felony Offender Act.[1]

All of the appellant's claims are nonjurisdictional claims that are time-barred. See Rule 32.2(c), Ala. R. Crim. P. Also, Claims 1, 3, 4, 5, and 7 are precluded because he could have raised them at trial and on appeal, but did not. See Rule 32.2 (a)(3) and (5), Ala. R. Crim. P. Finally, Claim 6 is precluded because he could have raised it on appeal, but did not. See Rule 32.2(a)(5), Ala. R. Crim. P. Because the

---

[1] The appellant raised additional claims in his petition. However, he does not pursue them on appeal. Therefore, we deem those arguments abandoned. See Brownlee v. State, 666 So. 2d 91 (Ala. Crim. App. 1995). Also, in his brief, the appellant appears to argue that the State withheld exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). However, he did not present this argument in his original petition. Therefore, it is not properly before this court. See Morrison v. State, 551 So. 2d 435 (Ala. Crim. App. 1989).

2

appellant's claims were precluded, the circuit court properly summarily dismissed his petition.  See Rule 32.7(d), Ala. R. Crim. P.  Accordingly, we affirm the circuit court's judgment.

**AFFIRMED.**

McMillan, P.J., and Cobb, Shaw, and Wise, JJ., concur.