IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

JOHN WILLIE MINNIFIELD,
PETITIONER,

-V-

WARDEN, ARNOLD HOLT, ET, AL.
RESPONDENTS,

CIVIL ACTION NO: 2:06-CV-0054-WKW

RECEIVED
2006 JUN -7 A 11: 01

## IN RESPONSE TO ORDER
## PRO-SE

Comes now the Petitioner, John Willie Minnifiled, in and on his own behalf file this Petition to Supplement the record that's on file... The State of Alabama Attorney General claim there is a procedural default that the Petitioner did not produce to the State Courts thereof the Federal Court has no jurisdiction to entertain Minnifield's Habeas Corpus therefore his Petition shall be dismissed and not presented any evidence of actual innocent or a miscarriage of justice or presented no evidence to support my claim has probably results in one actual innocent.

John Minnifield should not he held to the standard of a license attorney when actual it was not the fault of the Petitioner whereas Appellate Counsel mailed the Criminal Court of Appeals ruling to the wrong address after he had been given a proper address to forward my mail... Yet Appeal Counsel Joseph E. Burkhart sent it to the wrong address thus the decision from the Criminal Court of Appeals Motion for Rehearing was untimely to file Writ of Certiorari to the Alabama Supreme Court through no fault of mines. The only thing I could do was file a writ of Habeas Corpus in the Montgomery County, Alabama Circuit Court which stayed unanswered before Honorable Judge Charles Price for over 2 years... Whereas through due dillenge I written the Court Clerk which was never answered.

The Petitioner then filed a Rule 32 Post Conviction which the Court processed and denied in 2002 the Clerk of the Court sent Notice that the Writ of Habeas Corpus was active and that I had 10 days to file a response for witness and or counsel thus I sent a letter to the Clerk stating my position which was denied before the 10 days was up a miscarriage of justice. The Court was without jurisdiction to rule on the Rule 32 while the Writ of Habeas Corpus was active... The Attorney General Office in trying to get this Court to deny the 2254 but did not claim procedural barred but claimed the one year Statute of Limitation under the A.E.D.P.A. but conceded when I showed proof which the Attorney general had acess to in my file but still trying to mislead this Court.

## UNREASONABLE DETERMINATION

John Willie Minnifield has fought this application from day one the unreasonable of the State Court System afford due process where Petitioner has been challenges the Montgomery County, Alabama Circuit Court and the Appellate Courts based on the claim that the State Courts finding is unsupported by sufficient evidence. The process by the State Court is defective there was no finding of facts to support a guilty verdict until Assistant District Attorney Bailey intentional mislead the jury the record will verify what I am saying in the TR this part of the TR is withheld from the Appellate Court a key aspect of the trial itself... Therefore a presumption of correct attaches as in Maddox v. Taylor, 366 F.3d 1008 it is well settled in the Court System of Alabama.

The Petitioner cites Meller-El v. Dretke, 361 F.3d 849 (5th Cir. 2004) and the record will reveal that Trial Court was prejudice towards John Willie Minnifield as is Taylor v. Madoxx 366 F.3d 999 in every aspect of the record Minnifield challenged the State Proceeding which shows the Court used Unreasonable Determination Clause the State Court findings based entirely on the record (2)

I

Minnifield raised colorable claim of prejudice where there was no act committed the entire TR will show there was no crime commited in challenging the indictment thus the time and place is a material ingredient and element to charged offense thus State use misapplication of law to convict through hatred and prejudice... The 5th Circuit follow 4th Circuit in which has treated actual innocent <u>Maybeck</u>, 23 F.3d 888, 893 applicable to Non Capital Sentencing in the contex of eligibility for application of a career offender or other Habitual Offender guideline provision See: <u>Haley v. Cockrell</u>, 306 F.3d 257, 264 (5th Cir. 2002) 124 S.Ct. 1847 (2004).

