IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN WILLIE MINNIFIELD, #112145, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:06-CV-0054-WKW |
| ) | |
| ARNOLD HOLT, et al., ) | |
| ) | |
| Respondents. ) | |

**ORDER**

On June 7, 2006, the petitioner, John Willie Minnifield ["Minnifield"], filed a response in which he contends that he is not procedurally defaulted on his ineffective assistance of appellate counsel claim because (i) the state courts lacked jurisdiction "to rule on the Rule 32 petition while the [previously filed state] Writ of Habeas Corpus was active[,]" and (ii) the procedural default relied on by the respondents -- failure to raise the claim on appeal from the denial of the Rule 32 petition -- "is not firmly established [nor] regularly followed" such that it supports reliance on the default to bar review of his claim. *Petitioner's June 7, 2006 Response - Court Doc. No. 17* at 1-2. Additionally, Minnifield raises the following new claims for relief: (1) the trial court failed to provide an hearing in accordance with *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), prior to allowing him to represent himself at trial; and (2) pre-trial counsel provided ineffective assistance. The court therefore construes the response to contain a motion to amend the petition. Accordingly, it is

ORDERED that:

1. The motion to amend be and is hereby GRANTED.

2. On or before June 28, 2006 the respondents shall file a supplemental answer which addresses the additional claims and arguments presented by the petitioner in his response. The respondents are advised that in filing their answer they should make specific reference to the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*.

3. No further amendments to the petition shall be filed without permission of the court. The petitioner is therefore advised that if he seeks to present any new claims for relief he must first receive permission of the court via a motion for leave to file an amendment to the petition. The petitioner is ***cautioned*** that no additional claims for relief will be considered by the court unless such claims are identified in a motion for leave to amend properly filed with the court and such motion is granted.

4. Any motion for leave to amend must be filed in this case on or before July 6, 2006. Motions submitted after this date will be considered untimely.

The parties are advised that section 2254(d)(1) of the AEDPA significantly "modifies the role of federal habeas courts in reviewing petitions filed by state prisoners." *Williams v. Taylor,* 529 U.S. 362, 403, 120 S.Ct. 1495, 1518 (2000). In sum, § 2254(d)(1) places new constraints on the power of a federal court to grant a state prisoner's application for habeas corpus relief with respect to those claims adjudicated on the merits in state court. Specifically, the statute allows this court to grant a writ of habeas corpus only "if the relevant state-court decision was either (1) '*contrary to* ... clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) '*involved an unreasonable application of* ... clearly established Federal law, as determined by the Supreme Court of the United States.' (Emphases added.)"

*Williams v. Taylor*, 529 U.S. at 404-405, 120 S.Ct. at 1519. "Under § 2254(d)(1) and the *Williams* decision, [a federal court] can grant relief only if the state court decision denying relief is 'contrary to' clearly established federal law or is an 'unreasonable application' of federal law." *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). In the vast majority of cases, a federal district court will be faced with the contention that the state court unreasonably applied federal law.

> In determining whether the state court's decision is an unreasonable application of the law set out in [applicable] Supreme Court decisions, we need not decide whether we would have reached the same result as the state court if we had been deciding the issue in the first instance. Instead, we decide only whether the state court's decision of the issue is objectively unreasonably. *See Williams v. Taylor*, 529 U.S. 362, 411, 120 S.Ct. 1495, 1522, 146 L.Ed.2d 389 (2000) ("Under §2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."); *Brown v. Head*, 272 F.3d 1308, [1313] (11th Cir. 2001)("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

*Price v. Secretary for the Dept. of Corrections*, 278 F.3d 1245, 1256 (11th Cir. 2002). Additionally, the statute makes it clear that a federal court cannot grant relief with respect to claims adjudicated on the merits by the state courts "unless the adjudication of the claim . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

**Thus, if the respondents contend that this court is precluded from granting habeas relief because claims raised by the petitioner have been properly adjudicated by the state**

**courts in accordance with clearly established Supreme Court precedent, the respondents must identify to this court the Supreme Court authority on which the state court relied in adjudicating petitioner's claims and the decision of the state court on each claim**. **Moreover, if this court is barred from reviewing a petitioner's claims due to his failure to properly present any of the federal claims to the state courts, the respondents shall identify the defaulted claim(s) and provide a basis for the procedural default.**

DONE, this 12th day of June, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE