IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN WILLIE MINNIFIELD, #112145, | ) ) ) |
| Petitioner, | ) ) ) CASE NO. |
| v. | ) 2:06-CV-0054-WKW ) |
| ARNOLD HOLT, et al., | ) ) ) |
| Respondents. | ) |

**RESPONSE TO ORDER FOR SUPPLEMENTAL RESPONSE**

(A)

In his Response filed on June 7, 2006, Minnifield acknowledges that his petition for writ of certiorari filed in the Supreme Court of Alabama was denied on procedural grounds. He alleges, however, that his petition for writ of certiorari was denied because he did not timely file a petition for rehearing in the Alabama Court of Criminal Appeals. He alleges that he did not timely file the petition for rehearing because he did not receive timely notification from his attorney, Hon. John E. Burkhart, that the Alabama Court of Criminal Appeals had denied his appeal. This allegation, in essence, constitutes a claim that his attorney was ineffective for failure to give him timely notice of the denial of his appeal by the Court of Criminal Appeals.

(B)

**This Ineffective Assistance Of Counsel Claim Cannot Be Used As An Excuse For The Procedural Because It Is Also Defaulted.**

As Respondents stated in the Response filed on May 16, 2006, Minnifield is not allowed to rely upon a claim of ineffective assistance of counsel to excuse the failure to file a timely petition for rehearing because he failed to properly exhaust the claim in his Rule 32 petitions. As noted in the May 16th Response, Minnifield raised an ineffective assistance of counsel claim in his first Rule 32 petition, but did not raise the claim on direct appeal from the denial of the petition. The state court did not consider this claim on the appeal because it considered claims that were raised in a petition, but not pursued on the appeal, to be abandoned claims. See Charest v. State, 854 So. 2d 1102, 1105-1106 (Ala. Crim. App. 2002).

Minnifield also raised the ineffective assistance of appellate counsel claim in his second Rule 32 petition, but, again, did not raise the claim on appeal from the denial of the petition. Again, the state court did not consider this claim on the appeal because it considered the claim to be abandoned.

In Hill v. Jones, 81 F.3d 1015, 1029 (11th Cir. 1996), the Court noted:

> In Carrier, the Supreme Court recognized that when counsel is ineffective under the standard of Strickland v. Washington, this may serve as cause within the meaning of Wainwright v. Sykes. Carrier, 477 U.S. at 488, 106 S.Ct. at 2645. The Court cautioned, however, that the exhaustion doctrine generally requires that a claim of ineffective assistance be presented to the state courts as an

2

independent claim before it may be used to establish cause for a procedural default.

The Court further noted in Hill:

> To the contrary, we conclude Carrier and the rest of the Supreme Court's jurisprudence on procedural default dictate that procedurally-defaulted claims of ineffective assistance cannot serve as cause to excuse a default of a second claim.

Hill, 81 F.3d at 1029.

> We therefore agree with the Fourth Circuit that Carrier stands for more than a petitioner must simply exhaust a claim of ineffective assistance before raising it as cause. Instead, Carrier requires a claim of ineffective assistance be both exhausted and not defaulted in state court before it can be asserted as cause.

Hill, 81 F.3d at 1030-1031.

Minnifield defaulted on his ineffective assistance of counsel claim because he did not properly present it to the state court. Consequently, Minnifield cannot use ineffective assistance of counsel as an excuse for the procedural default unless he provides cause for his failure to properly raise the ineffective assistance of counsel claim on the appeals of his Rule 32 petitions. Minnifield, however, has presented no cause for his failure to raise his ineffective assistance of counsel claim on the appeals from the denials of his Rule 32 petitions.

Minnifield's ineffective assistance of counsel claim may still be reviewed if the failure to review the claim would result in a miscarriage of justice. Schlup v. Delo, 513 U.S. 298 (1995). The miscarriage of justice standard is directly linked to

innocence. Id. at 321. Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims that are defaulted. Id. at 315. The miscarriage of justice exception applies where a petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). To meet this standard,

> a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.

Schlup v. Delo, 513 U.S. at 327.

> The court in Schlup observed that
>
> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare…To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial.

Schlup, at 324.

The innocence exception allows a defendant to present defaulted claims if the defendant can show that he is actually (factually) innocent of the crime. Minnifield is not entitled to review of his ineffective assistance of counsel under this exception because he has failed to present any evidence that he is factually innocent.

4

## CONCLUSION

Minnifield simply makes various allegations in his response, but raises nothing to show that he is entitled to have his procedurally defaulted claims heard in this petition. His various allegations are irrelevant in that none explains why he did not properly raise his ineffective assistance of counsel claim on appeal from the denials of his Rule 32 petitions. In consideration of the above, this Court should deny the petition because Minnifield's claims are procedurally defaulted.

        Respectfully submitted,

        Troy King – KIN047
        *Attorney General*
        State of Alabama


        s/James B. Prude
        James B. Prude (PRU005)
        Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of July, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the foregoing to the following non-CM/ECF participants: John Willie Minnifield, AIS #112145, Bullock County Correctional Facility, PO Box 5107, Union Springs, AL 36089-5107.

                                                 s/James B. Prude
James B. Prude (PRU005)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax:  (334) 242-2848
E-Mail:  JPrude@ago.state.al.us

155493/90351-0001