IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN WILLIE MINNIFIELD, #112145, | ) ) ) |
| Petitioner, | ) ) |
| | ) CASE NO. |
| v. | ) 2:06-CV-0054-WKW ) |
| ARNOLD HOLT, et al., | ) ) ) |
| Respondents. | ) |

**RESPONSE TO ORDER FOR SUPPLEMENTAL RESPONSE**

In its Order of July 18, 2006, the Court directed Respondents to address the following claims raised by Minnifield:

(1) he is not procedurally defaulted on his ineffective assistance of appellate counsel claim because

   (i) the state courts lacked jurisdiction "to rule on the Rule 32 petition while the [previously filed state] Writ of Habeas Corpus was active [,]" and

   (ii) the procedural default relied on by the respondents - failure to raise the claim on appeal from the denial of the Rule 32 petition - "is not firmly established [nor] regularly followed" such that it supports reliance on the default to bar this court's review of his claim

(2) the trial court failed to provide a hearing in accordance with *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d

562 (1985), prior to allowing petitioner to represent himself at trial; and

(3) pre-trial counsel provided ineffective assistance.

## I.

## Minnifield's Allegations That His Claims Are Not Procedurally Defaulted Are Without Merit.

### (i)

### The State court did not lack jurisdiction to rule on the Rule 32 petition while Minnifield's petition for writ of habeas corpus was pending in that court.

Minnifield filed a state habeas petition in the Montgomery County Circuit on September 25, 2000, and filed a Rule 32 petition on January 10, 2001. These petitions were simultaneously pending in the Montgomery County Circuit Court. Although the Rule 32 petition was denied on February 20, 2001, the circuit court did not deny the state habeas petition until September 24, 2002.

This claim was not raised and exhausted in state court and cannot be used as an excuse for a procedural default. The Supreme Court requires claims that are used as excuses for procedural default to be exhausted in state court. In <u>Hill v. Jones</u>, 81 F.3d 1015, 1029 (11th Cir.1996), the Court noted:

> In <u>Carrier</u>, the Supreme Court recognized that when counsel is ineffective under the standard of <u>Strickland v. Washington</u>, this may serve as cause within the meaning of <u>Wainwright v. Sykes</u>. <u>Carrier</u>, 477 U.S. at 488, 106 S.Ct. at 2645. The Court cautioned, however,

2

> that the exhaustion doctrine generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.

The Court further noted in Hill:

> To the contrary, we conclude Carrier and the rest of the Supreme Court's jurisprudence on procedural default dictate that procedurally-defaulted claims of ineffective assistance cannot serve as cause to excuse a default of a second claim.

Hill, 81 F.3d at 1029.

> We therefore agree with the Fourth Circuit that Carrier stands for more than a petitioner must simply exhaust a claim of ineffective assistance before raising it as cause. Instead, Carrier requires a claim of ineffective assistance be both exhausted and not defaulted in state court before it can be asserted as cause.

Hill, 81 F.3d at 1030-1031.

Second, the question of whether the circuit court had jurisdiction to entertain both petitions is simply an issue of state law that does not raise any federal constitutional issue. "[A] state's interpretation of its own laws provides no basis for federal habeas relief since no question of a constitutional nature is involved." Beverly v. Jones, 854 F.2d 412, 416 (11th Cir.1988). See also Garcia v. Perringer, 878 F.2d 360 (11th Cir. 1989). Accordingly, this allegation has no bearing on whether Minnifield's claims were procedurally defaulted for purposes of federal habeas review.

Finally, Minnifield's claim that the Montgomery County Circuit Court did not have jurisdiction to rule on his Rule 32 petition because his petition for habeas corpus relief was still pending in that court is without merit. The record indicates that the circuit court denied the Rule 32 petition on February 20, 2001, and the Court of Criminal Appeals denied the appeal on November 21, 2001. The Supreme Court of Alabama denied the petition for writ of certiorari on May 17, 2002. The circuit court did not rule on the habeas petition until September 24, 2002, well after the denial of the Rule 32 petition had become final. The state courts have ruled that the circuit court must accept a petition that is filed while an appeal of a previous petition or conviction is pending, but should not rule on the petition until the appeal is decided, or unless the appeal is held in abeyance by the appellate court and jurisdiction is transferred back to the circuit court for a decision on the second petition.

