IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN WILLIE MINNIFIELD, #112145, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-CV-0054-WKW |
| | ) | |
| ARNOLD HOLT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

The respondents filed an answer and supplemental answers in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*, in which they contend that the present habeas corpus petition is due to be denied because the claims raised therein are procedurally barred from review by this court as the petitioner failed to present these claims to the state courts in accordance with the state's procedural rules. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir.), *cert denied*, 531 U.S. 1017 (2000); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990);*Teague v. Lane*, 489 U.S. 288 (1989). In support of this argument, the respondents maintain that Minnifield procedurally defaulted his challenge to the sufficiency of the evidence (i) when he failed to properly file a petition for writ of

certiorari with the Alabama Supreme Court on direct appeal, and (ii) because the last state court to address the issue determined that Minnifield procedurally defaulted the claim under applicable state rules. *Respondents April 14, 2006 Supplemental Response* at 5; *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992) (citations omitted) ("Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief."). The respondents further argue that Minnifield's claim of ineffective assistance of appellate counsel for failing to pursue the sufficiency claim throughout the appeal process is likewise defaulted as Minnifield did not present this claim on appeal from the denial of his Rule 32 petitions. As to Minnifield's arguments that a default does not exist on his ineffective assistance of counsel claim due to the trial court's alleged lack of jurisdiction to adjudicate his initial Rule 32 petition and because the procedural default relied upon is not firmly established nor regularly followed by the state courts, the respondents contend that these assertions are without merit. Moreover, the respondents maintain that the lack of jurisdiction claim is likewise procedurally defaulted as Minnifield failed to exhaust this claim in the state courts and also argue that this claim is an issue of pure state law which provides no basis for federal habeas relief. The respondents also argue that the *Faretta* claim is procedurally defaulted because Minnifield failed to raise this claim on direct appeal and the last state court to address the issue determined the claim barred from review

2

for such failure.  With respect to Minnifield's claim that he is actually innocent of stalking, the respondents maintain that Minnifield has failed to meet his burden of proof on this claim as he has presented no new, reliable evidence not available to him at the time of trial demonstrating his factual innocence.  *Schlup v. Delo*, 513 U.S. 298, 324 ("To be credible, . . . a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.); *Bousley v. United States,* 523 U.S. 614, 623-624 (1998)("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.  *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992).").

A procedural default bars consideration of the merits of a claim "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991); *Peoples v. Campbell*, 377 F.3d 1208, 1235 (11th Cir. 2004); *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).  However, even if the petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a habeas petitioner's federal constitutional claim where the petitioner is able to show that the court's failure to address his claim would result in a

3

"fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 320 (1995); *Murray v. Carrier*, 477 U.S. 478 (1986).  The miscarriage of justice exception allows federal courts to address procedurally defaulted claims if the petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Carrier*, 477 U.S. at 496.

Accordingly, it is

ORDERED that on or before August 15, 2006 the petitioner may file a response to the  answers filed by the respondents.  Any pleadings, documents or evidence filed after this date will not be considered by the court except in exceptional circumstances.  The petitioner is advised that at any time after August 15, 2006 the court shall "determine whether an evidentiary hearing is required.  If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the petition as justice shall require." Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

The petitioner is instructed that when responding to the respondents' answers he may file sworn affidavits or other documents in support of his claims.  Affidavits should set forth specific facts which demonstrate that the petitioner is entitled to relief on those grounds presented in the habeas corpus petition.  If documents which have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them.  When the petitioner attacks the respondents' answers by use of affidavits or other documents, the court will, at the

4

proper time, consider whether to expand the record to include such materials.  *See* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

The petitioner is cautioned that in responding to the respondents' assertion that all of his constitutional claims for relief are procedurally defaulted he must state specific reasons why he failed to comply with the state's procedural rules or otherwise did not present or pursue these claims in state court either at the trial court level, on appeal or in available post-conviction proceedings.  The petitioner is advised that the reasons presented must be legally sufficient and that the facts surrounding or relating to the reasons for the failure must be stated with specificity.   If the petitioner asserts that this court should address the procedurally defaulted claims under the fundamental miscarriage of justice exception, the petitioner must show specific reasons for the application of this exception.

DONE, this 2nd day of August, 2006.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE