IN THE UNITED STATES DISTRICT COURT

JOHN WILLIE MINNIFIELD,
    PETITIONER,

-V-

CASE NO: 2:06-CV-0054 WKW

WARDEN ARONALD HOLT, ET, AL.
    RESPONDENT,

## SUPPLEMENTAL BRIEF

    Comes now the Petitioner, John Willie Minnifield, #112145 and file this Petition on the Order of this Honorable Magistrate dated the 2nd day of August, 2006. The Respondent filed a Suppelmental answer on this Magistrate Order of the 12th day of June, 2006 which Ordered the Respondent Brief be filed on or before the 28th day of July, 2006 noting the Attorney General Brief was filed on the 31st day of July, 2006 whereas this Court ruled on extension of time 11th Cir. Rule 31-1 whereas Mr. Prude has defaulted which the Clerk under 42-2(c) is not allowed to accept the State s late filing a default in judgement note the filing of the Petitioner showed this Court in a previous Brief filed the 31st day of July, 2006 with exhibits to show this Court there was no procedural default by the Petitioner from Direct Appeals and on the denial of the Writ of Certiorari by the State highest Court which was final State Proceedings

    <u>State Habeas Corpus</u> was timely filed back to the Circuit Court of Montgomery County, Alabama Circuit Court to give that Court an opportunity to correct the conviction filed on the 29th day of September, 2000 See: the record after numerous of times to get the status on the Writ of Habeas Corpus thus the Clerk or Court would not reply therefore filed the following no choice.

    <u>Rule 32</u> was filed on the 10th day of January, 2001 which was denied on the 20th day of February, 2001 which should have been held in abeyance while the Writ of Habeas Corpus was active a plain error by the state.

1

The record will show the Writ of Habeas Corpus was denied the 24th day of September, 2002 See: Order of Judge Price of the 25th day of September, 2002 case assigned status then deposed of but Court of Clerk did not notify the Petitioner of the denial in time to Appeal the decision yet Mr. Prude at first asked that the Federal Writ of Habeas Corpus be dismissed pursuant to the A.E.D.P.A. after the Petitioner showed this Court I was not barred by the death penality act Mr. Prude agreed out of an act of prejudice Mr. Prude came back with procedural default first let me address Mr. Prude assertion in his response July 18th.

The Petitioner is not procedurally defaulted on Appellate Counsel claim from Direct Appeal Mr. Prude see the State Habeas Corpus he will see Ineffective Assistant of Pre-Trial and Appellate Counsel was raised and set out facts to substantuate my claim of actual innocence. <u>Dretke v. Haley</u>, 124 S. Ct. 1847 (2004) Appellate Counsel on Direct Appeal is never going to say he was ineffective at the stage Mr. Prude claim is not firmly established nor regulary followed he is speaking of the Rule 32 not the leading Petition which is not defaulted a miscarriage of justice on this said issue.

Faretta hearing the T.R. will show Trial Court failed to give proper hearing Mr. Prude seems to have fun misleading this Court on the one year Status of Limitation for filing a Rule 32 thus the Alabama Rule of Criminal Procedure when the Petitioner was convicted had a two year Statute of Limitation for filing a Rule 32 or other Relief that remove the procedural default See: A.R.C.P. 2000-2003 the Petitioner ask this Court to consider alternative for Relief I have been urging this Court for justice the misscarriage of justice is manifest an unauthorized therefore being unjust incarceration will lead this Court granting this Writ regardless of the outcome of the cause and prejudice inquiry.

The Court ruling today needless postpone final adjudication of Mr. Prude claim and reversely prolongs the very injustice that the cause and prejudice was design to prevent fundamental unfairness the law states it must serve the cause of justice

United States Supreme Court riled in 124 S. Ct. 1847, 1853, 1854, 2004. Mr. Prude keep saying a one year thus See: <u>Miles v. State</u>, 845 So.2d 830 2001 and <u>Ex Parte Nesbitt</u>, 850 So.2d 228 2002 both State Habeas Corpus and later Rule 32 the Eleventh Circuit Rule governing Petition 334 F.3d 1018 2003.

