IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHN WILLIE MINNIFIELD, )
#112145, )
 )
 )
       Petitioner, )
 ) CASE NO.
v. ) 2:06-CV-0054-WKW
 )
ARNOLD HOLT, et al., )
 )
       Respondents. )

**RESPONSE TO ORDER FOR SUPPLEMENTAL RESPONSE**

In its Order of March 6, 2007, the Court directed Respondents to address the following claims raised by Minnifield:

    (i)    a <u>Batson</u> violation occurred as the prosecutor improperly struck all black males from the jury;

    (ii)    the State questioned witnesses out of the petitioner's presence;

    (iii)    the State failed to provide proper notice of its intention to invoke the sentence enhancement provisions of the Habitual Offender Act;

    (iv)    petitioner was denied a complete trial transcript;

    (v)    the district attorney misled the jury on the elements constituting stalking during closing arguments;

  (vi) the trial judge erred in allowing these comments over petitioner's objections;

  (vii) the indictment was defective;

  (viii) witnesses committed perjury.

### I.

### Claims (I), (II), (III), (V) and (VII) Are Procedurally Defaulted.

#### (A)

Minnifield raised claims (i), (ii), (iii), (v) and (vii) in his first Rule 32 petition. (Respondent's Exhibit D) The Alabama Court of Criminal Appeals found these claims to be procedurally barred from review because Minnifield failed to support his claims with clear and specific statements of the grounds upon which relief was sought, as required by Rule 32.6(b) of the <u>Alabama Rules of Criminal Procedure,</u> which provides:

> The petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.

The Court of Criminal Appeals found that Minnifield made on bare allegations that were unsupported by any factual basis, and he failed to meet the pleading requirement of Rule 32.2(3), which provides:

> The petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to

relief. The state shall have the burden of pleading any ground of preclusion, but once a ground of preclusion has been pleaded, the petitioner shall have the burden of disproving its existence by a preponderance of the evidence.

Because the Court of Criminal Appeals denied relief on the basis that Minnifield did not comply with the procedural rules in presenting his claims, the court essentially denied relief on state procedural grounds.

The Court of Criminal Appeals also denied relief on another procedural ground. The court found that the claims were also procedurally barred under one or more provisions contained in Rule 32.2(a), which provides:

A petitioner will not be given relief under this rule based upon any ground:

(1) Which may still be raised on direct appeal under the Alabama Rules of Appellate Procedure or by posttrial motion under Rule 24; or

(2) Which was raised or addressed at trial; or

(3) Which could have been but was not raised at trial, unless the ground for relief arises under Rule 32.1(b); or

(4) Which was raised or addressed on appeal or in any previous collateral proceeding not dismissed pursuant to the last sentence of Rule 32. 1 as a petition that challenges multiple judgments, whether or not the previous collateral proceeding was adjudicated on the merits of the grounds raised; or

(5) Which could have been but was not raised on appeal, unless the ground for relief arises under Rule 32.1(b).

Because the Court of Criminal Appeals also denied relief under this provision, that court denied the claims on an alternative procedural basis.

(B)

## Claims (IV) and (VIII) Are Procedurally Defaulted.

Minnifield raised claims (iv) and (viii) in his second Rule 32 petition. (Respondent's Exhibit F) He also raised claims (iii), (v) and (viii) again in this petition, even though he had raised them on his first Rule 32 petition. The Court of Criminal Appeals found these claims to be procedurally defaulted because the period of limitations under Rule 32.2(c) of the <u>Alabama Rules of Criminal Procedure</u> expired before Minnifield filed the petition. (Respondent's Exhibit F, page 2) That rule provides:

> **Limitations Period.** Subject to the further provisions hereinafter set out in this section, the court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 32.1(a) and (f), unless the petition is filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals, within one (1) year after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, Ala.R.App.P.; or (2) in the case of a conviction not appealed to the Court of Criminal Appeals, within one (1) year after the time for filing an appeal lapses;

The court also found that the claims were barred because they could have been raised at trial and on appeal, as required by Rule 32.2(a) (3) and (5).

(C)

## The Procedural Default Precludes Federal Habeas Review Of These Claims.

4

Minnifield is not entitled to federal habeas review on these claims because the claims were procedurally defaulted in state court.

