VOL 1 of 1

COURT OF CRIMINAL APPEALS NO. _CR00-1167_

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

### FROM

CIRCUIT COURT OF ___MONTGOMERY___ COUNTY, ALABAMA

CIRCUIT COURT NO. __CC  1999  327.60__

CIRCUIT JUDGE ___GREENHAW___

Type of Conviction / Order Appealed From: _____RULE 32_____

Sentence Imposed: _____

Defendant Indigent:  ■ YES   ☐ NO

JOHN WILLIE MINNIFIELD
_____
NAME OF APPELLANT

| | | |
|---|---|---|
| JOHN WILLIE MINNIFIELD | 112145 | |
| (Appellant's Attorney) | (Telephone No.) | |
| PO BOX 767 | | |
| (Address) | | |
| CLAYTON | AL | 36016 |
| (City) | (State) | (Zip Code) |

V.

STATE OF ALABAMA

NAME OF APPELLEE

(State represented by Attorney General)

NOTE: If municipal appeal, indicate above, and enter
name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)

Exhibit H

# I N D E X

## CLERK'S RECORD

| | |
|---|---|
| CASE ACTION SUMMARY | 1-2 |
| PETITION FOR RELIEF FROM CONVITION OR SENTENCE | 3-25 |
| ORDER FOR STATE TO RESPOND | 26 |
| MOTION TO DISMISS PETITIONER'S PETITION FOR RELIEF FROM CONVICTION OR SENTENCE | 27-32 |
| AMENDMEND TO RULE 32 REBUTTAL | 33-43 |
| ORDER DISMISSING PETITION | 44-46 |
| NOTICE OF APPEAL | 47 |
| CERTIFICATE OF APPEAL | 48 |
| COURT OF CRIMINAL APPEALS DOCKETING STATEMENT | 49-50 |
| REPORTER'S TRANSCRIPT ORDER | 51 |
| CERTIFICATE OF COMPLETION AND TRANSMITTAL OF RECORD ON APPEAL BY TRIAL CLERK | 52 |

```
ACR0372                ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 1999 000327.60
OPER: REF                     CASE ACTION SUMMARY
PAGE:  1                      CIRCUIT   CRIMINAL                 RUN DATE: 01/10/2001
                                                                             JUDGE: SMG
  THE CIRCUIT COURT OF MONTGOMERY

STATE  OF  ALABAMA               VS      MINNIFIELD JOHN WILLIE
                                         P.O. BOX 767
CASE: CC 1999 000327.60                      AIS 112145
                                         CLAYTON, AL  36016 0000

DOB: 12/26/1939          SEX: M  RACE: B  HT: 5 11  WT: 185   HR: GRY EYES: BRO
SSN: 424509107  ALIAS NAMES: MINNIFELT JOHN W.          MINNIFIELD WILLIE

CHARGE01: RULE 32-FELONY       CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:

DATE WAR/CAP ISS:                        DATE ARRESTED:
DATE    INDICTED:                        DATE    FILED: 01/09/2001
DATE    RELEASED:                        DATE  HEARING:
BOND      AMOUNT:         $.00           SURETIES:

DATE 1:          DESC:                   TIME: 0000
DATE 2:          DESC:                   TIME: 0000

TRACKING NOS: CC 1999 000327 00  /                           /

   DEF/ATY:                          TYPE:                        TYPE:

                       00000                           00000

PROSECUTOR:


  CSE: CC199900032700 CHK/TICKET NO:                   GRAND JURY:
RT REPORTER:                   SID NO:     000228961
  STATUS: PRISON              DEMAND:                          OPER: REF
DATE          ACTIONS, JUDGEMENTS, AND NOTES
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 1-10-01 | Copy To DA |
| 1-11-01 | Order for State To Respond |
| 2/06/01 | Motion To Dismiss Petitioner & Petition for Relief from Conviction or Sentence. |
| 2-16-01 | Amendment To Rule 32 Rebuttal |
| 2-16-01 | Motion for Judgement not withstanding the verdict or in the alternative, for New Trial |
| 2-20-01 | Order Dismissing Rule 32 |
| 3-5-01 | Notice of Appeal |
| -12-01 | Certificate of appeal to Crm Appls, Ag, DA, Def. (w/forms) + Crt reporters |

3.27.01 forms filed

3

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

(Pursuant to Rule 32,
Alabama Rules of Criminal Procedure)

Case Number

ID __99__ __327·60__
YR    NUMBER

IN THE _Eir Court Montgomery County_ COURT OF _Montgomery_ ALABAMA

_John Willie Nunnifield_ vs. _State of Alabama_
Petitioner (Full Name)          Respondent

[indicate either the "State" or, if filed in municipal court, the name of the "Municipality"]

Prison Number _112145_                Place of Confinement _Ventress Corr. Facility_

County of conviction _Montgomery County_

NOTICE:   BEFORE COMPLETING THIS FORM, READ CAREFULLY THE ACCOMPANYING INSTRUCTIONS.

1.  Name and location (city and county) of court which entered the judgment of conviction or sentence under attack _Montgomery Co.-Eir Crt. Montgomery Alabama_

2.  Date of judgment of conviction _2/7/2006_

3.  Length of sentence _20 years_

4.  Nature of offense involved (all counts) _Sralking_

*(stamp: JAN 2007 Filed, Melissa Rittenour Circuit Clerk)*

5.  What was your plea?   (Check one)

    (a)  Guilty _____

    (b)  Not guilty _X_

    (c)  Not guilty by reason of mental disease or defect _____

    (d)  Not guilty and not guilty by reason of mental disease or defect _____

6. Kind of trial. (Check one)

   (a)  Jury  _X_                    (b)  Judge only _____

7. Did you testify at the trial?

   Yes _X_                    No _____

8. Did you appeal from the judgment of conviction?

   Yes _X_                    No _____

9. If you did appeal, answer the following:

   (a)  As to the state court to which you first appealed, give the following information:

        (1)  Name of court  _Alabama Court of Criminals Appeals_

        (2)  Result  _Affrimed_

        (3)  Date of result _____

   (b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

        (1)  Name of court  _Samed Court For Re-hearing_

        (2)  Result  _Overuled_

        (3)  Date of result _10/13/2000_

   (c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

        (1)  Name of court  _Montgomery Court Er Newly Discovered Evidence_

        (2)  Result  _No Answer_

        (3)  Date of result _____

5

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, motions with respect to this judgment any court, state or federal?

Yes ✓        No _____

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a) (1) Name of court  Montgomery Co Cir Ct

(2) Nature of proceeding  Newly Discovered Evidence

(3) Grounds raised  Witholding evidence, Bringing wittness before The Court without me being Present, Complaint Witheld Changed date of Complaint From Nov. 21st To 23rd

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____        No ✓

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application, or motion, give the same information:

(1) Name of court  Montgomery Co Cir Ct

(2) Nature of proceeding  Writ of mandamus Superseed

(3) Grounds raised  Witheld evidence, Petite Jury No blk males Struck Them off State, Defected indictment, fail To Furnish Me with Discovery, illegal evidence Used by State.

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____        No X

(5) Result _____

(6) Date of result _____

(c) As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

(1) Name of court  Motion in limine. Same Court

3

6

(2) Nature of proceeding  _False  Allegation_ _____

(3) Grounds raised  _Deny  of  Assesment  To  Court_
_Attorney  General;  Joseph  Marston,  False.  Allegation_
_To  Appeals  Court  Inconstiency  with  Transcript_
_Appeals  To  Judge  Price.  To  Squash  My  Motion  for_
_Habeas  Corpus,  And  Mandamus  for  Jurisdiction_
(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No _X_

(5) Result  _Denied  by  Judge  Price_

(6) Date of result  _Nov.  27,  2000_

(d) Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1) First petition, etc.          Yes _____          No _X_

(2) Second petition, etc.          Yes _____          No _X_

(2) Third petition, etc.          Yes _____          No _X_

### ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
### FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.

(e) If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_Due  To  Sap  Classes  Not  allowed  Access  To  law_
_books  Are.  libary_

12. Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):

_X_   A.   The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

4

(1)  Conviction obtained by plea of guilty which was unlaw' "y induced or not made voluntarily with unders    ding of the nature of the charge and th.   onsequences of the plea.

(2)  Conviction obtained by use of coerced confession.

(3)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5)  Conviction obtained by a violation of the privilege against self-incrimination.

(6)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7)  Conviction obtained by a violation of the protection against double jeopardy.

(8)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

Pre-Trial   (9)  Denial of effective assistance of counsel.

This list is not a complete listing of all possible constitutional violations.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

__X__  B.  The court was without jurisdiction to render the judgment or to impose the sentence.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

__X__  C.  The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____  D.  Petitioner is being held in custody after his sentence has expired.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

__X__  E.  Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:

The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and

The facts are not merely cumulative to other facts that were known; and

5

The facts do not merely a ⎯⎯ int to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

> If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

___X___  F.  The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.

> If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13.  IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:

