25847-001

00-1167


FILED
APR 1 0 2001
Received 4/11/01
CLERK
ALA COURT CRIMINAL APPEALS

The Court of Criminal Appeals    5/9/01
Of Alabama

John Willie Minnifield
Appellant,

Vs

State of Alabama
Appellee

Case No.
Brief of Appellant
Pro/se

— Exhibit I —

# Table of Contents

| Document | |
|---|---|
| Table of Contents | |
| Table of Cases, Statutes and other Authorites Cited | II |
| Statement of the Case | I |
| Statement of the Issues for Review Presented | 2-4 |
| Statement of Facts | 5 |
| Argument | 8 |
| Conclusion | |
| Adverse Ruling | |
| Certificate of Service | |

Table of Cases Statutes And other Authorities Cited

Judicial Authority

| | |
|---|---|
| State vs Moore 659 So.2d.205 | (4)(5) |
| Barlett vs State 701 S.O.2d 309 (1997) | (6) |
| Randall vs State 669 S.O.2d 223, 227 | (6) |
| Swain vs State 380 U.S. 202, 85 S.Ct 824 13 Led 2d 759 | |
| Batson vs Kentucky 476 U.S. 97 106 S.Ct 1723 | (4) |
| Brady vs Maryland 373 U.S. 87 83 S.Ct 1196 10 Led 2d 275 | (2) |
| United State vs Harris 347 U.S. 612, 617 98 Led 2d 989 7 S.Ct.190 | |
| Newman vs State 667 S.O.2d 132 (1992) 667 So 2d 132 (1992) | (4) |
| Const. Amend 14, Vasquez vs Strack 228 F.3d 143 2nd Cir. | |
| Brooks vs. Alabama State Bar 574 So.2d 33 (1990) | (6+7) |
| Ferguson vs. U.S. 847 F Supp 940 S.D. Ala (1994) | (6) |
| Gladden vs State 644 So 2d. 1267 1993 | (1) |
| ex-parte Sorrells vs State 667 S.O.2d 142 | (1) |
| Stincer vs Kentucky 482 U.S. 730, 107 S. Ct 2658, 96 Led 2d 631 | (3) |
| State vs Grey 256 N.W 2d 74 Minn. | (3) |

Non Judicial Cites

Stalking Alabama 13A-6-90 1975

II.

## Statement of the Case

On 11-23-98 a warrant was issued for the arrest of the Appelliant John Willie Minnifield for the stalking of my wife Vonciel A. Minnifield. On the 5th day of February 1999. Appelliant was indicted by the Grand Jury of Montgomery Co. Alabama. For stalking in violation of 13A6-90 of the Code of Alabama. Appelliant was tried by the Circuit Court of Montgomery Co on Jan. 12th 2000. Sentence to 20 years in Prison, was given to the Appelliant on Feb. 7th 2000. Plus ordered to pay 4,378.00 Restitution, $50.00 Crime Victim fund an $150.00 Attorney Fees. Appelliant filed Appeal to This Court on lesser included offense by Attorney Joseph Burkhart. Which was affirmed

Appellant then filed Post Conviction Relief Rule 32 To the Circuit Court on Newly Discovered evidence which was denied by Hon. Sally Greenhaw. Appelliant gave Notice of Appeal. The D.A. has failed to file brief with The Appeals Court as Required by A.R.O.C. in Rebuttial To The Rule 32 With This Court The Alabama Criminal Court of Appeals as Required by the Rules of Courts

ORDER

The Montgomery Co. Cir. Court And The State Failure To entertain The Petitioner; John Willie Minnifield Post Conviction Relief by denial of Due Process. The Court State Contention is Without Merit. The Petitioner has Factual basic on Newly discovered evidence. The Petitioner did File Motion For discovery on The 10th day Of March 1999. State Never Responded See TR. Pg March 9 1999 State Served Former Council John Hartley with discovery. The Petitioner's was Never Allowed To see the discovery until The day of Trial. Only in Parts of the Statement The Petitioner gave To dectective William. The State Allege bare Allegation

(1) That The State Altered evidence. True The Factual basic See: TR.Pg. That The State did Not put in evidence Of The State Witheld The Complaint filed on The 21st of Nov. 1998. The Charge of Stalking. but Change To Nov. 23 1999.