    John Willie Minnifield can show this Court a miscarriage of justice by the State of Alabama Court System in every aspect the Appellaint seeks relief in the State Courts before proceeding in Federal Court of this illegal conviction and sentence that infringe on one Constitutional Right to be free from error in State proceeding that knowingly cuts off ones liberty in an unjustified conviction that is in violation of one Rights to a review of John Willie Minnifield Constitutional Rights: the 1st, 5th, 6th, 8th, and 14th Amendments that a fundamental miscarriage of justice of John Willie Minnifield innocent because no crime was committed by cheating manulaped lying wife the State knew of this conspiracy by the wife was untrue See: Court records whereas July 12 the Appelliant was released on bail by the Honorable Sally Greenhaw that same day the wife carried a neighbor son that was 16 years of age before the District Attorney Daryl Bailey and lied to Mr. Bailey this was her godson and I was in part of my bail not to go around the wife or family members... She gotten this kid to go with her to the District Attorney to tell him what she had instilled in his head then a Warrant was issued for my arrest later that day whereas I was following all Court procedures and Orders thus on Monday I had to go before Judge Greenshaw whom locked me back up until that Thursday she had a hearing with the kid Jody Lewis there to correct what was a conspiracy by the wife to keep me locked up thus after a brief hearing I was released when the judge found out she lied the State violated due process by vouching for witness known false testimony in every aspect of these proceeding the State have mislead this Court when the Court Ordered the State to respond to its Order the State never produced the full record as Ordered when the Appelliant had to give the Court copies of everything I filed then the State concede I was right but I failed to file a clear Writ of Mandamus with the Appellate Court... The Appelliant aftert this Court denied without prejudice to allow me to file the Mandamus in the Appeals Court whereas the same Assistant Attorney General responded to the Appeals Court that I was untimely... Yet he tells this Court I could file a Writ of Mandamus thus before that the State never use the procedural bar therefore waiver of the procedural ground.

    Pre-Trial Counsel was so defected in representing John Willie Minnifield had but one choice but to represent self whereas Court would not appoint another counsel... Therefore denial of faretta hearing a defected faretta hearing was so defected that denied the Appellant a fair trial <u>Cordova v. Baca</u>, 346 F.3d 924-926 (9th Cir.) See: TR Counsel John Hartley did not investigate Minnifield's alibi or file for any discovery and waive my preliminary hearing over my objection relied only on State allegation thus counsel withheld bail that was reduced by Court from my family there was no trust or confiding with counsel whom seem to be on District Attorney Bailey side.

    Procedural requirement which will show the Attorney General is only putting up a pretex to deny John Willie Minnifield Constitution Claim Mr. Prude can only use procedural barred the first time he used this claim if the Magistrate thus see the record the Attorney General argument is only on the Rule 32 filed in 2005 he somewhat evading the facts that this been an ongoing transactional in this Court before this Magistrate Judge what the Attorney General is overlooking Habeas Corpus is and has been for centuries a Bulwark against conviction that violates fundamental fairness.

    Mr. Prude seems to forget its overriding obligation to serve the cause of justice when the evidence will show a prudent person that is actual innocent of said charge offense. Mr. Prude seems not to understand the law must serve the cause of justice he feels John Willie Minnifield claim of innocent is just a mere technicality that can be swept under the rug thus we are in a society devoted to the rule of law not a minor detail. The Appelliant has satified <u>O' Sullivan v. Boerckel</u>, 119 S.Ct. 1728 Mr. prude alleged my Federal Habeas Corpus Court should be denied on procedural Rules in event the Magistrate adhere to Attorney General claim of procedural ground where records will show the State Procedural Rule is not firmly established and were not regulary followed. This Court can see from the record Mr. Prude has tried to mislead this Court throughout this proceeding Mr. Prude framed his

analysis of the properly 'filed' inquiry by considering the State filing Rules as they operate at relevant time... See: <u>Wade v. Battle</u>, 2004 U.S. (11th Cir. Aug. 6, 2004) John Willie Minnifield plead with this Court for to clear up this injustice that this State I love so dear is imposing upon one of its citizens by affording Minnifield an evidentiary hearing and supoena witness. Therefore moves this Honorable Court to appointment of counsel to represent the Appellaint John Willie Minnifield.

Respectfully Submitted,

*John W. Minnifield #112145*
John Willie Minnifield, Petitioner
Bullock Correctional Facility
Post Office Box 5107
Union Springs, Alabama 36089-5107

## CERTIFICATE OF SERVICE

I, John Willie Minnifield, hereby certify that on this the 2Nd day of June, 2006 that I have served by United States Mail postage prepaid and address as follows:

*John W. Minnifield #112145*
John Willie Minnifield, Petitioner
Post Office Box 5107
Union Springs, Alabama 36089-5107

CC:   Office of The Attorney General
      Honorable James B. Prude
      11 South Union Street 3rd Floor
      Montgomery, Alabama 36130-0152

File: 6-2-06
      Date

P.S. Sworn Affidavit will be Mailed This Week wheN Notary Return

III