In Barnes v. State, 621 So. 2d 329, 331-2 (Ala. Crim. App. 1992), the Court noted:

> However, it would appear that, under the Alabama Rules of Criminal Procedure, a petitioner can file a Rule 32 petition even though his appeal of his conviction is pending. Rule 32.6 states, without any qualification except the rule's limitations period, "A petition may be filed at any time after entry of judgment and sentence (subject to the provisions of Rule 32.2(c))." (Emphasis added.) Rule 32.6(c) provides the following: "Notification of Appellate Court: If an appeal of the petitioner's conviction is pending, the clerk shall also promptly send a copy of the petition to the appropriate appellate court, noting in the record the date and manner by which it is sent." We find to be just as

4

> significant the absence, from the preclusion grounds listed in Rule 32.2, of a recognition that a pending appeal of the conviction will preclude the Rule 32 petition. Rather, Rule 32.2(a)(1) precludes any ground that may still be raised on direct appeal.

The court further stated in <u>Barnes</u>;

> Now, we come to the issue before us: Can the circuit court refuse to accept the filing of a Rule 32 petition while the appeal of a prior Rule 32 is pending? We find, based on the preceding discussion, that the circuit court cannot so refuse.

<u>Id.</u> at 333. The court further stated in <u>Barnes:</u>

> Accordingly, we can only conclude that because Rule 32.6(a) allows a petition to "be filed at any time after entry of judgment and sentence (subject to the provisions of Rule 32.2(c))," Barnes's second petition should have been accepted by the circuit court, **but that any action on the petition should have been suspended until a certificate of judgment was issued on the appeal of the prior petition.** [Emphasis added.]

<u>Id.</u> at 333.

The circuit court was required to accept Minnifield's habeas petition even though Minnifield had a Rule 32 petition pending in the circuit court. See Ex parte Hargett, 772 So. 2d 481, 482 (Ala. Crim. App. 1999) ("According to <u>Barnes,</u> a trial court may not refuse to accept a postconviction petition filed while a direct appeal is pending in the appellate court.") Accordingly, the Montgomery Circuit Court properly accepted Minnifield's habeas petition while the Rule 32 was pending in that court.

5

There was no issue regarding the jurisdiction of the circuit court to rule on habeas petition in Minnifield's case because the appeal of the Rule 32 petition was final before the circuit court ruled on the habeas petition. See Barnes, 621 So. 2d at 333("any action on the petition should have been suspended until a certificate of judgment was issued on the appeal of the prior petition.").

(ii)
**Minnifield's claim that the State's rule on procedural default regarding issues that were not raised on appeal is not firmly established or regularly followed is without merit.**

Minnifield's claim that the State does not regularly apply the procedural default rule to claims that are not raised on appeal from the denial of a Rule 32 petition is with merit because a long line of cases show that the rule is regularly applied by the state courts. See Hyde v. State, 2006 WL 510780 (Ala. Crim. App. Mar 03, 2006); Crayton v. State, 2006 WL 1452918 (Ala. Crim. App. May 26, 2006); Burgess v. State, 2005 WL 2402672 (Ala. Crim. App. Sep. 30, 2005); Harris v. State, 2004 WL 2418073 (Ala .Crim. App. 2004); Boyd v. State, 913 So. 2d 1113 (Ala .Crim .App. 2003); Cook v. State, 887 So. 2d 309 (Ala. Crim. App. 2003); Simmons v. State, 879 So. 2d 1218 (Ala. Crim. App. 2003); Sims v. State, 869 So. 2d 1181 (Ala. Crim. App. 2003); Clemons v. State, 2003 WL 22047260 (Ala. Crim. App. Aug. 29, 2003); Charest v. State, 854 So.2d 1102 (Ala. Crim. App. 2002); Richey v. State, 853 So. 2d 286 (Ala. Crim. App. 2002); Dobyne v.

6

State, 805 So. 2d 733 (Ala. Crim. App. 2000); Jones v. State, 753 So. 2d 1174 (Ala. Crim. App. 1999), Heath v. State 536 So. 2d 142 (Ala. Crim. App. 1988).