State failure to respond to Court Order with no extention of time by due date to Writ of Habeas Corpus Petition result in waiver of procedural default defense thus state did not file several timely Brief which justify severe penalty in light of facts that statutory provision on Habeas Corpus failed to provide any procedural for Relief from judgement because of fraud Court would view Relief from Habeas Corpus for fraud as being governed by Rule 60 (b) 338 F.2d 514 in regard to state failure to respond by due date the Petitioner moves for a special hearing on the Merits See: <u>Stines v. Martin</u>, 849 F.2d 1323 in <u>Bennet v. Collins</u>, 835 F.Supp. 930 the state knows this conviction is based upon fraud and miss representation the Attorney General has construed the records and case knowingly there was no crime committed thus in <u>Taylor v. Maddox Supra</u>, 366 F.3d 1608 State Court fact findings are unreasonable under 2254 (d)(2) because State Court failure to discuss or mention key testimony shows that it failed to consider key aspects of the record the Court might have disbelieved witness but was not entitled to act if they did not exist even in the District Attorney striking all black males for the Petitioner jury was objectively unreasonable thus this Court has the jurisdiction to afford the Petitioner an evidentiary hearing no where in the records this Court can see where any claims was adjudicated on the merits because no factual findings by the State Court which will show the unreasonable determination of the fact that constitute cause in light of the fundamentally unjust incarceration all of Minnifield claims has been raised in State Court proceedings before the two years Statute of Limitation to file Post-Conviction Relief See: said Brief filed by the Petitioner on the 31st day of July, 2006 the two exhibits which Mr. Prude refused to turn over to this Court on Direct Appeal as Ordered by this Court still shows fraud by the State of Alabama to violate the Substantial Rights of John Willie Minnifield to continue to hold me in commucado against the Consti-

tution of the United States and <u>Carrie</u>, 477 U.S. 478 the miscarraige of justice will overcome all of the states claim of prejudice towards the Petitioner as in <u>Sawyer v. Whitley</u>, 112 S. Ct. 2514 thus the Petitioner swears under oath this is a true and correct statement of my being innocence of <u>Stalking</u> of my wife.

                                          Respectfully Submitted,

                                          *John Willie Minnifield #112145*
                                          John Willie Minnifield, Petitioner
                                          Bullock County Correctional Facility
                                          Post Office Box 5107
                                          Union Springs, Alabama 36089

## CERTIFICATE OF SERVICE

Sworn I have to be served through United States Mail with proper postage address this the *10th* day of *August*, 2006 to Assistant Attorney General Honorable James Prude 11 South Union Street 3rd Floor Montgomery, Alabama 36130-0152

                                          *John Willie Minnifield #112145*
                                          John Willie Minnifield, Petitioner
                                          Post Office Box 5107
                                          Union Springs, Alabama 36089

CC: Assistant District Attorney
     Honorable James Prude
     11 South Union Street 3rd Floor
     Montgomery, Alabama 36130-0152

File: *8-10-06*
      Date

## SWORN AFFIDAVIT

I, John Willie Minnifield swear under oath of the contents in these proceedings are true and correct to the best of my knowledge that I have been truthfully in all my endeavor in presenting facts to this Honorable Magistrate Susan Russ Walker that I John Willie Minnifield is actual innocence. See: Brief and Exhibits from Direct Appeal which the State has been withholding from this Court to invoke procedural default and misleading this Court on a one (1) year Statute to file Rule 32 or Post-Conviction thus one (1) year Statute were invoked on the 1st day of August, 2002 therefore see Gordon v. Nagle, 11th Circuit 2 Fed. 3d 385 at no time I tried to distort the fact or lie to this Honorable Court I swear under penalty of perjury that the Petitions filed is correct

Respectfully Submitted,

John Willie Minnifield #112145
John Willie Minnifield

Done this 10Th day of August, 2006.

## NOTARY PUBLIC

Sworn to and Subscribed before me this 10th day of August, 2006.

_____
Notary Public
NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Mar 18, 2007