A state court's rejection of a federal constitutional claim on procedural grounds will preclude federal review of the claim if the state court's procedural ruling rests upon an "independent and adequate" state ground. *See* Coleman v. Thompson, 501 U.S. 722, 729 (1991)("This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."). *See also* Harris v. Reed, 489 U.S. 255, 260 (1989) ("This Court long has held that it will not consider an issue of federal law on direct review from a judgment of a state court if that judgment rests on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision"), quoting Fox Film Corp. v. Muller, 296 U.S. 207, 210 (1935). "[A] federal claimant's procedural default precludes federal habeas review, like direct review, only if the last state court rendering a judgment in the case rests its judgment on the procedural default." Harris, at 262. "[If] it fairly appears that the state court rested its decision primarily on federal law," this Court may reach the federal question on review unless the state court's opinion contains a "'plain statement' that [its] decision rests upon adequate and independent state grounds."

Id. at 261. "[T]he state court must actually have relied on the procedural bar as an independent basis for its disposition of the case." Id. at 261-262.

The state court's ruling on Minnifield's claims expressly stated that relief was denied because of the procedural default, which is an adequate and independent state ground. Through its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment...." Bailey v. Nagle, 172 F.3d 1299, 1305 (11th Cir. 1999).

(D)

**Minnifield's Claim That The Indictment Was Defective Is A State Law Issue And Does Not State A Ground For Federal Habeas Relief.**

"[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67(1991). "Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. "Id. at 67-68. "A state court's interpretation of its own laws and rules are not grounds for relief in a federal habeas proceeding." Pulley v. Harris, 465 U.S. 37, 41 (1984); Beverly v. Jones, 854 F.2d 412 (11th Cir.1988). "In a federal habeas corpus proceeding, a federal court is bound by the state court's

6

interpretation of a state criminal statute." *Garcia v. Perringer, 878 F.2d 360, 361(11th Cir.1989)*, citing <u>Bronstein v. Wainwright, 646 F.2d 1048, 1050 (5th Cir. Unit B 1981)</u>. "This court is bound by the determination of the Alabama courts that no state law violation has occurred." *Walton v. Attorney General of State of Ala., 986 F.2d 472, 475 (11th Cir. 1993)*. "Questions of pure state law do not raise issues of constitutional dimension for federal habeas corpus purposes." *Carrizales v. Wainwright, 699 F.2d 1053, 1054-1055 (11th Cir. 1983)*. "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." <u>Id</u>.

The Alabama Court of Criminal Appeals reviewed this claim and found that was without merit. Minnifield had alleged that the indictment was defective because it did not contain the date and location of the crime. The court held that the time and location of the offense does not have to be alleged in the indictment unless the time or location is an element of the offense. Rule 13.2(d) of the <u>Alabama Rules of Criminal Procedure</u> provides:

> **Unnecessary Allegations.** An indictment or information which is in conformity with sections (a) and (b) shall be sufficient. The indictment or information need not contain a formal commencement, a formal conclusion, or any other matter not necessary to the statement of facts, nor need it negative any defense or affirmative defense contained in any statute creating

or defining the offense charged. Presumptions of law and matters of which judicial notice is taken need not be stated. It is not necessary to state the precise time or date at which or on which the offense is alleged to have been committed, or the place where the offense is alleged to have been committed unless the time or place is a material element of the offense.

The Alabama Court Of Criminal Appeals held that the time and the location of the crime were not elements of the offense of stalking. Stalking is defined under Section 13A-6-90(a) of the Code of Alabama (1975):

> (a) A person who intentionally and repeatedly follows or harasses another person and who makes a credible threat, either expressed or implied, with the intent to place that person in reasonable fear of death or serious bodily harm is guilty of the crime of stalking.

Because time and location were not elements of the crime, Minnifield's indictment was not defective because it did not contain those allegations.

Furthermore, the sufficiency of a state indictment or information is not properly the subject of federal habeas corpus relief unless the indictment or information is so deficient that the convicting court is deprived of jurisdiction. DeBenedictis v. Wainwright, 674 F.2d 841, 842 (11th Cir. 1982). The state court was not deprived of any jurisdiction because the date or location of the crime was not contained in the indictment.

8

## CONCLUSION

Minnifield's allegations do not establish that he is entitled to federal habeas relief, and his petition should be denied.

Respectfully submitted,

Troy King – KIN047
*Attorney General*
State of Alabama


s/James B. Prude
James B. Prude (PRU005)
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of March, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the foregoing to the following non-CM/ECF participants: John Willie Minnifield, AIS #112145, Bullock County Correctional Facility, PO Box 5107, Union Springs, AL 36089-5107.

                        s/James B. Prude
                        James B. Prude (PRU005)
                        Office of the Attorney General
                        Alabama State House
                        11 South Union
                        Montgomery, AL  36130-0152
                        Telephone:  (334) 242-7300
                        Fax:  (334) 242-2848
                        E-Mail:  JPrude@ago.state.al.us

90351-0001