> "Successive Petitions. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A.  Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes __✓__          No _____

B.  If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a)  Name of court  MoNT. Cir. Cir. Ct.

(b)  Result  Missleading Statements by Att. Gen. To Squash

(c)  Date of result _____
       (attach additional sheets if necessary)

C.  If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

> On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

 (Yes) _____          No __✓__ :

6

9

15. Give the name and address    known, of each attorney who represe    you at the following stages
    of the case that resulted in the judgment under attack:

    (a)  At preliminary hearing _Waived by Esquire John w. Hartley_

    (b)  At arraignment and plea _John W. Hartley_

    (c)  At trial  _Self_

    (d)  At sentencing _Self_

    (e)  On appeal _Joseph Burkhart_

    (f)  In any post-conviction proceeding _Self_

    (g)  On appeal from adverse ruling in a post-conviction proceeding _NA_

16. Were you sentenced on more than one count of an indictment, or on more than one indictment,
    in the same court and at the same time?

    Yes _____        No _✓_

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment
    under attack?

    Yes _____        No _✓_

    (a)  If so, give name and location of court which imposed sentence to be served in the future: _____

    (b)  And give date and length of sentence to be served in the future: _____

    (c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed
         the sentence to be served in the future?

         Yes _____        No _____

18. What date is this petition being mailed?

    Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in
    this proceeding.

7

10

# PETITIONER'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on _1 / 5 / 2001_
                    (Date)

_John W. Brumfield_
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the _5th_ day of _January_, _2001_.

_Shirley Ann Smith_
Notary Public

## OR *

## ATTORNEY'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true

and correct. Executed on _____
                                (Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, 19 _____.

_____
Notary Public

Name and address of attorney representing petitioner
in this proceeding (if any)

_____

_____

_____

* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the petition.

11

Case Number

_____ 99 ___ 327 _____
ID    YR    NUMBER
(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

Montgomery County Circuit Court    Alabama.
[Insert appropriate court]

John Willie Minnifield
(Petitioner)

vs.

Mont. Co. C.C. & State of Ala.
(Respondent(s)

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED
## IN FORMA PAUPERIS

I, John Willie Minnifield    AIS#112145    , declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?    Yes _____    No ✓

    a. If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

    _____

    _____

    b. If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

    _____

    _____

2. Have you received within the past twelve months any money from any of the following sources?

    a. Business, profession, or other form of self-employment?
       Yes _____              No ✓

    b. Rent payments, interest, or dividends?
       Yes _____              No ✓

    c. Pensions, annuities, or life insurance payments?
       Yes _____              No ✓

    d. Gifts or inheritances?
       Yes $ 200 ⁰              No _____

    e. Any other sources?
       Yes _____              No ✓

2

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

_____

_____

_____

3. Do you own cash, or do you have money in a checking or savings account?

    Yes _____            No ✓

    (Include any funds in prison accounts.)

    If the answer is "yes", state the total value of the items owned.

    _____

    _____

    _____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

    Yes _____            No ✓

    If the answer is "yes", describe the property and state its approximate value.

    _____

    _____

    _____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

    _____

    _____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _____
                    (Date)

            *John Willie Minnifield; 112145*
                    Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ *.04* _____ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _*Ventress*_ _____ institution:

*Computed monthly Balances attached*

_*1/8/01*_
    DATE

            _*D. Slan*_
        AUTHORIZED OFFICER OF INSTITUTION

/3

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
VENTRESS CORR FAC

AIS #:  112145          NAME:   MINNIFELD, JOHN

THESE FIGURES ARE AS OF:   01/08/2001

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| JUL   | 23        | $0.04             | $0.00            |
| AUG   | 31        | $0.04             | $0.00            |
| SEP   | 30        | $0.94             | $0.00            |
| OCT   | 31        | $0.04             | $0.00            |
| NOV   | 30        | $0.04             | $0.00            |
| DEC   | 31        | $0.04             | $0.00            |
| JAN   | 8         | $0.04             | $0.00            |

14

(1)

Rule 32. A-A

## Newly Discovered evidence

State Witheld Complaint filed on Stalking by Vonciel on Saturday Night Nov: 21st 1998. An Altered it to Make it seemed like when i Talked With Nicholas Washington on Monday Nov 23rd is when Petitioner Was Charged. See Discovery LaSaranda Williams why you did Not go To Pick up legal mail At County Sheriff Office? State did Not introduce into evidence during Trial The Complaint And Affidavit charging me with Stalking on The 21st of November 1998. After Petitioner went by lawanda Benson home in Riverside. Instead See November 23rd on Ripley St. between Adam And Washington Ave. whereas Petitioner Talked With Nicholas Washington Then driven off And went home. See Course of Conduct. No Contact Just A Plain Case of Denial of Due Process. Witholding of evidence. (2) Bringing Witness before The Court in The Absence of Petitioner. (3) Invoking H.O.A. Without Petitioner being Able To Challenge The legality of Those Case's (4) Fabrication of N.C.I.C Report. (5) Falsefying Case's before Grand Jury (6) A Bias And Prejudice Jury That Struck All Black Males From Jury. Use of illegal evidence From Cities Case's Which Petitioner had gave Notice of Appeal. See Transcript No Witness Gave Testimony To Petitioner Stalking Vonciel Not even her. To Stalk is To Disrupt. Direct Threat Harrachment The Must be Combine To constitute Stalking

15

(2)

## Due Process

Denial of due Process Whereas Wittness Was brought before The Court After Striking up Petit Jury Without Petitioner Present. See Transcript Pg. 57 line 53. This was A intergel Part of Pre-Trial Which is Not in Pre-Trial but in The Trial itself. To have A Collogy With Wittness without Petitioner Present is Violation of Due Process State vs Gray 256 N.W 2d 74 Minn. 1977. There Are Several Liting on This Which is Newly discovered evidence Petitioner had No Knowledge of This happen Until Reading Transcript

⟨ Witholding evidence ⟩
Hostitle Witnesses

Clementha Perris                    LaWanda Benson
Rosebud Brown                       Nicholas Washington
Tim Brown    Petitioner had Not been Notified Whom Wittness Would be. None of State Wittness Could Are Were Able To Testfy That John Minnifield Stalked Vonciel Minnifield, every Thing They Wittness To is hearsay evidence. Not even Vonciel Witness That She Seen Me following her, Threating her. There Was No Contact, No Phone Call, No Visiting her Residence And/or Job. This information Was discoverable but State Witheld This information, from Petitioner in Violation of his 14th Amendment. Brady 373 U.S. 87 [83 S.Ct. 1196, 97 360 U.S. 264, 269 79 S.Ct. 1173 [1177]. Hearsay Daniel vs State 650 Al Crim App 544, 554 ... [373 US 83 S.Ct. 1194 16 L.ed. 2d 275.]

16

(3)

The Practice in Swain vs State Striking Black
Veniremembers in Violation of Swain vs Alabama
380 U.S. 202 85 S. Ct 824 13 L.ed 2d 759


Denial of Due Process

(1) Pre-Trial Suppression hearing is an integral Part of A Trial
Where ~~that~~ Court brought Wittness before the Court, Not
in The Presence of defendants Whom were in holding Cell
And question Them. is A like of due Process Which Violate
ONE,s Rights To Know Whom he has To defend Against
State vs Grey 256 N.W. 2d 74 Minnisota (1977)


(2) Under Rule 9.1 Accused of An/or Any offense is To be
Present At Any And All Parts of pre-Trial hearing Where
he has A chance To Know Whom The Wittness is Face To Face
See Stinson vs Commonwealth 712 S.W. 2d. 939-940
Fail To Adhere To Rules of The Courts one must Play
on even ball Field, And To Violate That Rule is Accused
Must be Afforded A New Trial. Then That is When
Brady Rules vs Maryland 373 U.S. 83 83 S.Ct 1194, 10 L.ed
2d. 1217. Witholding evidence That Could have been
Very Crucial To Accused To be afforded A fair Trial
Raines vs State 429 So 2d 1104 1108

(3) Witholding evidence by State, That Could have Changed
The ~~True~~ Opinion by Not Producing For suffient ... ...

(24)

Ex Parte Stout 574 so2d 901, 903
State Vs Ainsworth 501 so 2d 1245
State Vs Grey 256 N.W 2d 74 MINN
The Court held That A Pre-Trial Colloquy is An Integral Part
of A Criminal Trial And That it Violate The Due Process
An Confrontation Clause; of The State, AN/OR