(2) State Contend The Transcript Pg.57 thru 59 Show That This is True. Out of the Presence of the defendant. Line 19-Thru-59-4 Wittness brought before The Court In Violation of The Petitioner Right To Confront Wittness And of Impeach hostille Witness. Only 1 Wittness Was Needed That Seen The Petitioner on Nov. 23. 1998.

Statement of the Issues Presented for Review

Newly Discovered evidence

(1) Appellant alleges that the State altered evidence and failed to introduce the complaint and affidavit. is bare allegation without factual basic or support.

(1A) State witheld evidence that the complaint was filed on Saturday night by Vonciel Minnifield. On Monday Nov. 23 1998. between the hour of 7:15 and 7:30 The Appelliant was going home down Ripley St. between Adam Ave and Washington Ave. My wife place of employment and also the Appellant: whereas the dishwasher was dumping trash in the dumpster. The Appellant pulled over to the curb never leaving the street are my car, and asked the dishwasher Nicholas Washington to tell my wife i were going out of town for the holiday and will return on the weekend, her and i need to sit down and have a talk and iron out our problem, he said ok he will tell her when she get to work. I drove off and went home. She never get the kids off to school until 8:AM Then she go back home and get dressed and never get to work before 8:45 an/or 9 AM. When Mr. Washington gave her my message. She being this 19 year old supervison gotten him to lie, that i threatend to kill her before Thursday. And that i told him i had a gun. which is untrue, i was charged with stalking in that incident

(2)

even though she was not there where was the stalking?

(A) Credible threat even though, I never told Mr Washington anything or conveyed a threat. Credible threat must be conveyed direct to the intend target and not hearsay State knew the complaint filed on Saturday night could not support stalking The date was changed from the 21st. To the 23rd. And was never mention at trial.

The State brought witness before The Court after the jury was impaneled brought witness before the court in my absence to what they would testify to. State allege no factual basic See original transcript Pg. Tr. 57 line 20-21 will support the facts that an accused person has a right to confront witness. Not so here.,

H.O.A

(3) State did not give notice of the H.O.A. And what Prior's will be used until The day of sentencing I have the proof.

(4) State fabricated N.C.I.C. Report's before the Grand Jury by using cases I never been convicted of see: discovery I filed for discovery March 1999 I did not Recieved it until the day of the Trial only my Statement to investigator Nothing more. See next page I never Recieved this until The day of The Trial I never been convicted of The cases with The X state failed to apply By 3 of The H.O.A Applicable (See 3A)

(3)

"Exhibit 1"

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA, )
    Plaintiff, )
   )
v. ) CC No. 99-0327-SMG
   )
JOHN WILLIE MINNIFIELD, )
    Defendant. )

NOTICE OF
DISCOVERY TO DEFENDANT,
INTENT TO USE PRIOR CONVICTIONS,
INTENT TO INVOKE SENTENCING ENHANCEMENTS,
INTENT TO OFFER PROOF BY A CERTIFICATE OF ANALYSIS, and
MOTION FOR DISCOVERY BY THE STATE

    COMES NOW the State of Alabama, by and through its District Attorney for the Fifteenth Judicial Circuit, Eleanor I. Brooks, and gives notice as to the following:

(✓) 1. Pursuant to Rule 16.1, A.R.Cr.P., and as otherwise required by law, all available discovery has been provided or made available to the Defendant's counsel of record. Physical evidence, if any, is in the custody of the investigating law enforcement agency or the Alabama Department of Forensic Sciences. Arrangements to inspect physical evidence may be made by contacting the undersigned.
    The State has, with this notice, furnished a copy of the complete "case file" (less work product) to Defense Counsel. This material is page numbered sequentially from 000001 to 98 & 101-103. The State will consider this discovery material to have been received in its entirety by Defense Counsel unless the State is notified in writing of any discrepancies.