The State's procedure rule that considers claims to be abandoned if they were raised in the petition, but not raised on appeal, is firmly established and is applied regularly. Minnifield has not submitted any evidence to suggest that the rule is not regularly applied.

(2)

**Minnifield's claim that the trial court did not conduct a hearing in accordance with Faretta v. California, 422 U. S. 806 (1975), is procedurally defaulted because it was not raised on direct appeal and only raised in an untimely filed Rule 32 petition.**

This claim was not raised on direct appeal from the conviction. When it was raised in the Rule 32 petition, the Court of Criminal Appeals denied relief because the claim could have been raised on appeal. Minnifield v. State, CR-04-1101 (Ala. Crim. App. Jul. 8, 2005) (Mem. op.). Consequently, this claim is procedurally defaulted and is precluded from federal habeas review unless Minnifield establishes cause and prejudice for the default. See Wainwright v. Sykes, 433 U. S. 72 (1977); Engle v. Issac, 456 U. S. 107 (1982). See also Bundy v. Dugger, 850 F.2d 1402 (11th Cir. 1988) (holding that a Faretta claim is subject to the procedural default rule).

7

Furthermore, the claim was procedurally defaulted in state court because it raised in an untimely filed Rule 32 petition. The state court held that the claims raised in the Rule 32 petition were properly denied because the petition was filed after the expiration of the one-year period for filing the petition, as contained in Rule 32.2(c) of the Alabama Rules of Criminal Procedure. Minnifield v. State, CR-04-1101 (Ala. Crim. App. Jul. 8, 2005) (Mem. op.).

Consequently, this claim is barred from federal habeas review unless Minnifield shows cause and prejudice to excuse his failure to file a timely Rule 32 petition. See Wainwright v. Sykes, 433 U. S. 72 (1977); Engle v. Issac, 456 U. S. 107 (1982). Minnifield, however, can have the procedurally defaulted claim reviewed in federal habeas if he shows that the failure to review the claim would result in a miscarriage of justice. "[W]here a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." Johnson v. Dugger, 911 F.2d 440, 456 (11th Cir. 1990), citing Murray v. Carrier, 477 U.S. 478, 496 (1986). The miscarriage of justice exception is concerned with actual as compared to legal innocence." High v. Head, 209 F.3d 1257, 1270(11th Cir.2000). Minnifield has not shown that he is innocent of the crime.

(3)

**Minnifield's claim that pre-trial counsel provided ineffective assistance is procedurally defaulted because it was raised in an untimely filed Rule 32 petition.**

Minnifield filed his Rule 32 petition and raised a claim that his pre-trial counsel. The state court held that the claim was barred from review because the petition was filed after the one-year limitation period had expired. Minnifield v. State, CR-04-1101 (Ala. Crim. App. Jul. 8, 2005) (Mem. op.). Accordingly, this claim is barred from federal habeas review unless Minnifield shows cause and prejudice to excuse his failure to file a timely Rule 32 petition. See Wainwright v. Sykes, 433 U. S. 72 (1977); Engle v. Issac, 456 U. S. 107 (1982). Minnifield, however, can have the procedurally defaulted claim reviewed in federal habeas if he shows that the failure to review the claim would result in a miscarriage of justice. See Johnson v. Dugger, 911 F.2d at 456; High v. Head, 209 F.3d at 1270. Minnifield has not presented any evidence to prove that he is innocent of the crime.

## CONCLUSION

Minnifield's allegations do not establish that he is entitled to federal habeas relief, and his petition should be denied.

Respectfully submitted,

Troy King – KIN047
*Attorney General*
State of Alabama


s/James B. Prude
James B. Prude (PRU005)
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>31st</u> day of July, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the foregoing to the following non-CM/ECF participants: <u>John Willie Minnifield, AIS #112145, Bullock County Correctional Facility, PO Box 5107, Union Springs, AL 36089-5107.</u>

                                                  s/James B. Prude
James B. Prude (PRU005)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL 36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-Mail: JPrude@ago.state.al.us

161749/90351-0001