Federal Constitional To Conduct Such A hearing is Taken
in The Absence of defendant, Accused of Any AN/OR
Accused offense, is Mandatory To be Present AT Any
Colloquy under Rule 9.1 And To Violate That Rule 9.1
under Stinson Vs Commonwealth 712 sw 2d 939, 940
Witholding Evidence by State Could have been Very
Crucial To Defendant, Under Brady Vs Maryland 373 US
83 s.Ct 1194 10 Led 2d 1217 AN/OR Rawles Vs State 429 so2d
1104, 428 Cause for A New Trial. State Witheld Complai
Filed To Sheriff office on Nov. 21st 1998 Charged
Stalking.

Hearsay Evidence
None of State Witness Testified They Seen Me
Stalking Vonciel Mirrorfield. To Stalk one has
To Make Contact by Threat, Contact, Gesture,
Following Without Disruption is Not Stalking
Hearsay evidence is Not Direct Proof That one
Commited A Crime. Unlike Slay Vs McKean 317 so2d
AN/OR Haynes Vs State, There Were No Violence
lying in Wait, Disruption, Phone Calls Visiting home, Job Followi
See Vonciel Statement Never Called Never Following.

(43)

Vague AN Overbrood

Randell Vs State 669 So 2d 223 The Ala. Fla. Cal.
stalking law is so Vague AN/OR overbrood that even
Trained lawyers has To go To the dictionary To
Try AND decipe the meaning of words used
No Wonder ordinary Citizens don'T KNow what
is UNlawfully are Prohibited from The law of The
land. which enable The stalking law Very UNConstitut
iN ordinary language is what A Prudent Person
Understand. To STALK one MUST

(1) Confronts victim To disrupt freedom of movement
(2) Threatened Put one iN fear gesture
(3) series of acts each of The above
unlike in wayne's (1) (2) (3) and (4)
Following without discreption is Not Prohibited 6-2-6-2d 73/9


Defendant John willie MiNNifield is being held iN
Violation of his civil AND Constitional Rights
iN violation of The 14th Amendment


Indictment is defected see: Barbee Vs State
395 So 2d 1128 1130 Als APP (1981) 417 So 2d 611
For failing To state KNowling A date Time From
AN/OR Place. State has Violated PetitioNeR
Rights iN every Aspect by using illegally
evidence To SuppoRT A Guilty verdict.

17

(5)

Fact,s Cited

Ex Parte stout 547 so 2d. 901. AT 903
IN. State Ys. Grey 256 N.W. 2d .74 Minn (1977)
The Court held That a Pre-Trial suppression hearing
is aN integral Part of A Criminal Trial And That iT
ViolaTes The Due Process AN ConfronTaTion Clause 8
of The State aN federal ConsTiTioNal To ConducT
Such a hearing iT Which SworN TesTimoNy of
Prosecution WiTNess is Taken iN The absent
of defenDanT. state Vs AiNsWorTh so1 so 2d, 1265

enTiTled To
EvenDenTary hearing

AusTiN Vs STaTe 533 so 2d 637 Ala Crim App.
Alexander Vs STate 462 so 2d 955 crim APP
Ex Parte Chambers 522 so 2d 313 1987    Rev
         BraNNoN 547 so 2d 68 (1989)    Rev

         BaTson 476 US AT 97, 106 S. CT 172
PerempTory Challenge,s iN A Racially discriminato
MaNNer  Acre,s Vs state 548 so2d 459 (1987)
Shown Where The State STruck All black Male,s off the
Jury. Which show oNly 3 L.male,s AN/or 9 Women,s AND The
Judge Was Female. Detective Was Female. Show ThaT The
STate has help fabricaTe This oddssy. No facT,s of Stalkin
buT WiTholding of evidence. No discovery MoTioN even
Though PeTiTioner Filed For iT. oN 5,25,99 See pg.25.
See Pg.33 False AllegaTion AN/or Charges by state ConsTiTuTe
Fraud And decepTioN by state To Conspire WiTh VicTim

(6)

Premotory Strikes by State excluded All black Male,s iN
Racially discrimiation maXNer. Acre,s Vs State 548 So 2d 459 (198
BatsoN Vs KeNTucky 476 US AT 97, 106 S.CT. 1723.

Pre-emporTy strike,s

| State | Age mo DaTE Year | DefeNdaNT | | |
|-------|------|-----------|---|---|
| 210 B.m. 2,25,46 | | 255 D | 5, 8,57 | |
| 220 B.m. 12,11,73 | | 250 WiF | 7, 18,77 | |
| 273 W/m. 6,28,54 | | 225 w,m | 10,9,63 | |
| 280 B,F. 7,23,74 | | 282 BF | 9,29,70 | |
| 240 B,m. 1,9,68 | | 201 BF | 10,22,75 | |
| 261 B.F. 4,5,36 | | 277 W,r | 3,18,29 | |
| 230 B.F. 12,11,62 | | 199 B,F. | 4,8,51 | |
| 224 W,m. 3,11,59 | | 219 W.F. | 2,2,34 | |
| 287 W.m. 7,7,43 | | 217 BF | 5,10,71 | |

m   (197) Richard LampkiN    1-23-53    (265) Dauid PeNN  11-9-63    M
     (199) Dorothy Lee       4-8-51  m    Rachelle Leslie
m    (200) Heather Leonard   3-27-67
m    (206) Sarah Lewis       10-4-45
m    (207) LiNda  LiviNgstoN  10-1-51
S    (211) Klaudia Lowe      9-26-53
S    (215) GwerdolyN Lusane  6-21-57
●    (221) JoelleN Marshall  12-21-51
     (227) James McINdoe     7-6-50
     (233) LiliaN Mc.NiveN   5-12-32
     (236) Barbara WiNstoN   10-30-69

21

(7)

U.S. vs Aguas 427 US 97 112 96 S.Ct 2392 2402 49 Led 2d 342
Brown vs Texas 443 u.s. 47,99 S.Ct 2637 61 Led 2d 357
Schook vs United State 337 F 2d 563 8th Cir (1964)
Butler vs State 380 So 2d 381 Ala Crim App (1980)

Hearsay

Coleman vs State 423 So. 2d 276 279 So (1982)
Mc Elroy vs State 254 Al (8) Gamble Ala. Evidence 242 01-1
3rd (1977) leverett vs state 18 Ala App 578 520 93 So. 347 349
Davis vs Davis 475 So 2d 654 Daniels vs state 650 - 544 55

Influence Jury

Sander vs State 1171. 1 (2) 1(7) (3) Reversal error
in Closing Argument by State Pg 326 Trying To Kill That
Person, his Property. Nowhere I Told The Jury
I were going To bring in lots of Wittness
Pg. 327. Tim Brown Never said i Ran Them off
The Road I Never said i Were out To get her
Pg. 329 I Told ms Benson with a gun i were going To
Kill her Pg 333 in front of The Judge I would have
used That hatchet on her 2 years he Terrorize
her life  you The Jury have To follow The Judge
Instruction  lie To save your Neck (yes sir) Phone
Visiting her Job All under state Petitioner did All This
See: Transcript Unfounded As state Alleged.

(2)

Law Vs Facts   Drifwood Vs Griggs  620 So.2d 582
Scruggs Vs scruggs may set aside any Cradible evidence 456 so.2d 319
McCoy Vs McCoy 549 So. 2d 53
Jones Vs U.S. 526 U.S. 227, 243 N. 6 (1999) 6th Amend
U.S. Vs Castellanos 904 F 2d 1490 11. cir. (1996)
U.S. Vs lewis 115 F. 3d 1531 11.Cir 1997
US Vs Jackson 57. F. 3d 1012 11.cir 1995
Jones R. Causart 700 So 2d 1206-1201 Ala Crim app. 1997 Excessive Bail
Powell Vs State 285 ala 230 231 so. 2d 103 Jury
Campbell r Campbell 55 ala app 444 new Trial
Allen Vs State 55 ala app 549   Bias
Grem Vs Ga. 442 US 95 9799 S.Ct 2150 2151 60 Led 2d 738 (1979)
U.S. Vs Dilter 889 F 2d 1064 1067 11. Cir (1989)
Thompson Vs State 563 So 2d 871 880 (1986)
Swain Vs State 380 no 202 85 S.Ct 824 13 Led 2d 759
Raines Vs State 429 So 2d 1104 1108 Withholding evidence
Davis Vs US at B 42 93 S.Ct 1582, Jury

STATE has failed To give evidentary hearing
and/or Reason For Denial of any motion
In violation of Due process of law

(9)

Prim vs State 616 So 2d 381

Dibbs vs State 237 So 2d 515 46.31

Wright vs St 424 So 2d 1324

Walker vs St 86 so 257 17 a a g g 55

McConico vs St 919 F 2d 1543

Shaw vs State 18 Ala 547

Ellison Vs St 312 So 2d 632 ale app 56.

Madden Vs State 40 Ala. APP 271 112 So 2d 796 1959

6th Amend Article 1 Section 6 Ala 1901 Act No 77 Supra

(4)(5) lack of fair Trial And/or Due Process

H.O.A.

State failed To Show Proof of H.O.A Certification
Where as in Timely Manner To give Petitioner A Chance
To Challenge Validy of Charges, There fore
on day of sentence Were improper, And Can
only be hearsay evidence, Without Parol evidence
of Prior Cases from Custodian Was A PreJudical
error, Code of Ala Title 7 383 (A) 383(3) 386 Supra
Cti Rule 45, (10) Right To Cross examination of Whitness
const 1901 6 U.S. CA Const, Amends (6)(14)
lowry Vs State 55 Ala APP 514 AT (9) 662 (4)
State failed To Make or Lay A Predicate, Provide Uniform
Procedure, Transfer of Record is improper, Calls
For A Rereseable And/or New Trial, Code of Ala
lowry Vs State 55 Ala APP 511.

C4

Pg. 9.

Brady Vs. Maryland

373 US 83    83 S.CT 1194 10 Led 2d 215
373 US 87 [83 S.CT 1196, 360 US. 264 269 79 S.CT. 1173 [1177
Witholding of evidence by State. (1) Complaint filed by
Voxciel Minnifield Nov. 21st With Stalking. (2) on Monday
Nov. 23rd. 1998. Complaint Was Charged With Stalking
State Knew All along There Were No Stalking This is
Why State Never introduced into evidence of the Us
Incident. And on monday There Could Not have been
Stalking. At 7:30 AM Complaint Never gotten To
Work Until 8:30 AM. Are Nearly 9 AM Where Was The
Stalking?                Denial

Due Process

An integral Part of A Trial is Accused Person has
Rights To be Present. Whereas Witness Were brough
before The Court Without Defendant being Present
To See Whom Were To Testify For The State An To
What There Testimony Would Contain. Newly Discov
State Vs Grey 256 N.W 2d 74 minn 1977
Anderson Vs NY. 16 2d 282, 266. Hostile Witness
only found out Through Transcript Stinson Vs CommonWealth
712 SW 2d 939 940. Peagel Vs State 110 11-20 50 363
651 So 2d 631. Rule 9.1 AlA. This Were Not Pre-Tri
Suppression but After The Jury Was Struck.

25

Pg 10

INDICTMENT is faulty AN/OR Defected For Failing To
Track The language of The Status See; UNited STATE Vs
Balint 258 U.S. 250 S.CT. 0.5

Elements For Failing To State KNowinglly, No Time Fram
No geography location, Rule 13.2 A.R.C.P
Stewart Vs State 580 So 2d. 27 ala app 1991
Walker Principle 356. So 2d. 674
Harper Contention Along With The Crump Case
417 SO SO 2d. At 614.

                    SUMMARY Judgement
Petitioner Contention Is That The State of Alabama Will
Honor This Motion, and Produce The body before The
Court In This Post Relief Petitioner AN give Relief
AS Afforded by law. From This UNJust Sentence AN/OR
give Petitioner A New Trial To Prove The Allegation That
The State And Alleged Victim has Fabricated on one John
Willie Minnifield, IN Violation of The, Due Process Clause (ARL
AN/OR The Code of AlA, 1975, The United State Constitional.