(✓) 2. The State intends to use at trial any and all prior convictions, crimes, wrongs, or acts of the Defendant for those uses permitted by Rules 404(b) and 609 of the A.R.E., and as otherwise allowed by law. The State is presently aware of, and intends to use, the following:

No Certification
Burglary II cts Talapoosa 1961      Burglary Talapoosa 1986
X Robbery St. Clair 1969             X Burglary 7 cts Talapoosa 1980
X Burglary & Grand Larceny St. Clair 1975   Grand Larceny Autauga 1981
X Grand Larceny St. Clair 1975       X Burglary II Autauga 1985
Burglary II Marengo 1980             X Grand Larceny Autauga 1985
No Certification

(3A)

(5) All Black males was struck from the Jury in Premtory in Batson vs Kentucky Rule 32.6 b as the State Alleges see Nextpage (5A) Jury Strikes

(6) State Allege that state witness could not testify to stalking. True only (1) witness could on November 23rd 1998. is Nicholas Washington see me on that date not even alleges victim. The other state witness lied whereas I had City Cases Reckless endangment, Harrishment Disordely Conduct. whereas I had been found guilty in City Court which I appeal those cases. in State Opening Charge to the Jury I objected but was overrule by Trial Judge whom stated the D.A. had a wright to tell the Jury what he expected the evidence to show. In Raising the issue of prior Criminal Conduct is forbidded to show the Jury of the Prospency to commit the crime of 13A 6 90 Stalking. Those wittness lied and conspired with my wife to fabricate the charge because i caught her cheating an heavy crack user when I tried to stop her she had me locked up for Stalking. One state star witness used false name in sworn testimony before Jury. which the Jury had her statement Re-Read to the Jury before TR.348 being convicted. Her Name is Iawanda Vinson. which she gave the name Iawanda Benson. This is Newly discovered evidence. In Researching I ran across

(4)

her name in her testimony in another case. See: Moore vs State 659 So 2d 205

State Alleged These issue was or could have been Raised At Trial Not So,

(1) After Direct Appeal court Reporter had to finish Transcript then pass on to the Appelliant Attorney Esquire Joseph Burkhart i did not know of the events until i Read the Transcript and discovered from it.

(1a) That Witness was brought before the Court in My Absence. See Original Transcript Page TR 57 line 19-20-21    N.D.

(2) i filed motion for discover- march 1999. See TR.Pg 25 only got it the day of Trial Not in Time To look into it

(3) Notice of the State to invoke HOA an Challenge the charges never had the Chance. only at the Sentencing. See TR. 16    N.D.E

(4) State falsefying of the N.C.I.C. Report of case i never had or convicted beings Presented to Grand Jury See Pg. 33    N.D.E

(5) State Struck all black males From the Jury left (3) White males And (9) Women on the Jury TR Pg. 35-36

(6) Only (1) Witness seen me on Nov. 23 1998.    N.D.E
The State claim as this motion is without merits

(5)

See: Pg. discovery of original transcript Banishment I were ordered out of town to live with my sister in Alex City. Whereas my job, home and even program is in Montgomery. After my return to Montgomery, my wife filed a false complaint. I was locked back up in jail. Bail was re-instated at $100.00.00 See Transcript. Pg. 29-30   There was no restraining order — court order — or whatever

My wife and I seperated Oct. 8th 1998 this happen on Nov. 23rd 1998.

13A-6-90 define stalking law clearly defines a 'credible threat' an provides that the threat must be communicated.

(2) in Randall vs State See (1) (3) Code of Ala 1975 13-6-90 13-6-91 (6) by using city cases to conviction then (8) Double Jeopardy come into play or focus. The indictment in this case must be void for being defected because there was no intention as the indictment claim. [1,2] in [8;10] See United States vs Ferguson, 847 F supp 940 (S.D. Ala 1994). II in Randall Pg. 227 All of the acts in Randall apply here except following threats an/or placing victim or any family member in fear for there safety. Unlike in Barlett vs State 701 So 2d 305 (1997) No order was in place.