IN Violation of Petitioner Civil Rights AN/OR With.olding
Discoverable INFORMATION, Petitioner hope And Pra
Court Will Vacate Sentence. AND GRANT New
Trial. AND ANY Relief deem Reasonably IN
This Post Conviction Relief Respectfully Submitte
                    Petitioner John W. MINNifield
                    DoNe This 8th day of Jan. 20

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

JOHN WILLIE MINNIFIELD,          *
                                 *
        Petitioner,              *
                                 *
v.                               *     CASE NO. CC-99-327.60 GR
                                 *
STATE OF ALABAMA,                *
                                 *
        Respondent.              *

ORDER

This cause is before the Court on a Rule 32 Petition filed by Petitioner. The Court having considered the matter it is ORDERED that the State is given 30 days from the date of this Order to file a response to said Petition.

DONE this the 11th day of January, 2001.

Sally Greenhaw
SALLY GREENHAW
CIRCUIT JUDGE

RECEIVED
1-16-01
CIRCUIT COURT CLERK

copies:

Daryl Bailey,  D.D.A.

JOHN WILLIE MINNIFIELD
AIS 112145
VENTRESS CORRECTIONAL FACILITY
P.O. BOX 767
CLAYTON, AL  36016

27

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA | ) | |
| Respondent | ) | |
| | ) | |
| v. | ) | CC 99-327.60 SMG |
| | ) | |
| JOHN MINNIFIELD | ) | |
| Petitioner | ) | |



## MOTION TO DISMISS PETITONER'S PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

Comes now the State of Alabama by and through its District Attorney for the Fifteenth Judicial Circuit, Eleanor I. Brooks, and hereby requests that this Honorable Court dismiss the Petitioner's Petition For Relief From Conviction or Sentence and for grounds would state as follows:

1. Petitioner alleges that the State altered evidence and failed to introduce the complaint and affidavit.

    a.    Introduction of an affidavit and complaint as an evidentiary exhibit is not required under the law.

    b.    Petitioner's allegation that the State altered evidence is a bare allegation with no factual basis of support. Rule 32.6(b) of the *Alabama Rules of Criminal Procedure* states that a "petition must contain a clear and specific statement of the grounds upon which relief is sought, including a full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings."

28

2. Petitioner alleges that the State brought witnesses before the Court in his absence.

    *a.*    Rule 32.6(b) of the *Alabama Rules of Criminal Procedure* states that a "petition must contain a clear and specific statement of the grounds upon which relief is sought, including a full disclosure of the factual basis of those grounds.  A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings."  Petitioner has failed to abide by the requirement of this rule.

3. Petitioner alleges that the State invoked the Habitual Offender Law without giving him an opportunity to challenge the legality of his prior convictions.

    a.    Petitioner was given ample opportunity to contest the validity of his priors before he was sentenced. Petitioner was notified in writing by the undersigned prosecutor on March 9, 1999 that the State intended to invoke all sentence enhancements including the Habitual Offender Law at the time of sentencing. Petitioner's priors were also documented in this same letter (see attached exhibit A).

    b.    Petitioner also had from January 12, 1999, date of his conviction, to February 7, 1999, date of his sentencing, to contest the validity of his priors.

4. Petitioner alleges that the State fabricated his NCIC report and falsified cases before the Grand Jury.

    a.  Rule 32.6(b) of the *Alabama Rules of Criminal Procedure* states that a "petition must contain a clear and specific statement of the grounds upon which relief is sought, including a full disclosure of the factual basis of those

grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." Petitioner has failed to abide by the requirement of this rule.

5. Petitioner claims that all black males were illegally struck from the jury which heard his case.

    a. Rule 32.6(b) of the *Alabama Rules of Criminal Procedure* states that a "petition must contain a clear and specific statement of the grounds upon which relief is sought, including a full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." Petitioner has failed to abide by the requirement of this rule.

6. Petitioner alleges that the State's witnesses were unable to state that victim was being stalked by the Petitioner.

    a. This allegation raised by the Petitioner is precluded by Rule 32.2(a)(2) of the *Alabama Rules of Criminal Procedure* which states that a "petitioner will not be given relief under this rule based upon any ground which was raised or addressed at trial." This was clearly the issue before the jury that decided Petitioner's case and their decision as evidenced by their verdict was that the witnesses were able to prove that Petitioner was guilty of stalking the victim.

7. The issues that Petitioner raised in the above referenced Petition were addressed and answered in this instant document to the best of the undersigned's ability to decipher the mostly incoherent writing of the Petitioner.

8. Petitioner's petition is due to be dismissed based on the grounds stated above and also due to the fact that all of the issues raised by Petitioner were raised on appeal or could have been but were not

30

and are therefore precluded by Rule 32.2(a)(4),(5) of the Alabama Rules of Criminal Procedure.

Wherefore premises considered, the State requests that this Honorable Court <u>dismiss</u> Petitioner's petition and assess all related costs to Petitioner.

Respectfully submitted this 5th day of February, 2001.

Eleanor I. Brooks
District Attorney

By: _Daryl D. Bailey_
Daryl D. Bailey
Deputy District Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the Petitioner by placing a copy of the same in the U.S. mail addressed to his last know address this 5th day of February, 2001.

_Daryl D. Bailey_
Daryl D. Bailey
Deputy District Attorney

31

"Exhibit 1"

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA,          )
        Plaintiff,          )
                            )
v.                          )     CC No. 99-0327-SMG
                            )
JOHN WILLIE MINNIFIELD,     )
        Defendant.          )

NOTICE OF
DISCOVERY TO DEFENDANT,
INTENT TO USE PRIOR CONVICTIONS,
INTENT TO INVOKE SENTENCING ENHANCEMENTS,
INTENT TO OFFER PROOF BY A CERTIFICATE OF ANALYSIS, and
MOTION FOR DISCOVERY BY THE STATE

        COMES NOW the State of Alabama, by and through its District Attorney
for the Fifteenth Judicial Circuit, Eleanor I. Brooks, and gives notice as
to the following:

( ✓ )1.   Pursuant to Rule 16.1, A.R.Cr.P., and as otherwise required by
law, all available discovery has been provided or made available to the
Defendant's counsel of record.  Physical evidence, if any, is in the custody
of the investigating law enforcement agency or the Alabama Department of
Forensic Sciences.  Arrangements to inspect physical evidence may be made by
contacting the undersigned.
        The State has, with this notice, furnished a copy of the complete
"case file" (less work product) to Defense Counsel.  This material is page
numbered sequentially from 000001 to _98 & 101-103_.
The State will consider this discovery material to have been received in
its entirety by Defense Counsel unless the State is notified in writing of
any discrepancies.

( ✓ )2.   The State intends to use at trial any and all prior convictions,
crimes, wrongs, or acts of the Defendant for those uses permitted by Rules
404(b) and 609 of the A.R.E., and as otherwise allowed by law.  The State is
presently aware of, and intends to use, the following:

Burglary II cts Talapoosa 1961       Burglary Talapoosa 1986
Robbery St. Clair 1969               Burglary 7cts Talapoosa 1980
Burglary & Grand Larceny St. Clair 1975  Grand Larceny Autauga 1981
Grand Larceny St. Clair 1975         Burglary II Autauga 1985
Burglary II Marengo 1980             Grand Larceny Autauga 1985

(  ✓  ) 3.  The State intends to invoke all sentencing enhancements required or permitted by law, including the Habitual Felony Offender Act based on any applicable felony convictions, known and or any convictions which may subsequently be disclosed, and <u>if applicable</u>, the following:

(     )  Enhancement for use of firearm of deadly weapon.
        Minimum term of imprisonment of _____ years.

(     ) 4.  Pursuant to Sections 12-21-300 through 303, Code of Alabama, written notice is hereby given of the State's intent to offer proof by a certificate of analysis in lieu of direct testimony.  The certificate of analysis is from the Alabama Department of Forensic Sciences and is included in the provided discovery material.

(  ✓  ) 5.  Pursuant to Rules 16.2 and 16.4(c), A.R.Cr.P., and as otherwise required by law, the State requests a copy of all discovery to which it is entitled and hereby moves this Honorable Court for an order granting same to the State.

Respectfully submitted this 9 day of March, 1999.

ELEANOR I. BROOKS
District Attorney

By: _Daryl D. Bailey_
Daryl D. Bailey
Deputy District Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing motion was served upon the Honorable Wiley Hartley by hand delivery or by placing a copy thereof in the United States mail, postage prepaid and properly addressed this 9 day of March, 1999.

ELEANOR I. BROOKS