Due Process Brooks vs Alabama State Bar 574 So 2d 33 (1990) Due Process of law requires fair notice that one conduct is subject to a law or regulation. (6) Const. 6, 7, 13.

Constitutional law 287.2(5) Because district Attorney had Reason To believe That her Conduct was Not governed, by The Code of Professional Responsibility. base on language in Prior Supreme Court Ruling and/or opinion's dealing with The Rules governing The Conduct of Attorney's Due Process Prohibited The Imposition of discipline on her under The Code Const. 6, 7, 13. The Appelliant in this motion was in the same or similar Conduct in denial of due Process United States Vs Hayes 703 F Supp. 1493, 1502 N.D. Alabama 1989. C.F. Ala. Const 1901 art. 1 6, 7 and 13.

Pike vs Southern Bell Telephone And Telegraph Co. 263 Ala 59 81 so 2d 254 (1955) The Courts have found That This Right is Violated As in Stalking When a statute or Regulation is unduly vague unreasonable, or overbroad.

### Double Jeopardy

City cases whereas The Appellant had been Convicted of Harrashment, Reckless endangment, an Disordley Conduct. Constitute No more than Double Jeopardy. less evidence There was No following, No phone calls, No communication directly, No Threat. Period only hearsay evidence. See: Transcript everything was evolved around City case witness And All. Since last Arrest on Those charges There was No Contact with Alleged Victim in Any form

(7)

# ARGUMENT
## STATEMENT OF FACTS

Just Passing one Another on the street with no gesture, threat, communication, contact an/or verbial words See: original transcript Vonciel Testimony from the stand She Never seen me following her, Never A Phone call To her Job an/or home, where was The stalking? on November 23rd, 1998. As Named in The indictment she was Not in The Building No where Near the building or in between The building on washington And Ripley St. As The indictment Reads, That The Appellant: did intentionally stalk Vonciel Minnifield. i knew where she lived in event i wanted To harm her. i knew The Route she takes as many times i Took her To work. did Judge Abuse her discretion in denial motion for A New Trial. Since The state witheld Discovery evidence That could have Proved me being found innocent. Due Process of law Requires fair Notice That one's conduct is subject To a law or Regulation. Const. 6,7,13. As in Brooks vs Ala state Bar [2] The same Applies here in being married i felt Though leaving word with co-worker even Though The wife gotten coworker To construe The message That i left There was No harmful error of stalking, threat, communication, And most of All No Presence of wife There or would be There for over 1½ hours. All The other witness could Not witness To Anything on Nov. 23 1998. Just The way D.A. knew They lied And could Not witness To Anything This is why state brought witness out Absent of My Presence. (8)

(1) Did Trial Judge Abuse it discretion in honoring a defected Protected order with out factual standard. There is no statutory basic existed, for granting injunctive relief. based on the incidents cited in the Appellee's petition. No competent, substantial evidence exists that the Appellee suffered Repeats Acts of violence. Statutory elements not met where no evidence of Repeat violence exist. see Russell ex Rel. Russell vs Hogan 738 S.O. 1003 Fla 2d DCA (1999). Johnson 567 So 2d at 35.

Fla. Statutes
784.048(2) (1999)  784.048(1) Stalking is the same as Alabama but outline clearly what constitute stalking. it determining whether an incident creates substantial emotional distress, Court must not use in a factual evulation a Reasonable Person standard. Not a subjective standard See: Bouter's vs state 659 So.2d. 235, 238 Fla (1995.) Johnson vs Brooks 567 S.O.2d. 34 [3] McMath vs State 776 So 2d. 1039 Fla.App. 1 Dist 2001. According no violence occured just an attempt once, but never materialize to violence factual.