District Attorney

By: _Daryl D. Bailey_
Daryl D. Bailey
Deputy District Attorney

33

SMG

pg.1

John Willie Minnifield
            Vs
Montgomery Co. Lir Ct.
State of Alabama

FEB 2001
Filed
Melissa Rittenour
Circuit Clerk

LL No. 99,327,60,SMG
Feb. 13th 2001  8 pages

                    Amendment To Rule 32 Rebuttal
Whereas State of Alabama filed Motion With The
Court in Case No LL 99-327.60 SMG To dismiss
Petition For Relief From Conviction or Sentence


(1) State Claims bare Allegation From Altered
evidence And failed To introduce The complaint
Alabama Rules of criminal Procedure states
That a Petitioner Must Contain a clear And
Specific statement of The grounds upon which
Relief is sought, including a full disclouser of
factual basic of Those grounds. In Rule 32 There
Are factual basic And evidence As in Rule 32


(2) evidence from sheriff dept. That was Turned
over to D.A. office, An Clerks Where as Victim
filed Stalking charges on The petitioner on The
21st of Oct. 1998, Saturday Night on hearsay
evidence from lawanda Benson (1) in Riverside
Where as The petitioner Talked with Ms. Benson
Stalking charges could Not Survive There because
Allege Victim Was Not At That Address of hears
Allegations That Transpired Through Conversation

54

A(1.a)

## MOTION FOR JUDGEMENT
## NOTWITHSTANDING The VERDICT OR/IN The ALTERNATIVE, FOR
## New Trial

Petitioner John Willie Minnifield Move The Court To Set
Aside The Verdict And Judgement entered in The Above
Styled Action of Feburary The 12th 2000, and enter The
Judgement in favor of The Petitioner, in accordance with
The Newly discovered evedence, Petitioner Also Move for
A directed Verdict or in The Alternative, The Petitioner
John Willie Minnifield Moves The Court To set aside The Verdict
An grant The petitioner A New Trial on The following
grounds herein As following Procedure of Newly discovered
evedence,

(1) Denial of Due Process (1a) Witholding favorable evendence, (Brad in
(2) Denial To be Confronted by state Witnesses At Trial
(3) Defected indictment
(4) hearsay evedence Without Direct Proof
(5) Proof by The deputy on duty That complaint Was filed Oct 21st, 199:
(6) did Not Recieved Motion for discovered evedence As Afforde
(7) The invoking of The H.O.A To challenge
(8) Fabricating N.C.I.C Report of unfound Prior,s
(9) state Violated The Rules of Batson in Premptory Challenge
(10) illegality of The Statute on Stalking And Time An Place
See: Transcript The indictment stated The Stalking
Allege,s To Taken Place on Oct. 23rd 7:15 between AN #7:HOAN
AT The Plaza on Washington Ave. See Vonciel Statemen
and on Nicholas Washington Where it Taken Place.

pg 2

With Ms Benson. So There Was No factual basic
To Withold This information from The Jury An/or
The Court. but To get A Conviction The Petitioner
Still Alleges That on Monday OcT. The 23rd. 1998
The Warrant Was Again issued Whereas The
Petitioner Talked With Nicholas Washington on
Ripley St. And left Message by Mr. Washington
What To Tell My Wife former That is An/or Was
Victim Was Not in building Nor Would be There
for Another 2 hours. The Petitioner Was No
Where in That Part of Town Nor in between
her Residence And Work Place. See: Transcrip
Nor Victim Seem To Recall Seen Me on The
23rd OR OcT. Where Was The Stalking?

DirecT PROOf

(3) Petitioner found out And have The direct
PROOf That They is A depuTy For The Sheri
dept. That There duTy Was Working from The
10 To 6 am Shift, That There duties on OcT. The
21st That Vonciel did Come in And Sign A
Complaint of Stalking on That Night This is
Newly discoverd evidence That Was Revealed To The
Petitioner After The Trial. Petitioner did Write The
Warrant An/or Complaint office And gotten Thi
information Which Require An evendentary
hearing for A Possobly New Trial An/or Whatever
Relief The Court deems fit.

36

pg 3

(2) Petitioner still alleges that state brought witnesses before the court in petitioner absence. True See: Transcript pg. 51,52,53 After the jury was impanled for a Collogy without the petitioner present to see whom are the hostile an/or inhostile witnesses was an/o. What there testimony would be. In order to impeach there Credibility. The petitioner has a rights to meet his Accuser before trial which violate one 5th, 8th an/or 14th Amendment petitioner did not know About this violation until the Transcript was turned over to the petitioner After council filed appeal to Appellate Court, This is Newly discovered evidence to the petitioner. Which Call for an/or evendentary hearing. And Possably New trial. Petitioner an/or whatever the court deems fit.

(3) State contend the invoking of the H.O.A. was given the Notice in ample time for a Challenge to prior Acts According to rules 16.2 And 16.4 A.R.C.P. Required by law. Petitioner was Not Notified on the 9th day of march 1999 as state contend. (3A). See Transcript Pg. 25 The Petitioner filed Motion for discovery And Motion for to dismiss Council John Wesley Hartley on April 29th 1999 And Move to Represent self. Petitioner was Not Afforded Discovery As Requested To The courts in a timely manner as requried under

Rules of criminal Procedure, even state could not have proved Prior acts where as state did not have certified documenteds Priors. Nor did state speak of invoking The H.O.A until Feb.#1th sentecing date, 2000, state did not recieved from the clerk of the court Marengo co until 2-9-2000, This information. See: TR. Pg. 53   2-9-2000 Coosa county clerk in Coosa County did not receive request for the records from Montgomery until Janury 28-200 Requested by state To Tallapoosa county January 18th. Recieved Records at D.As request 2-9-2000.

(1) Requested for Records Jan. 14th 2000, Marengo Rec. 2-9-2000
(2) "       "       "           Jan. 28th 2000, Coosa Rec. 2-9-200
(3) "       "       "           Jan. 18th 2000, Tallapoosa Rec. 2-9-200

Petitioner was sentence Feb. 12th 2000. There was not ample time to test the validity of the content which in violation and should never been used due to violation that this information was sent to D.As office and not the clerk of the Montgomery co. cir. court, in violation of the A.R.C.P. The Petitioner contend this is newly discovered evidence. Which required an evendentary hearing for a possably new trial an/or whatever relief the court deems fit.

(4) State Claim There is NOT PROOF N.C.I.C. Report
Was NOT Fabricated. Petitioner has Proof No Whe
IN ANY N.C.I.C ReporT That The PETITIONER Was
CONViCTION imposed oN RecoRd of The following
(1) Robbery St Clair Co. 1969
(2) BuRglaRy St Clair Co. 1975
(3) Burglary AuTaguA Co 1985
(4) Burgulary 7 cts Tallapoosa Co 1980
(5) GRaNd larceNey AuTauga co 1985 + 1981
(6) Burglary II cts Tallapoosa Co. 1961
(7) GRaNd larceny St Clair Co. 1975
The PETITIONER did NOT Recieve The MoTioN foR
discoVeRy As AffoRded by A.R.C.P. This Newly
discoveRd evidence Which RequiRe AN eveNdeNTaRy
hearing foR Possably New TRial AN/OR WhateveR
Relief The CoURT deems fiT.
STaTe Claim ThaT The PETITIONER failed To Abide
by The Rules of A.R.C.P. IS A bare Allegation
PuTTiNg The Above befoRe The GRaND JuRy is iN
Violation of The PETITIONER CoNSTiTioNal RighT;S
AffoRded by The Ist 5Th 6Th 8Th AN/OR 14Th
AMENdMENT; of The UNiTed STaTe,s of AMERicA
NoNe of These issue;s Was NoT Raised oN Appedl
because They Was NoT KNowN iN Time foR of
befoRe TRial. No fault of The PETITIONER;

pg. 6

(5) State have to claim the alleged jury was struck in compliance within the confines of the Rule of A.R.C.P in peremptory strikes. Not so in Batson vs. Kentucky, 476 US 97, 106 S.CT 1723 Swain vs. State 380 US 202, 85 S.CT 824 13 Led 2d 75. The record will show State did not have any black males on petit. jury whereas both party was blacks this is in violation of the 5th Am or 14th Amendment. Petitioner contends that this is a clear conduct of bias an prejudce to the petitioner. Context is he should be afforded an evendentary hearing for a possibly new trial an/or whatever relief the court deems fit

State in its motion has sidestep the issue on the illegality of the stalking statute by saying he cannot decipher the mostly incoherent writing of the petitioner. A bare allegation by the State. To seek the truth an/or face up to the facts that all of the allegation namely above is newly discovered evendence and should not be dismissed which will prove the petitioner is not guilty as charged.

INDICTMENT

State know that the indictment is default. Which petitioner was never served with a copy of the indictment which is faulty

40

Pg.1

EJusdem Generis — Not Clearly of what is Prohibited
is Not Clear on it face an/or in the Tracking
No elements as in Aiello vs Wilmington
623 F 2d 845, 850 3rd cir [1 [9][4th] Where was
The intention? Should be Reverse

Culbreath Vs State
#667 So 2d 156 (1995) engage s in an intentional
Course of Conduct directed at a specified an
To That Person. Not so here This is Newly
discovered evidence That The D.A. Can
Decipher.

Like of Due Process
The Basic Principle of due Process That an
enactment is void for vagueness if it Prohibition
are Not Clearly define. In Robinson vs U. State
324 US. 282, 286 65 5.Lt. 666, 668 89 L.ed 2d 94
The Ala. Stalking has Trapped The innicent by
Not giving fair warning.

illegal evidence
State did use City Case s Which was on Appea.
A.R.L 8472 d 304 Wigmore on evidence 3rd ed vol
2, 304 State Cannot use in in evidence other
act s To have been committed To show A
Tendcy To have commit This Case is A
Violation of A.R.C.h The Petitioner is Reques
for by The State for filing fee Which is
```(illegible)```