(9)

Brady vs Maryland 373 U.S. 83 87, 83 S.Ct. 1194 1196 10 L.ed 2d 215 (1963) held The Suppression by The Prosecution of evidence, favorable to an Accused upon Request violates due Process, where The evidence is material, either To guilt or To Punishment, irrespective of The good Faith or bad faith, of The Prosecution In Addressing The Request For disclosure. The U.S. Supreme Court has stated:

When The evidence is so clearly supportive of A claim of Innocence, That it give The Prosecution Notice of a duty to Produce, That duty should equally Arise even if No Request is made. As in U.S. vs Agurs, 427 US 97, 107, 96. S.Ct 2392 2399, 49 L.ed 2d 342 (1976)

To ensure fair Trial disclouser is Required U.S. vs Ellsworth 647 F 2d 957 9th Cir.

In my opinion Justice has Not been served In Allowing This Conviction To stand. The Appellant has Not been Afforded A fair Trial AN/or Due Process of law

     Prosecutor

Failed To Timely disclose exculpatory evidence Ex Parte Duncan 456 So 2d 362 (1984) This Appellant John Willie Minnifield hope And Pray That This Hon Court Will Reverse The Trial Court Ruling Whereas The State has fail To file A Brief

(10)

To support why the Appeals should not hear my appeal the State has defaulted. Therefore the Appellant hope an pray that this Hon Court will reverse the decision of the lower court, for a new trial, that the trial be fair that the State do not violate Brady an/or Batson vs Kentucky rules and the A.R.C.P

### Evidence

Of other bad act, the State fail to provide notice that it would offer such evidence, render it inadmissible Rule 404 Alabama Rules of evidence fed Rules 404

### Amendment

Requires the prosecutor to provide notice regardless of how it intends to use the extrinsic act. evidence at trial i.e. during it case in chief for impeachment or for possobly rebuttal the offerd evidence.

### Section B

The Provided clause of Section B. Requires Pretrial notice to the petitioner of the prosecutor intent to use evidence of collateral misconduct, this provide clause is based upon an Amendment to the corresponding Federal Rule 404 Adopted (1991) ex parte Lawrence 776 So.2d.50 20

(16)

each and every Allegation is true with Factual basic and merits to support This is why The state Failed To File its brief. The Petitioner: John Willie Minnifield hope and Pray That This Hon: Court will Reverse and Remand For A New Trial So help me God.

          Respectfully Submitted
          John Willie Minnifield
          Done This 10th Day of April 2000

Certificate of Service

i Certify To be Placed in U.S. mail This Brief with Proper Postage and mailed To The Clerk of The Criminal Courts of Appeals At.

          Clerk MR Lane Mann
          300 Dexter Ave
          Montgomery Ala 36130-1555

| STATE OF ALABAMA<br>MONTGOMERY COUNTY | WARRANT AND<br>AFFIDAVIT | THE DISTRICT COURT<br>CASE NO. |
|---|---|---|

Before me the undersigned Judge/Clerk/Magistrate of The District Court of Montgomery County, Alabama, personally appeared

VONCIEL A. MINNIFIELD

who being by me first duly sworn deposes and says that he has probable cause for believing, and does believe that within twelve months within said County on or about (date) 11-23-98 one JOHN WILLIE MINNIFIELD, did intentionally and repeatedly follow or harass Another person, to-wit: VONCIEL MINNIFIELD , and made a credible threat, either expressed or implied, with the intent to place that person, to-wit: VONCIEL MINNIFIELD , in reasonable fear of death or serious bodily harm , in violation of Code 13A-6-90 of the State of Alabama against the peace and dignity of the State of Alabama,

Sworn to and Subscribed before me this the 23rd day of NOV. 19 98

Judge/Clerk/Magistrate of District Court
Of Montgomery County, Alabama

Complainant's Signature: Vonciel Minnifield

| STATE OF ALABAMA<br>MONTGOMERY COUNTY | WARRANT OF ARREST | THE DISTRICT COURT |
|---|---|---|

TO ANY LAWFUL OFFICER OF THE STATE OF ALABAMA:

You are thereof commanded to arrest JOHN WILLIE MINNIFIELD and bring him/her before the DISTRICT COURT OF MONTGOMERY COUNTY, to answer the State of Alabama on a charge of

STALKING

and have you then and there this writ with your return thereon

Dated this 23rd day of NOV. 19 98

The Sheriff will take bond in the sum of $ 100,000.00

Judge/Clerk/Magistrate of District Court
Of Montgomery County, Alabama

WARRANT NO. 2304-98

**WARRANT OF ARREST**
THE DISTRICT COURT OF
MONTGOMERY COUNTY, ALABAMA

THE STATE OF ALABAMA
v.
JOHN WILLIE MINNIFIELD

STATE WITNESSES

VONCIEL A. MINNIFIELD
2213 UPPER WETUMPKA RD, #31

NICHOLAS WASHINGTON
770 WASHINGTON AVE

C. WILLIAMS, #067
MPD/DET

Defendant's Address:
463 EMPIRE TERRACE

Race: B    Sex: M
DOB: 12-26-39
DL. No:
S.S. Number:
Employment:

Executed the within Warrant by Arresting the within named Defendant and Taking Appearance Bond Committing Defendant to Jail

This _____ day of _____, 19 84

Sheriff

Case # 98-21198    AFFIDAVIT                    2304-98
              DISTRICT COURT OF MONTGOMERY ALABAMA

INSTRUCTIONS: Complete the following information on OFFENSE/OFFENDER

Offense: STALKING

Defendant's Name: JOHN WILLIE MINNIFIELD  B/M AGE 58    D.O.B. 12/26/39

Defendant's Address: 463 EMPIRE TERRACE MONTGOMERY, ALABAMA  36110

Date & Time of Offense: 11/23/98 BETWEEN 0700-0730 HOURS

Place of Occurance: 770 WASHINGTON AVENUE MONTGOMERY (RSA PLAZA)

Person or Property Attacked: VONCIEL A. MINNIFIELD

How Attacked: BY MAKING VERBAL THREATS TO KILL VICTIM

Damage Done or Property Attacked:

Value of Property:

Details of Offense:

ON MONDAY MORNING, 11/23/98 BETWEEN 0700-0730 HOURS, THE DEFENDANT WENT TO THE VICTIM'S PLACE OF EMPLOYMENT LOCATED AT 770 WASHINGTON AVENUE, AT WHICH TIME HE MADE A VERBAL THREAT TO WITNESS #2 OF HIS INTENT TO KILL THE VICTIM, WHO IS HIS WIFE, BEFORE THANKSGIVING DAY. THE DEFENDANT HAS REPEATEDLY HARASSED, FOLLOWED AND THREATENED TO TAKE THE VICTIM'S LIFE FOR OVER A TWO MONTH PERIOD, WHICH HAS CAUSED HER TO FEAR FOR HER SAFETY AS WELL AS HER CHILDREN'S SAFETY.

THIS OFFENSE OCCURRED IN MONTGOMERY COUNTY, ALABAMA, AND IS IN VIOLATION OF SECTION 13A-6-90 OF THE CRIMINAL CODE OF ALABAMA.

I make this affidavit for the purpose of securing a warrant against the said JOHN WILLIE MINNIFIELD  B/M AGE 58 . I understand that I am instituting a criminal proceeding and cannot drop this case. I further understand that if any of the forgoing facts are untrue, I may, in addition to any other punishment provided by law, be taxed with court costs in this proceeding.

Sworn to and subscribed before me                    Vonciel Minnifield
this  23  day of  Nov  19 98 .                              Complainant

_____
Judge - Clerk - Magistrate

WITNESSES: (Name, Address, Telephone Number)

1) VONCIEL A. MINNIFIELD   2213 UPPER WETUMPKA RD #31 MONTG, AL      83
2) NICHOLAS WASHINGTON   770 WASHINGTON AVE MONTG., AL  PH 269-6090
3) DET. C. WILLIAMS, #067  MPD/DET  PH 241-2847