1-A

A Clear an Precise enactment May Never the less be over broad" if in it Reach,s it Prohibits Constitionally Conduct," without clarifection by A thourgly investigation from all side,s an/or both Partie,s.

Following

Is Not Prohibited where there is No disruption of one,s Freedom of movement. And by accidently be in the same Place by chance. And Not intentionally.

Credible Threat,s

Worthly to carry out and or Reach it Fruition to harn by engaging. Some sort of conduct,s And or Proven Fact,s. Prior Act,s of violence.

Fear,s

Every one is Fearful of something in life. There Mus be direct Proof by some type of Attempt engaugment And/or Act,s of intimidation from one to Another an/or Prior Act,s to believe And why.

Witness

Witness must be credible by investigator of Prior Ac of untruthful. In sworn before the Court to be lying. is A Perjury, And False imprisanment is liable

Smith vs State 557 So 2d 1161 1165
Morton vs State 651 So 2d 42

42

Pg 8

## Vagueness

Dodgers Bar 32 F 3d 1443 Citation omitted
[13] The Petitioner final Argument is That Resolution
68-92 is unconstitionally Vague in This preenforce
ment contex, The court withold The Petitioner
Challenge only if The enactment is impermissibly
Vague in All its Applications which is True in
This Case we see: in Mc crary vs state 429 so 2d
1121 Vagueness (251) As in Buckley vs Valeo 46 led 2c
659, 424 U.S.1 96 S.ct 612 No man shall be
held criminally Responsible for conduct which
he could Not understand as in Harris 347
U.S. 612, 617 98 led 2d 989 74 S.ct 190. The Petitione
only seeks An evendentary hearing for possably
A New Trial And/or Any Relief This court seem
Justified.

### Sworn Affidavit

I Swear That The Above is True And/or Correct
To The best of Knowledge That There was New
Any occasion i stalked Vonciel Minnifield Look
on Any occasion Nor was There A
Restraining order Are Any Type of orde
by her or Anyone She Nor i The Petitioner
Seen each other on The 23rd of oct 1998
                    I Swear  John W 3 Minnifield

43

INDICTMENT

IN This INSTANT The INDICTMENT The PLACE AN TIME is OF
UTMOST IMPORTAINT IN CITING This CASE UNDER RULE 13.2
Shall be PlaiN AN/OR CONCISE IN The STATEMENTS OF
FACT,s. WHEREAS The DATE, TIME AND PLACE do NOT INCLUDE
A UNDERSTANDING OF The WORDING AN LANGUAGE SUFFICIENTL
deSiNE,S To INFORM A defendANT WhAT he has To FACE
AN/OR defend AGAINST. NOR CUlPABLE MENTAL STATS.
ThERFORE The INDICTMENT Should be Void AN CASE
RENDERED.

NOTARY BLOCK

SWORN TO AND SUBSCRIBED BEFORE ME This 13th OF February
2001 NOTARY MY COMMISSION EXPIRES          AFFIANT
NOTARY= Shirley Ann Smith 9/30/0     John Willie Minnifield

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA            )
                           )
v.                         )        CC 99-327.60 SMG
                           )
JOHN MINNIFIELD            )

ORDER

This matter is before the Court on Petitioner's Petition for Relief
from Conviction or Sentence, filed pursuant to Rule 32, Ala. R. Crim. P. on
or about January 10, 2001. Upon consideration thereof, and having taken
judicial notice of this Court's own records, this Court finds as follows:

1. Petitioner's claim that the State altered evidence and failed to
   introduce the complaint and affidavit is without merit. This Court
   finds that introduction of an affidavit and complaint as an
   evidentiary exhibit is not required under the law. This Court
   further finds that Petitioner's allegation that the State altered
   evidence is a bare allegation with no factual basis of support.
   Petitioner failed to make a clear and specific statement of the
   grounds upon which he sought relief and failed to make a full
   disclosure of the factual basis of those grounds in accordance
   with Rule 32.6(b) of the Ala. R. Crim. P.

2. Petitioner's claim that the State brought witnesses before this
   Court in his absence is without merit and Petitioner has failed to
   prove this claim by a preponderance of the evidence.

3. Petitioner's claim that the State invoked the habitual offender
   law without giving him an opportunity to challenge the legality of
   his prior convictions is without merit. This Court finds that

RECEIVED
2-28-01
CIRCUIT COURT CLERK

Petitioner was notified in writing of the State's intention to invoke all sentence enhancements including the habitual offender law on March 9, 1999. This Court further finds that Petitioner had from January 12, 1999, date of his conviction, to February 7, 1999, date of his sentencing, to contest the validity of his prior felonies and he failed to do so.

4. Petitioner's claim that the State fabricated his NCIC report and falsified cases before the Grand Jury is without merit. This Court finds that Petitioner failed to prove this claim by a preponderance of the evidence and failed to provide a clear and specific statement of the grounds upon which he seeks relief. Petitioner has made a bare allegation that a constitutional right has been violated and is therefore not entitled to relief.

5. Petitioner claims that all black males were illegally struck from the jury which heard his case. This Court finds that Petitioner has failed to prove this claim by a preponderance of the evidence and has only made a bare allegation that a constitutional right has been violated and is therefore not entitled to relief.

6. Petitioner's claim that the State's witnesses were unable to state that the victim was being stalked by Petitioner is without merit. This Court finds that this was the issue that was clearly before the jury that decided Petitioner's case and considered by them when finding Petitioner guilty of Stalking. This Court further finds that this is an issue which could have been but was not raised at trial or on appeal and therefore Petitioner is not entitled to relief.

7. This Court finds that all other claims addressed by Petitioner are without merit and are denied.

8. This Court finds that Petitioner's petition is due to be dismissed based on the grounds stated above and also due to the fact that

all of the issues raised by Petitioner were raised on appeal or could have been but were not and are therefore precluded by Rule 32.2(a)(4),(5) of Ala. R. Crim. P.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that, Petitioner's Petition is summarily dismissed in accordance with Rule 32.7(d), Ala. R. Crim. P. and all costs SHALL be taxed against Petitioner.

Done this 20 day of February, 2001.

Sally M. Greenhaw, Circuit Judge

Cc:

Petitioner

Hon. Daryl Bailey, Deputy District Attorney

47

John Willie Minnifield
Appellant

vs

CC No 99-327

Montgomery Alabama Cir. Ct.

State of Alabama
Appellee

Form. 106. Notice of Appeal.
To The Alabama Court of Criminal Appeals

Conviction of Order Appealed From Post-Conviction Relief
Rule 32. Pro/Se. From The Circuit Court of Montgomery Co. Alabam
Date of Conviction filed January 10th 2001
Date of Denial The 20th day of Feburary 2001.

The Petitioner John Willie Minnifield filed Rule 32 For Post
Conviction Relief Through Rule 32 on Newly Discovered
evidence, To This Court Which Was Denied the 20th of Feb.
2001. The petitioner is given Notice of Appeal Through The
Cir. Clerk Millisa Rettenour To file with The Alabama
Court of Criminal Appeal The final Order of The
Montgomery Co. Cir. Court, And The Rule 32. ANY AN
All Objects AN/OR Papers Along With The date The
Clerk Files A Notice To let me Know in A Timely
Manner As Scribed by law.

                        Respectfully Submitted
                        John Willie Minnifield
                        Done This 5th day of March 2001.

ACR371
ALABAMA JUDICIAL DATA CENTER
NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
BY THE TRIAL COURT CLERK
IN THE CIRCUIT COURT OF MONTGOMERY COUNTY
STATE OF ALABAMA VS MINNIFIELD JOHN WILLIE    JUDGE: SARAH M. GREENHAW

APPEAL DATE: 03/05/2001

INDIGENCY STATUS:
    GRANTED INDIGENCY STATUS AT TRIAL COURT:        X  YES      NO
    APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:  X  YES      NO
    INDIGENT STATUS REVOKED ON APPEAL:                 YES    X NO
    INDIGENT STATUS GRANTED ON APPEAL:              X  YES      NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PETITION

THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CO/CASE NUMBER: 03/CC 1999 800327.60

ORDER ENTERED(DATE): 02202001 PETITION: X DISMISSED  __DENIED  __GRANTED

POST-JUDGMENT MOTIONS FILED:   DT FILED      DT DENIED    CON BY AGREE
    MOTION FOR NEW TRIAL
    MOTION FOR JUDG. OF ACQUIT
    MOTION TO W/D GUILTY PLEA
    MOTION FOR ATTY TO W/DRAW
    OTHER

COURT REPORTER(S):
ADDRESS:

APPELLATE COUNSEL #1:          PRO SE
ADDRESS:                                              00000
PHONE NUMBER:                  000-000-0000

APPELLATE COUNSEL #2:
ADDRESS:

PHONE NUMBER:

APPELLANT (PRO SE):            MINNIFIELD JOHN WILLIE
ADDRESS:                       P.O. BOX 767
                               CLAYTON        , AL  360160000
AIS #: 112145

APPELLEE (IF CITY APPEAL):
ADDRESS:

I CERTIFY THAT THE INFORMATION PROVIDED          OPERATOR: PAA
ABOVE IS ACCURATE TO THE BEST OF MY      PREPARED 03/12/2001
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 12 DAY OF March 2001    CIRCUIT COURT CLERK

**44**

| State of Alabama<br>Unified Judicial System<br>Form ARAP-26 (front)    8/91 | COURT OF CRIMINAL APPEALS<br>DOCKETING STATEMENT | Criminal Appeal Number<br>_CR - 00-1167_ |
|---|---|---|

**GENERAL INFORMATION:**

☒ CIRCUIT COURT  ☐ DISTRICT COURT  ☐ JUVENILE COURT OF _Montgomery Co. Alabama_ COUNTY

_John Willie Minnifield_ , Appellant

V.  ☒ STATE OF ALABAMA  ☐ MUNICIPALITY OF _____

| Case Number<br>99 - 327 - 60 | Date of Complaint or Indictment | Date of Judgment/Sentence/Order |
|---|---|---|
| Number of Days of Trial/Hearing<br>N/A    Days | Date of Notice of Appeal<br>Oral: | Written: |

Indigent Status Requested:  ☒ Yes  ☐ No        Indigent Status Granted:  ☒ Yes  ☐ No

**B. REPRESENTATION:**

Is Attorney Appointed or Retained?  ☐ Appointed  ☐ Retained.  ....If no attorney, will appellant represent self?  ☒ Yes  ☐ No

Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary)       Telephone Number

_John Willie Minnifield   Pro/Se_

| Address<br>P.O. Box 767 Ventress Corr. | City<br>Clayton # | State<br>Alabama | Zip Code<br>36016 |
|---|---|---|---|

**C. CODEFENDANTS:** List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
|---|---|
| Codefendant     N/A | Case Number |
| Codefendant | Case Number |

**D. TYPE OF APPEAL:** Please check the applicable block.

1 ☐ State Conviction        4 ☐ Pretrial Order            7 ☐ Juvenile Transfer Order      10 ☐ Other (Specify)
2 ☒ Post-Conviction Remedy  5 ☐ Contempt Adjudication    8 ☐ Juvenile Delinquency          _____
3 ☐ Probation Revocation    6 ☐ Municipal Conviction      9 ☐ Habeas Corpus Petition        _____

**E. UNDERLYING CONVICTION/CHARGE:** Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 ☐ Capital Offense - § _____      6 ☐ Trafficking in Drugs - § _____      11 ☐ Fraudulent Practices - § _____
2 ☐ Homicide - § _____            7 ☐ Theft - § _____                     12 ☒ Offense Against Family - § _____
3 ☐ Assault - § _____             8 ☐ Damage or Intrusion                    13 ☐ Traffic - DUI - § _____
4 ☐ Kidnapping/Unlawful                  to Property - § _____              14 ☐ Traffic - Other - § _____
     Imprisonment - § _____        9 ☐ Escape - § _____                    15 ☐ Miscellaneous (Specify):
5 ☐ Drug Possession - § _____     10 ☐ Weapons/Firearms - § _____          _____ - §

**F. DEATH PENALTY:**

Does this appeal involve a case where the death penalty has been imposed?    ☐ Yes  ☒ No

**G. TRANSCRIPT:**

1. Will the record on appeal have a reporter's transcript?    ☐ Yes  ☒ No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed. __3 - 22 - 01__
                                                                                                        (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk?  ☒ Yes  ☐ No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions?  ☒ Yes  ☐ No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

Form ARAP-26 (back)    8/91    COURT OF CRIMINAL APPEALS DOCKETING STATEMENT

**H. POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| Jan. | 10 | 2001 | Rule 32. | Feb | 20th | 2001 |
| | | | | | | |
| | | | | | | |

**I. NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case. Nov. 23 1998 Charged stalking of my wife which is Absurd. Were there evidence of stalking No. We seperated on Oct. 8th 1998. After 1 week she moved back in but could not settle back in due to her crack addiction an infidelty, cheating keeping the kid out late. When I talked to her about it After 6 days back she left, Again an moved into Brownview Apt. After 2 week she would call me ev my job about coming over to her Apt. to have dinner I did because I wanted to save my marriage, she said she wanted to come back After I put down the new carpet. later that friday she beg me to get her a phone, I did purchase a cellar phone for her, she given me the number on monday she had the No. changed every one had the new number but me. We talked everyday on job phone she still used my bank account to withdraw money. on thursday night I went over to get the vacum cleaner believing we were going back together. she had a man Pete Rose in the house I snapped and kicked the door her and pete Rose hid in the closet The 14 year old daughter tried to keep me out of the bed room in tussling with her I slapped her by mistake. She screamed and jumped through the window Pete Rose pushed my wife out of the closet And she went through the window chased her with a hatchet but I ever caught her, I were arrested. (1) Harassment Disoderly conduct which I appealed There after going ~~up~~ down Ripley St. between Adam & washington I left word with her co-worker that I was going out of town we need to talk upon my return

**J. ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary.)

(1) Defected indictment
(2) State Altered evidence an witheld evidence
(3) State brought witness before the court in my Absence
(4) State did not mention HOA until sentence date
(5) State did Fabricate N.C.I.C. Report with false cases
(6) State used city cases to get a conviction. which is inadmissable
(7) State use one of it star wittness testimony to convict. wittness did not use her own name while under oath before the jury
All of the above I have evidence. Banishment from Montgomer or go to jail

_John W. Minnifield_

**K. SIGNATURE:**

7-22-2001
Date

N/A PRo/se
Signature of Attorney/Party Filing this Form

**51**

| State of Alabama<br>Unified Judicial System<br>Form ARAP-1C     8/91 | REPORTER'S TRANSCRIPT ORDER -- CRIMINAL<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number<br>CR - 00 - 1167 |
|---|---|---|

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

☒ CIRCUIT COURT ☐ DISTRICT COURT ☐ JUVENILE COURT OF _Montgomery_ COUNTY

_John Willie Minnifield_ , Appellant

V. ☒ STATE OF ALABAMA ☐ MUNICIPALITY OF _____

| Case Number<br>99-327-605mg | Date of Judgment/Sentence/Order<br>20th day of Feb 2001 |
|---|---|
| Date of Notice of Appeal<br>Oral:        Written: 3-13-01 | Indigent Status Granted:<br>☒ Yes    ☐ No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, *CODE OF ALABAMA 1975*).

_John Willie Minnifield_     _3-22-01_          _John Willie Minnifield_
Signature                              Date                                    Print or Type Name

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R App.P.)):

MARK PROCEEDINGS REQUESTED:                                                        COURT REPORTER(S)

A. ☐ TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately

B. ☐ ORGANIZATION OF THE JURY - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs (See Rule 19.4, ARCrP.)

C. ☐ ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs (See Rule 19.4, ARCrP.)

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

ADDITIONAL PROCEEDINGS REQUESTED                  DATE                  COURT REPORTER(S)

D. _____

E. _____

F. _____

G. _____

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

_John Willie Minnifield_     _3-22-01_          _John Willie Minnifield_
Signature                              Date                                    Print or Type Name

**DISTRIBUTION:** Original filed with Clerk of Trial Court and copies mailed to: (1) Clerk of the Court of Criminal Appeals, (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript.

| State of Alabama<br>Unified Judicial System<br>Form ARAP- 14      11/91 | CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK | Appellate Case Number |
|---|---|---|

| TO:   THE CLERK OF<br>THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL:   3/5/2001 |
|---|---|

**APPELLANT**         JOHN WILLIE MINNIFIELD

**V.   STATE OF ALABAMA**

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in (a single volume of _____ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

Dated this ___18___ day of ___APRIL___ xxx 2001

_M. Melissa Pittman_
Circuit Clerk

MONTGOMERY COUNTY

*gb*

① *Doc. No. 104732*                    CR - 00 - 1167.

**DOCUMENT NAME:** MINNIFIELD, JOHN WILLIE.

**CLIENT & MATTER:** 25847 - 001

**DESCRIPTION:**
County: MONTGOMERY

CC#s: 1999 - 327.60

Attorney: PRUDF

Circle: (TRANSCRIPT)    CASE FILE    BOTH

**LWOP:**    Yes    (No)

1 VOL.

NOPV

## CERTIFICATION

I hereby certify that the preceding imaged records and documents

are a true, accurate, and complete image of the original records or

documents as received by the Office of the Attorney General of

the State of Alabama.

This the 14th day of March, 2006.

Signed: *Melisa A. Martin*

Notary: *Coleen F Gibson*

Coleen F. Gibson
Notary Public
Commission expires 06/11/06