# VOLUME 1 OF 1

COURT OF CRIMINAL APPEALS NO. _CR 04-1101_

## APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

### FROM

CIRCUIT COURT OF _Montgomery_ COUNTY, ALABAMA

CIRCUIT COURT NO. _CC 99-327.61_

CIRCUIT JUDGE _Hobbs_

Type of Conviction / Order Appealed From: _Rule 32_

Sentence Imposed: _____

Defendant Indigent: ■ YES ☐ NO

_John W. Minnifield_
NAME OF APPELLANT

_John Minnifield  (AIS#112,145)_
(Appellant's Attorney)                    (Telephone No.)
_Bullock Corr. Fac  - P.O. Box 5107_
(Address)
_Union Springs  AL   36089-5107_
(City)            (State)         (Zip Code)

V.

STATE OF ALABAMA

NAME OF APPELLEE

(State represented by Attorney General)
NOTE: If municipal appeal, indicate above, and enter
name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)

− Exhibit K −

# INDEX
## CLERK'S RECORD

CASE ACTION SUMMARY.................................................................... 1-2

RULE 32 PETITION....................................................................... 3-23

STATE'S ANSWER......................................................................... 24-26

MOTION TO SUPPORT RULE 32.......................................... 27-85

ORDER GRANTING PERMISSION FOR FILING PETITION WITHOUT
IMMEDIATE PREPAYMENT OF A FILING FEE; ORDER FOR PETITIONER
TO PAY A FILING FEE AND DIRECTING D.O.C. TO WITHHOLD 50% OF
MONIES TO BE APPLIED TOWARDS FILING FEES; ORDER DISMISSING
RULE 32 PETITION.......................................................................... 86-87

NOTICE OF APPEAL........................................................................ 88

REPORTER'S TRANSCRIPT ORDER................................................ 89

DOCKETING STATEMENT............................................................... 90-91

NOTICE FROM CLERK'S OFFICE TO PETITIONER RE: REQUEST FOR
COURT REPORTER'S TRANSCRIPT OF RULE 32 HEARINGS.................... 92

APPEAL TRANSMITTAL................................................................... 93

CERTIFICATE OF COMPLETION...................................................... 94

```
ACRO370                ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 1999 000327.61
OPER: TOR                       CASE ACTION SUMMARY
PAGE:   1                        CIRCUIT  CRIMINAL              RUN DATE: 12/01/2004
```

JUDGE: SMG

THE CIRCUIT COURT OF MONTGOMERY

STATE  OF  ALABAMA                    VS       MINNIFIELD JOHN WILLIE
                                               BULLOCK CORR.FACILITY
CASE: CC 1999 000327.61                        P.O.BOX 5107
                                               UNION SPRINGS , AL   36089 0000

DOB: 12/26/1939          SEX: M  RACE: B  HT: 5 11   WT: 185    HR: GRY EYES: BRO
SSN: 424509107  ALIAS NAMES: MINNIFELT JOHN W.       MINNIFIELD WILLIE

CHARGE01: RULE 32-FELONY      CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                         AGENCY/OFFICER: 0030100

DATE WAR/CAP ISS:                     DATE ARRESTED:
DATE    INDICTED:                     DATE     FILED: 11/19/2004
DATE    RELEASED:                     DATE   HEARING:
    BOND AMOUNT:         $.00         SURETIES:

DATE 1:           DESC:               TIME: 0000
DATE 2:           DESC:               TIME: 0000

TRACKING NOS: CC 1999 000327 00  /                          /

   DEF/ATY:                          TYPE:                            TYPE:

                        00000                         00000

PROSECUTOR:


TH CSE: CC199900032700 CHK/TICKET NO:              GRAND JURY:
URT REPORTER: _____  SID NO:      000228961
EF STATUS: PRISON            DEMAND:                        OPER: TOR

| TRANS DATE | ACTIONS, JUDGEMENTS, AND NOTES | | OPE |
|---|---|---|---|
| 12/01/2004 | ASSIGNED TO: (SMG) | (AR01) | TOR |
| 12/01/2004 | CHARGE 01: RULE 32-FELONY/#CNTS: 001 | (AR01) | TOR |
| 12/01/2004 | FILED ON: 11/19/2004 | (AR01) | TOR |
| 12/01/2004 | INITIAL STATUS SET TO: "P" - PR | (AR01) | TOR |
| 12/01/2004 | CASE ACTION SUMMARY PRINTED | (AR08) | TOR |
| 12/01/2004 | CAS ATTACHMENT PRINTED | (AR08) | TOR |
| 12/01/04 | Copy Sent to DA | | |
| 12/17/04 | States answer | | |
| Received 1-28-05 | Order granting Petitioner's request that filing fees be waived due to his substantial Hardship status. Ordered that Petitioner is granted permission for filing of the Petition in this Cause without immediate prepayment of a filing fee. Ordered that Petitioner is required to pay a filing fee in the amount of $201.00 in this Cause; And the Al. Dept. of Corr. is directed to | | |

ST.JSON

ACRO369  A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 1999 000327.61
JUDGE ID:  SMG

STATE OF ALABAMA                    VS     MINNIFIELD JOHN WILLIE

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| | withhold 50% of each dollar the Petitioner receives ... |
| | Dismissed Petitioner's Rule 32 Petition. |
| 03/08/05 | Notice Of Appeal w/ Forms |
| 03/08/05 | Appeal Transmittal To Crm Appls, AG, DA & Def. |

Case Number

_C C_  _99_  _327_ . _6(_
ID    YR.    NUMBER
(To be completed _TMH_
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

_IN The MonTgomery County Circut_
(Insert appropriate court)

_John Willie Minnifield #112145_
(Petitioner)

vs.

_MonTgomery Co.Cir.CT. et So Alabama_
(Respondent(s))

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED IN FORMA PAUPERIS

I, _John Willie Minnifield #112145_ , declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?   Yes _____   No _✓_

    a. If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

    _20 th day of Nov. 1998 - $ 1800 hrs_

    b. If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

    _20Th day of Nov. 1998_

2. Have you received within the past twelve months any money from any of the following sources?

    a. Business, profession, or other form of self-employment?

       Yes _____        No _✓_

    b. Rent payments, interest, or dividends?

       Yes _____        No _✓_

    c. Pensions, annuities, or life insurance payments?

       Yes _____        No _✓_

    d. Gifts or inheritances?

       Yes _____        No _✓_

    e. Any other sources?

       Yes _____        No _✓_

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

_____
_____
_____
_____

3. Do you own cash, or do you have money in a checking or savings account?

Yes _____          No ✓

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

_____
_____
_____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____          No ✓

If the answer is "yes", describe the property and state its approximate value.

_____
_____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

_____
_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on  11 — 19 — 2004
                     (Date)

                          _John Willie Minnifield_ #112145
                          Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ _____ 04 _____ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said  BULLOCK COUNTY CORR. FACILITY  institution:

_No Transactions during the Past 12 Months_

PREPARED BY: _Patsy Faulkner_
BULLOCK COUNTY CORR. FACILITY
BUSINESS OFFICE/ACCOUNT CLERK
P.O. BOX 5107
UNION SPRING, AL. 36089

11/8/04
DATE

DATE  11/10/04

_____
AUTHORIZED OFFICER OF INSTITUTION

# PETITION FOR RELIEF FROM
# CONVICTION OR SENTENCE

### (Pursuant to Rule 32,
### Alabama Rules of Criminal Procedure)

COURT COPY
5



Case Number

C C      99      327
ID       YR     NUMBER

IN THE _Montgomery County Circuit_ COURT OF _Montgomery_, ALABAMA

_John Willie Minnifield_ vs. _Mont. Co.Cir.Ct. et State of Alabama_

Petitioner (Full Name)                    Respondent

[Indicate either the "State" or,
if filed in municipal court, the
name of the "Municipality"]

Prison Number _112145_ _____ Place of Confinement _Bulluck Co.Corr. Facility_

County of conviction _Montgomery_

### NOTICE:  BEFORE COMPLETING THIS FORM, READ CAREFULLY
### THE ACCOMPANYING INSTRUCTIONS.

1. Name and location (city and county) of court which entered the judgment of conviction
   or sentence under attack _Montgomery County Ala._
   _Hon: Sally Greenhaw_

2. Date of judgment of conviction _Feb 10th 2000_

3. Length of sentence _20 years_

4. Nature of offense involved (all counts) _Stalking_

   _____

   _____

   _____

5. What was your plea?  (Check one)

   (a) Guilty _____

   (b) Not guilty _✓_

   (c) Not guilty by reason of mental disease or defect _____

   (d) Not guilty and not guilty by reason of mental disease or defect _____

(stamp) NOV 2004 Filed Melissa Rittenour Circuit Clerk

6. Kind of trial: (Check one)

(a) Jury ___✓___     (b) Judge only _____

7. Did you testify at the trial?

Yes ___✓___     No _____

8. Did you appeal from the judgment of conviction?

Yes ___✓___     No _____

9. If you did appeal, answer the following:

(a) As to the state court to which you first appealed, give the following information:

(1) Name of court _CRIMINAL COURT of Appeals_

(2) Result _AFFIRMED_

(3) Date of result _Sept._     _2000_

(b) If you appealed to any other court, then as to the second court to which you appealed, give the following information:

(1) Name of court _UNITED STATES DISTRICT COURT_

(2) Result _Denied Without Prejudice_

(3) Date of result _OCT._     _2004_

(c) If you appealed to any other court, then as to the third court to which you appealed, give the following information:

(1) Name of court _____

(2) Result _____

(3) Date of result _____

2

Case 2:06-cv-00054-WKW-SRW Document 35-11 Filed 04/10/2008 Page 9 of 96

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes __✓__                    No _____

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a) (1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____            No __✓__

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application, or motion, give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____            No _____

(5) Result _____

(6) Date of result _____

(c) As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

(1) Name of court _____

3

(2) Nature of proceeding

(3) Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No ✗_____

(5) Result _____

(6) Date of result _____

(d) Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1)  First petition, etc.          Yes _____          No _____

(2)  Second petition, etc.          Yes _____          No _____

(2)  Third petition, etc.          Yes _____          No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION**
**FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e) If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____

_____

_____

12. Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

**Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):**

___✗___ A. The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

4

conviction on a plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2)   Conviction obtained by use of coerced confession.

(3)   Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4)   Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5)   Conviction obtained by a violation of the privilege against self–incrimination.

(6)   Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7)   Conviction obtained by a violation of the protection against double jeopardy.

(8)   Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9)   Denial of effective assistance of counsel.

**This list is not a complete listing of all possible constitutional violations.**

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

__X__ B.   **The court was without jurisdiction to render the judgment or to impose the sentence.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

__X__ C.   **The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ D.   **Petitioner is being held in custody after his sentence has expired.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

__X__ E.   **Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:**

**The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and**

**The facts are not merely cumulative to other facts that were known; and**

5

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

**X** F. **The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13. **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

"**Successive Petitions.** The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A. Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes **X**                No _____

B. If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a) Name of court _Post Conviction_

(b) Result _Denied Without Notifying Me_

(c) Date of result _2002 9-25-2002_
(attach additional sheets if necessary)

C. If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why] failure to entertain [this] petition will result in a miscarriage of justice."

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____                No **X**

6

Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in judgment under attack:

(a) At preliminary hearing _____ NA _____

(b) At arraignment and plea _____ John Hartley _____

(c) At trial _____

(d) At sentencing _____

(e) On appeal _____ Esquire Joseph E Burkhart _____

(f) In any post-conviction proceeding _____ NA _____

(g) On appeal from adverse ruling in a post-conviction proceeding _____ Affirmed _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _____          No __✓__

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____          No __✓__

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) And give date and length of sentence to be served in the future: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____          No __✓__

18. What date is this petition being mailed?

_____

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

7

# PETITIONER'S VERIFICATION UNDER OATH
# SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on _11 – 19 – 04_____.
           (Date)

_John W. Minnifield_____
(Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the _18th_ day of _November_, 2004.

_____
Notary Public NOTARY PUBLIC STATE OF ALABAMA AT LARGE
              MY COMMISSION EXPIRES: Mar 18, 2007

## OR *

## ATTORNEY'S VERIFICATION UNDER OATH
## SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true

and correct. Executed on _____.
                          (Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, 19 _____.

_____
Notary Public

Name and address of attorney representing petitioner
in this proceeding (if any)

_____

_____

_____

_____

_____

* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the petition.

COURT Cop.

13

IN THE MONTGOMERY COUNTY CIRCUIT COURT
BRIEF IN SUPPORT
OF RULE 32
C.C. NO: 99-327
CHARGE: STALKING
PRO SE

---

PETITIONER: JOHN W. MINNIFIELD
BULLOCK CORRECTIONAL FACILITY
P.O. BOX 5107
UNION SPRINGS, ALABAMA 36089-5107



## TABLE OF CONTENTS

PAGES

Judicial Authority..................................................................1

Faretta v California..............................................................1

Brady v Maryland..................................................................1

Stalking 13A-6-90...................................................................1

Batson v Kentucky..................................................................2

Prosecutor Misconduct............................................................2

Hairgrove v State.................................................................3

Waiver of Counsel.................................................................3

William v State....................................................................3

Ex Parte King......................................................................3

Cofield v State....................................................................3

First Amendment....................................................................4

Kolender v U.S.....................................................................4

Staley v Kurt Jones................................................................4

Colautti v Franklin...............................................................4

People v Whit......................................................................4

Hamilton v State...................................................................6

Mooney v Holohan...................................................................6

Miller v State.....................................................................6

Criminal Law 998(12)(18)...........................................................7

TABLE OF CONTENT FOR REVIEW

PAGES

Banishment...........................................................1

Abuse of Discretion..................................................1

Perjury..............................................................1

Gender Violation.....................................................1

Prosecutor Misconduct................................................2

Waiver of Counsel....................................................3

Unconstitutionally...................................................4

Vagueness and Overbroad..............................................4

Intended Target......................................................5

Perjury Testimonies..................................................6

False Evidence.......................................................6

Conspiracy...........................................................7

Appellate Counsel....................................................7

IN THE MONTGOMERY COUNTY CIRCUIT COURT

JOHN W. MINNIFIELD,
    PETITIONER,

    -VS-                                  CASE NO: CC-99-327

MONTGOMERY CO. CIR. COURT, ET, AL.
    RESPONDENT,

## BRIEF IN SUPPORT OF RULE 32
### PRO SE

Comes now the Petitioner on his own behalf file this Petition on an illegal conviction that were deprived from fraud deceptive wife, prosecutor misconduct false imprisonment Court and State intentionally entertain perjury and misleading testimonies. This Court is in violation of <u>Faretta vs California</u> and <u>Brady-vs-Maryland</u>. Trial Judge abused her discretion when sentence the Petitioner to prison time whereas the Petitioner was Ordered by the Court to go too the even program paid for the 16 session by the Petitioner twice furlough from the jail.

The rest on bail thus revoking my bail on the 15th session without probable cause or a proper hearing thus the Court and District Attorney tried to ban me from Montgomery or Alabama if I would go to Florida or Milwaukee, Wisconsin too live with my sister or deceased brother. Banished.

### ISSUE FOR REVIEW

1. The Petitioner was convicted of stalking by a jury that excluded black males from the jury a gender violation. The Petitioner moved for a new trial which was denied by Trial Court

2. To be convicted of stalking one must violate the Statute §13A-6-90 by a creditable threat (2) following (3) or harass, the intended victim. The Sworn Affidavit is false and misleading by the ex-wife on the morning of November 23rd 1998 between the hour of 7:00 & 7:30 AM I went to victim place of employment located at 770 Washington Avenue, (1) The Petitioner worked there also but on that

Monday morning the Petitioner did not go to the place of employment but was travel-
ing down Ripley Street when he seen the diswasher dumping trash in the dumpter thus
I stopped on the street and left word that I was going out of town for Thanksgiving
and upon my return we need to talk and pulled off.

The ex-wife never gets to work before 8:30 or 9:00 AM there was no threat to
Washington or lead word or threat: See, pages 111 & 112 of transcript by Vonciel
the ex-wife line 11 when asked if he followed you or called your job or home her
answer was No!

### PROSECUTOR MISCONDUCT

Knowly mislead the jury intentionally in closing argument the prosecutor dis-
ruptic my life when he Honorable Daryl Bailey told the jury just what my ex-wife
in her testimony said did not happen. The Petitioner objected in a timely manner
Honorable Sally Greenshaw overruled when ever the Petitioner was objection to the
District Attorney argument in a timely manner Court overruled an act of prejudice
before I can explain what the objection was thus See transcript.

2. The prosecutor intentionally struck all black males off the jury and left
only three (3) males and nine (9) females the alternate jurior was a female thus
in essence the jury was stacked by the State in violation of Batson vs Kentucky,
106. S.Ct. 1712 90 L.Ed 2d 69 a gender violation in my release on bail the pro-
secutor had my bail revoked twice without a proper hearing after Vonciel tried
to get a neighborhood kids to lie in claiming Jody Lewis was related to her show
she lied under oath in the District Attorney revoking the bail on Monday thus on
Thursday the wife with Jody Lewis were before the Court after judge Greenshaw heard
from Mr. Lewis whom told the truth he was no kin to her and that I never threaten
or mention her name in essence everything she told the District Attorney for my
arrest was lies fraud and deception. Thus to violate my Civil Rights the judge
released me three (3) months later she lied again without proof and had me locked
back up thus at the time there was no Court Order at the time of my arrest thus no
stalking.

Pre Trial Counsel knew he did not properly represent the Petitioner or investigate anything thus I filed a Motion for his removal from the case Court never responded on day of trial thus the Petitioner Petition the Court to have him removed from the case which was granted ten minute before trial or selection of the jury See; TR of record page _____ Trial Judge did not give the faretta hearing as required under the Constitution of Alabama or the United States Constitution in Alabama Supreme Court this Court written in its collogy when Court give the danger of self representation but do not tell the accused he has the right to ask for counsel anytime during the proceedings one is entitled to be told he can have counsel to representation of him to deny the accused this enity would deny a fair trial cause for reversiable and a new trial.

See; TR Page ... There was never a faretta hearing since nowhere in the record indicated the Petitioner was told he could withdraw his waiver of his right to counsel nothing in the TR indicated that in fact aware he could do so thus the Trial Court's failure to apprise the Petitioner that he had a right to do so at anytime during the proceedings is a reversible error cited in Hairgrove vs State, 680 So.2d 946.

## WAIVER OF COUNSEL

On day of trial the Petitioner fired his counsel Honorable John Hartley Trial Counsel and represent himself rather than proceed with Esquire John W. Hartley the Trial Court denied the Petitioner an opportunity to withdraw his waiver of the right to counsel is entitled to a new trial. Williams vs State, 739 So.2d 549 (1999) Ala. Crim. App. and Ex Parte King _____ So.2d _____, 2001 Ala. Lexis 49, and Cofield vs State, 782 So.2d 332 thus not only did judge state I could have counsel at any part of proceedings but Mr. Hartley could not represent me at any stage if I was going to represent self See TR.

-3-

FIRST AMENDMENT

The State of Alabama through an act of prejudice and prosecutor Bailey intent-
ionally violated the Petitioner First Amendment Rights in knownly that from the ev-
idence there was no violation of the Statute §13A-6-90, thus stalking in order to be
convicted of stalking there must be an attempt at a credible threat which must be to
the intended target. (2) credible threat meaning to be able to carry out that threat
or cable to put one in fear of the act towards the commission of the intended target.

When there was no overty act towards the intended target that was conveyed to Mrs.
Minnifield on the morning of November 23, 1998.

3. See; TR. Pg. 66 no following, no calling her home or job as told while under
oath by Mrs. Minnifield; thus where was the stalking?

4. See; TR. Pg. 66, closing argument District Attorney Bailey given the jury false
and misleading information he followed her thus called her job and home etc. Mr.
Bailey intentionally mislead the jury.

5. The Statute fails to meet the basic requirements of the due process clause
Kolender vs U.S., 461 U.S. 361, 103 S.Ct. 1855 since Alabama Code is deprived from
the Code of Michigan See; Staley vs Kurt Jones, Warden, 108 F.Supp. 2d 777 the Sta-
tute is Unconstitutional due to Statute contains no mens Rea requirements that carried
with its substantial criminal penalties including imprisonment. This Statute stalking
is vagueness an overbreath which infringe upon ones First Amendment free speech in the
case at bar the State is in violation of the Petitioner First and Fourteenth Amend-
ment. The Petitioner challenge the Unconstitutionally of the Statute that applies to
me as in Colautti vs Franklin, 439 U.S. 379, 395, 90 S.Ct. 675 58 L.Ed 2d 596 and or
People vs White, 212 Mich. App. 298 536 N.W. 2d 876 the State of Alabama never stated
in this case what was illegal which is so vague and abridged the First Amendment.

Statutes 18 a criminal vagueness as a matter of due process a criminal Statute
which fails to give a person of ordinary intelligence of fair notice that his con-
templated conduct is forbidded by the Statute of which is so indefinite that it en-
courage arbitrary and erratic arrests and convictions is void for vagueness such

being especially true where the uncertainty induced by the Statute threatens to ex-
ercise of Constitutionally protect rights.

The Petitioner was never given these warnings but used exclusive intellegence after
the first encounter to stay clear of the wife or come face to face with her there was
no threats ... no following ... no harrasing §13A-6-92 definition (A) course of con-
duct a pattern of conduct composed of a series of acts over a period of time. The
State knew this never happen but entertained perjury testimony intentionally without
any evidence or investigation to the truth of Vonciel the wife veracity whom is a
crack addict ... habitual liar ... thief ... prostitute ... a master of disguise in
whom the Petitioner didn't know about.

To be convicted of stalking one must confront the intended target or convey an
overty act towards the commission of the act ... The Petitioner filed Post-Conviction
on the 19th day of September, 2000 and Court dismissed without prejudice on the 24th
day of September, 2002 without notifying the Petitioner in over three months by Cir-
cuit Judge Charles Price without evenditary hearing or time to appeal the denial thus
this case must be set aside due to Appellate Counsel fail to raise due process on the
jury Batson Motion Gender violation where the State struck all black males of the
Petit Jury. See; TR. nine females 3 whites males 1 female Alt. Jury.

False and misleading evidence by witness whom lied and used false name on the ad-
vice the ex-wife Court knew these peoples lied under oath to violate the Petitioner
First and Fourteenth Amendment to false imprisonment because I would not go along with
her drug use at home and in front of the kids. This injustice has went along to long
and reversed before the Court and or released out right and or giving of a new trial
thus the Petitioner hopes and pray for the relief granted.

## PERJURED

The State and Court intentionally entertained perjured testimonies from witnesses that left the Petitioner with less than a fair trial thus the prosecutor without due process believed every thing the wife told him without any investigation on her ... After eight months in jail the Petitioner was released on bail on own recognizance the wife went to Jody Lewis a friend kid at the age of 17 that I came by his home and questing him on various subjects to whom was the man and what kind of car she drove among other things taken him to the District Attorney on the pretense he was a relative the Petitioner was locked back up on Monday on Thursday there was a hearing present was the wife Jody Lewis and even program teacher before Honorable Sally Greenshaw after hearing the evidence the Court determine she lied about the whole thing.

The Petitioner cites Hamilton vs State, 677 So.2d 1254, a conviction obtained through the use of false evidence must fail See; Mooney vs Holohan, 294 U.S 103, 55 S.Ct. 340 79 L.Ed 214 and Miller vs Pate, 386 U.S. 187 S.Ct. 785---17 L.Ed 2d 690.

## SECOND ARREST

The wife lied again without any support or witness to support her allegations other than a false claim to the District Attorney there was nothing to substantiate her claim that I violated the terms of my bail other than a lie to deprive my Constitutional Rights and if she could live in my home then she would make sure I lost everything. See; Trial Transcript Lawanda Benson perjured herself about a threat a gun ... baby sitting etc. and gave false name to court.

Concocted lies by the ex-wife that I stalked her on the 23rd day of November, 1998 yet later on she stated one of her Co-Workers called her at home and stated I left word with the dish washer for her she then go filed a stalking charge on her way to work ... How can one stalk a person when there was no lying in waiting or threaten a person? she lied that her job hired a security guard to protect her Lester Claxton lied that he was hired by the Boss Ronnie Water. See; all the witnesses

testimonies concocted by Vonciel Minnifield. The Petitioner had no way he could receive a fair trial with this conspiracy or given due process now the State is trying to bar him from exicising my day in Court through an act of prejudice known that I am actual innocence a substantial due process under U.S.C.A. Constitutional Amendment 5, Rules of Criminal Procedure Rule 32 Criminal Law 998 (12, 18) given the facts it is impossible to imagine that the Petitioner received a fair trial that satisfied the minimum Constitutional Requirement for a fair trial as guaranteed under the State and Federal Constitutions thus in essence the false testimony could in any reasonable likelihood have affected the judge of the jury that taken three and a half (3½) days to reach a verdict Pre-Trial Counsel never supoena any witnesses did not investigate of said case and Appellate Counsel was ineffective for not raising but one issue a lesser included offense ... After the Petitioner and Counsel had discussed the deficiency for Appellate Review Batson prosecutor misconduct Pre-Trial Counsel denial of due process.

This case is due to be set aside thus I pray.

Respectfully Submitted,

*John W. Minnifield* #112145
John W. Minnifield, Petitioner Pro Se
Bullock Correctional Facility
Post Office Box 5107
Union Springs, Alabama 36089-5107

Done this the 25th day of Sept , 2000.

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following parties by United States Mail postage prepaid correctly addressed this the 25th day of Septr., 2000 to:


Montgomery District Attorney
Hon: Ellen Brooks
P.O. Box 1667
Montgomery, Alabama 36130-1667


Montgomery Circuit Court Clerk
Hon: Melissa Rittnour
251 S. Lawrence Street
Montgomery, Alabama 36104


Montgomery Circuit Judge
Hon: Charles Price
251 S. Lawrence Street
Montgomery, Alabama 36104


Respectfully Submitted,

*John W. Minnifield* # 112145
John W. Minnifield, Petitioner Pro Se
Bullock Correctional Facility
P.O. Box 5107
Union Springs, Alabama 36089-5107

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRUCIT
MONTGOMERY COUNTY, ALABAMA

DEFENDANT,                        )

    John Willie Minnifield,      )

v.                               )   Case No. CC- 99-0327 · 6 1

STATE OF ALABAMA,                )

    Respondent.                  )

## STATE'S ANSWER AND MOTION FOR EXTENSION OF TIME

COMES NOW the State of Alabama, by and through its District Attorney for the Fifteenth Judicial Circuit, Eleanor I. Brooks, and moves this honorable court to dismiss the petitioner's successive Rule 32 Petition or in the alternative for an extension of time pursuant to Rule 32.7(a), Ala. R. Crim. P., to further answer Petitioner's Motion for Postconviction Relief pursuant to Rule 32, Ala. R. Crim. P. The State answers the petition as follows:

    1.    The State denies each and every material allegation in the defendant's petition and demands strict proof thereof.

    2.    In the alternative, the State pleads the following ground of preclusion and/or summary dismissal:

        a.    The petition is the second or successive petition on the same or similar grounds on behalf of this defendant and relief should not be granted pursuant to Rule 32.2(b), Ala. R. Crim. P.; and/or

        b.    The petition fails to raise any material issue of fact or law which would entitle the Petitioner to relief and no purpose would be served by any further proceedings in this matter; and/or

        c.    The petition is precluded pursuant to Rule 32.2(a)(2), Ala. R. Crim. P., because the issues raised were raised or addressed at trial; and/or

d.    The petition is precluded pursuant to Rule 32.2(a)(4), Ala. R. Crim. P., because the issues raised were raised or addressed on direct appeal; and/or

e.    The petition fails to state a claim on which relief may be granted; and/or

f.    The petition is time barred by the two year period of limitations pursuant to Rule 32.2(c), Ala. R. Crim. P.; and/or

g.    The petition is not sufficiently specific.

WHEREFORE, the State moves this Honorable Court to dismiss the petitioner's successive Rule 32 petition. If the Court requires additional information from the State in order to rule in this matter, the State humbly requests for an additional ninety (90) days to review the record and prepare the necessary evidentiary showing to prove the grounds pleaded in paragraph two (2), above, and moves the court for leave to amend its answer or, in the alternative, file appropriate motions, namely a motion for summary dismissal.

Respectfully submitted this the 17 day of December, 2002.

Elanor I. Brooks,
District Attorney

By: _____
Matthew D. Shaddrix (SHA067)
Deputy District Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served upon John Willie Minnifield # 112145, Bullock Correctional Facility, P. O. Box 5107, Union Springs, Alabama, 36089-5107, by placing the same in the U.S. Mail, postage prepaid and properly addressed, this the 17 day of December , 2002.

Elanor I. Brooks,
District Attorney

By: _____
Matthew D. Shadrix
Deputy District Attorney

*Court Copy 2*

RESPONDENT

~~CIRCUIT COURT OF MONTGOMERY ALABAMA~~

CIRCUIT COURT NO: CC-99-327.60.61.   TMH

CIRCUIT JUDGE: S. GREENHAW

HON: CHARLES PRICE


JOHN WILLIE MINNIFIELD

PRO-SE

CHARGED: STALKING OF WIFE

BULLOCK COUNTY CORRECTIONAL FACILITY

POST OFFICE BOX 5107

UNION SPRINGS, ALABAMA 36089-5107



JAN 2005
Filed
Melissa Rittenour
Circuit Clerk

TABLE OF CONTENT                                                 PAGES

Motion To Support Rule 32 ..................................................1

Civil And Constitutional Amendment ........................................2

Second Sucessive ..........................................................2

State Alleged .............................................................2

Prejudice By The Court ....................................................3

Entertained Perjury Testimonies ...........................................4

Summary Disposition .......................................................4

Sentencing Transcript .....................................................4

Incomplete Transcript .....................................................4

R.F.O.A. Prior Notice .....................................................4

TABLE OF CASES                                                    PAGES

32.7(A), ........................................................................2

Caraway Snipes, 571 So.2d 396 .............................................2

32.2(B)(A) Thru (G), ......................................................2

32.2(C), ....................................................................2

32.6 P-32.7(D) - 32 - 3, .................................................4

Batson vs. Kentucky, .....................................................4

Georgia vs. McCollum, 120 L.Ed 2d 33 ...................................4

Ishing vs. State, 573 So.2d 812 .........................................4

Certificate of Service ..................................................5

IN THE MONTGOMERY COUNTY CIRCUIT COURT

JOHN WILLIE MINNIFIELD,
        PETITIONER,


        -VS-                                                    CC-99-0327



MONTGOMERY CO. CIR. CT. ET, AL.
        RESPONDENT,



MOTION TO SUPPORT AND REFUTE
DISTRICT ATTORNEY ASSERTION
PRO SE


Comes now the Petitioner, John Willie Minnifield, in and on his own self file this Petition to Refute Honorable Shaddrix claim asking this Court to dismiss this Petition filed _____, 2004. Thus State claimed second sucesive Petition. The Petitioner agree this is a second Petition See; exhibit (I) Writ of Habeas Corpus after two years before the Court it was denied witout prejudice to afford the Petitioner to refile thus but only through due allengce did I find out some two or three months later not in time for a out of time Appeal.

The Criminal Court of Appeals denied my out of time Appeals due to prejudice whereas I had filed a Federal Habeas Corpus which was also denied without prejudice to allow me to exhaust my State remedy.


(2). This Court and the Criminal Court of Appeals seems to give me the run around knowingly violates the Petitioner Civil and Constitutional Rights I proceeded to go back in the State Court to give this Court the opportunity to correct a wrong that this Court has imposed upon one of its citizen.


-1-

(1). There was no warning that the Petitioner would or could be charged with stalking and what Constitute stalking thus in checking the T.R. this Court can see; the witness in this case was led by the District Attorney Prosecution misconduct by leading the witness and misleading the jury. The District Attorney's Office says they deny and every allegation. See; exhibit from T.R. extracted from Trial Transcript.

## SECOND SUCESSIVE

See: exhibit Judge Price denied without prejudice so I could refile  but did not notify me of his ruling (A) State alleged Second Sucessive on the same or similar grounds district Attorney Sheddrix cites Rule 32.7A Alabama Rules of Criminal Procedure. This could not be second Sucessive Petition whereas Trail Court did not in denying the Petition whereas no Evidentiary Hearing or a written specific of what facts was relied upon or which allegations he ruled upon thus the State is rauired to plead the grounds of preclusion that he believe apply to John Willie Minnifield case giving the notice he need to attempt to formulate arguments and or disprove the existence of the grounds by a preponderance of the evidence. Refers to Rule 32.2 do not provide the type of notice necessary to satify the reuirements of Due Process that do not meet the burden of pleading assigned to the State by Rule 32.3 George Edward Snipes, 571 So.2d 398 Ala. Crimm. App. 1990. See; exhibit pages _____ extracted from T.R. State allege 32.2(B) A through G.

## STATE ALLEGED

(F). The Petition is time barred by the two year period of limitation pursuant to Rule 32.2(G). See; (exhibit). Pages _____.

## HEARSAY EVIDENCE

Inadmissible under Alabama Law to convict by the State pursuant to the Statute must convey his or her intent to the intended target See; statement of the witness Glorease Purdue whom called Vonciel at home and told her I had been by the building and left word with Nicholas Washington the dishwasher for her in turn she came on to work and gotten Washington to go to the Police Station to say what she wanted him to say thus he did not go until Investigator Cassandra Williams called Vonciel later in the week that Washington had not been down to the Police Station to give his statement. Vonciel assured her he will be there she took him to the station and said what she wanted her to say ... Thus, after all she was his supervisor he perjured himself for her therefore all this garbage came about on Monday the 23rd day of November, 1998.

## PREJUDICE BY THE COURT

Honorable Sally Greenhaw abused her discretion before the jury whereas she produced herself as prosecutor and Trial Judge an abuse of discretion ... When Court ordered a free trial transcript the Apelliant Consel knew the entire transcript was not there. See; sentencing portion of transcript not has been given to Appelliant or me which was recorded by Court Reporter will show this Court has me serving an unauthorized sentence that cause this case to be set aside ... Rules 32.(A)(4) Ala. Rules of Criminal Prosedure State alleged could have been raised on Direct Appeal which no way Appeal Counsel could have been raised on Direct Appeal this eclaim by Mr. Matthew D. Shaddrix is without merits in his claims which do not set a formulation to leave anything to argue or set a presedent to address the claims but by way of an Evidentiary Hearing ... Therefore the Petitioner reuest justice and not rule to Summary Dismissal of this case as the State reuested.

## OBJECT TO DISTRICT ATTORNEY

Asking this Court for a 90 day extension of time. The Petitioner has met his burden of pleading sufficient facts so as to avoid Summary Disposition of his Motion John Willie Minnifield is entitle to a opportunity to represent evidence in order to satisfy his burden of proof Rule 32.6(B), 32.7(D) John Willie Minnifield has pleaded under 32.3 that entitled him to present and offer evidence to support his claim along with witness including her relatives whom will swear under oath Vonciel tried to get them to lie on me to the Court they refused to thus the Petitioner has didcovered they are willing to step forward since they know their sister lied to get back in the street on crack and prostitution and train her daughter to be a prostitute like her.

The girls has since left her (1) This Court and District Attorney knowingly entertained perjury testimony along with prosecutor misconduct now the State alleged time barred Rule 32.2(C), See; exhibit pages: _____.

(2), District Attorney claim second successive See; exhibit _____. The Alabama Rules of Criminal Appeal do not allow a 90 day extension of time ... Therefore the District Attorney is trying to change the Rules of Courts without consent from all parties.

Jury Batson vs. Kentucky and Georgia vs. McCollum, 120 L.Ed 2d 33 112 S.Ct. 2348, race and gender base discrimination were all black males was struck from the jury this Court shall make specific findings of facts raised by the Petitioner thus the State erred in its findings that this is a Sucessive Petition as in Rolling vs. State, 673 So.2d 812 in event the State, See; the record that the Petition for Writ of Habeas Corpus was denied without prejudice by Honorable Charles Price thus again See; exhibit page _____.

-4-

The Petitioner cannot be time barred in the prior Petition nothing was adjudicated on its merits thus this Court can see from the transcript that this conviction shall be set aside due to the Appellant Counsel filed an Appeal without a full transcript after the Court Ordered that the Petitioner will be given a full transcript.

See; sentencing is part of the recorded record to prove the H.F.O.A. was not given in a timely fashion under the requirement of H.F.O.A. Appellant Counsel failure to raise the discrepancy of the error the State did not move to invoke the H.F.O.A. in sentencing must be given prior notice and in a resonable time i.e. The Ineffective Assistance of the Appellate Counsel ... Now the State is seeking to curivent the ARCP requesting an extra 90 day to review the records. The Petitioner has pleaded his case with sufficient fact that entitle to avoid Summary Disposition of his Motion and therefore must be given the opportunity to present evidance in order to satisfy his burden of proof. The Petitioner hopes and pray for the relief sought by the Honorable Court.

Respectfully Submitted,

John W. Minnifield #112145
John Willie Minnifield, Petitioner
Bullock County Correctional Facility
POST OFFICE BOX 5107
UNION SPRINGS, ALABAMA 36089

Done this the 19Th day of January, 2005.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document have been served upon the Montgomery, County Circuit Court Clerk Honorable Melissa A. Rittenour 251 S. Lawrence Street Montgomery, Alabama 36104.

Respectfully Submitted,

John W Minnifield # 112145
John Willie Minnifield, Petitioner
Bullock County Correctional Facility
Post Office Box 5107
Union Springs, Alabama 36089

Done this the 19Th day of January, 2005.

CC: Hon: Matthew D. Shaddrix
    Deputy District Attorney
    Post Office Box 1667
    Montgomery, Alabama 36102

*Exhibit 36*

**COURT OF CRIMINAL APPEALS**
STATE OF ALABAMA
JUDICIAL BUILDING, 300 DEXTER AVENUE
P.O. BOX 301555
MONTGOMERY, AL 36130-1555

| | |
|---|---|
| **H. W. "Bucky" McMILLAN** | **Lane W. Mann** |
| Presiding Judge | Clerk |
| **SUE BELL COBB** | **Wanda K. Ivey** |
| **PAMELA W. BASCHAB** | Assistant Clerk |
| **GREG SHAW** | (334) 242-4590 |
| **A. KELLI WISE** | FAX (334) 242-4689 |
| Judges | |

### ORDER

CR-02-1677

Ex parte John W. Minnifield (In re: State of Alabama vs. John W. Minnifield)  (Montgomery Circuit Court: CV02-2569).

          Upon consideration of the above referenced Writ of Mandamus, the Court of Criminal Appeals ORDERS that said petition be and the same is hereby dismissed.

**Done this the 17th day of July, 2003.**

H.W. "Bucky" McMILLAN, PRESIDING JUDGE

CCA/wki

cc: Honorable Charles Price, Circuit Judge
    Honorable Melissa Rittenour, Circuit Clerk
    Honorable William H. Pryor, Jr., Attorney General
    John W. Minnifield, Pro Se, Petitioner
    Honorable Eleanor Idelle Brooks, District Attorney
    Office of Attorney General

**31**

IN THE SUPREME COURT OF ALABAMA
August 22, 2003

1021826

Ex parte John W. Minnifield.    PETITION FOR WRIT OF MANDAMUS: CRIMINAL
(In re: State of Alabama v. John W. Minnifield)    (Montgomery Circuit
Court: CV 02-2569; Criminal Appeals: CR 02-1677).

ORDER

The petition for writ of mandamus to be directed to the Honorable
Charles Price, Judge of the Circuit Court of Montgomery County, Alabama,
having been duly filed and submitted to the Court,

IT IS ORDERED that the petition for writ of mandamus is denied.

Moore, C. J., and Houston, See, Lyons, Brown, Harwood, Woodall, and
Stuart, JJ., concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court
of Alabama, do hereby certify that the foregoing is
a full, true and correct copy of the instrument(s)
herewith set out as same appear(s) of record in said
Court.
Witness my hand this 22nd day of Aug., 20 03

*Robert D Esdale, Sr.*

Clerk, Supreme Court of Alabama

**38**

IN THE SUPREME COURT OF ALABAMA
PRO SE
MOTION FOR WRIT OF MANDAMUS
CIRCUIT COURT NO CC-02-2569)
CR NO cz-1677

PETITIONER: JOHN W. MINNIFIELD AIS: 112145
BULLOCK COUNTY CORRECTIONAL FACILITY
P.O. BOX 5107
UNION SPRINGS, ALABAMA 36089

IN THE SUPREME COURT
STATE OF ALABAMA

JOHN W. MINNIFIELD,
PETITIONER,

-VS-

C.R. NO: 02-1677

STATE OF ALABAMA,
RESPONDENT,

MOTION FOR WRIT OF MANDAMUS
PRO SE

Comes now the Petitioner, John W. Minnifield in and on his own behalf in C.C. No:
00-2569.00 have to be filed this Petition on denial of Due Process by the Montgomery
County Circuit Court, attach will be exhibits of the tracking of the Motion filed in
a timely manner and the intervention by the Attorney General Honorable Joseph Marston
III." not the District Attorney answer nor at the filing of said Motion was to be en-
tertained by sentencing Judge Honorable Sally Greenhaw and or Honorable Daryl Bailey
the District Attorney's office did not respond as the Alabama R.C.P. Rule 32.3 and
Rule 32.5.

1. Remember this was a Post Conviction Relief Petition still in the hands of the jur-
isdiction of the District Attorney's Office not Attorney General Office.

2. I was convicted the 2nd day of Feb/2000., there was a Direct Appeal to the Criminal
Court of Appeals by Appelliant Counsel Esquire _Joseph Burkhart_, which was Affirmed
on or about the _____ day of _____ 2000

3. The Writ of Habeas Corpus was filed on the 25th day of September/2000. See: attach
transmission of the writ App. 2 years the Circuit Court dismissed the Petition with-
out prejudice whereas the Court erred in dismissing the Petition styled as a Writ of
Habeas Corpus that was still active for 2 years as in Davis v. State, 784 So. 2d 1082

Alabama Criminal App. 2000 and or Long v. State, 673 So. 2d 856 Court dismissed without prejudice without letting the Petitioner know of the denial 2 months later the Petitioner filed a Motion for a Status Hearing on the Petition the Clerk then advised with attach copies of the Court Transmission not in time for an Appeal in conjunction, Mandamus was filed with the Criminal Court of Appeals over a month. The Petitioner written the Clerk inquiring of the Petition, thus the Petitioner was then notified of the Mandamus which was dismissed not denied or granted See: copy without probable cause and or Due Process or the reason for dismissing the Writ whereas the Attorney General and or Circuit Court Charles Price was without jurisdiction to inter- vence but sentencing Judge and District Attorney should have had jurisdiction to hear the case. This Writ ask this Court to grant the Mandamus and reverse the Court of Cri- minal Appeals decision and order the Trial Court to grant the Petition or Motion to Amend or treat as a Rule 32 on each issue that could be cognizable in a Rule 32 and or treated on the Merits whereas as actual the Petitioner Due Process is being vio- lated.

Respectfully Submitted,

John W. Minnifield, Petitioner
Bullock Corr. Facility
P.O. BOX 5107
Union Springs, Al. 36089

Done this the _____ day of _____, 2003.

```
AVS0351                                              CV 2000 002569.00

                                                JUDGE: CHARLES PRICE
         -----------------------------------------------------------
                      ALABAMA JUDICIAL DATA CENTER
                        CASE ACTION SUMMARY
                          CIRCUIT CIVIL
         -----------------------------------------------------------
    IN THE CIRCUIT  COURT OF MONTGOMERY    COUNTY

      JOHN WILLIE MANNIFIELD AIS#112145 VS MONT CO CIRCUIT COURT
    FILED: 09/25/2000 TYPE: HABEAS/MAND/PROBHIBI TYPE TRIAL: NON-JURY   TRACK:

    *****************************************************************
    DATE1:            CA:   DISM W/O PREJ   CA DATE:  09/24/2002
    DATE2:            AMT:            $.00  PAYMENT:
    DATE3:
    *****************************************************************
    PLAINTIFF  001: MINNIFIELD JOHN WILLIE
                    AIS# 112145            ATTORNEY: *** PRO SE ***
                    P. O. BOX 767
                    CLAYTON, AL  36016-0000
                    PHONE: (334)000-0000
    ENTERED: 10/02/2000 ISSUED:          TYPE:
    SERVED:            ANSWERED:            JUDGEMENT:  09/24/2002
    -----------------------------------------------------------------
    DEFENDANT  001: CIRCUIT COURT MONTGOMERY COUNTY
                    % MELISSA RITTENOUR     ATTORNEY: *** PRO SE ***
                    251 S LAWRENCE STREET
                    MONTGOMERY, AL  36104-0000
                    PHONE: (334)000-0000
    ENTERED: 10/03/2000 ISSUED:  10/18/2000 TYPE:    SHERIFF
    SERVED:  10/20/2000  ANSWERED:            JUDGEMENT:  09/24/2002
    -----------------------------------------------------------------
    DEFENDANT  002: ATTORNEY GENERAL
                    BILL PRYOR             ATTORNEY: *** PRO SE ***
                    11 SOUTH UNION
                    MONTGOMERY, AL , AL  36130-015
                    PHONE: (334)000-0000
    ENTERED: 10/18/2000 ISSUED:  10/18/2000 TYPE:    SHERIFF
    SERVED:  10/20/2000  ANSWERED:            JUDGEMENT:  09/24/2002
    -----------------------------------------------------------------

    10/02/2000   1.  FILED THIS DATE: 09/25/2000

    10/02/2000   ... ASSIGNED TO JUDGE: CHARLES PRICE

    10/02/2000   ... BENCH/NON-JURY TRIAL REQUESTED

    10/02/2000   ... CASE ASSIGNED STATUS OF: ACTIVE

    10/02/2000   ... ORIGIN: INITIAL FILING

    10/02/2000   ... MINNIFIELD JOHN WILLIE ADDED AS C001

    10/02/2000   ... LISTED AS ATTORNEY FOR C001: PRO SE

    10/02/2000   ... CORRECTIONS DEPT ADDED AS D001

    10/02/2000   ... LISTED AS ATTORNEY FOR D001:

    10/03/2000   ... CORRECTIONS DEPT DELETED  D001

    10/03/2000   ... CIRCUIT COURT MONTGOMERY COUNTY ADDED AS D1

    10/03/2000   ... LISTED AS ATTORNEY FOR D001: PRO SE

    10/03/2000   ... ATTORNEY GENERAL ADDED AS D002

    10/03/2000   ... ATTORNEY FOR D002:              (AV02)
    -----------------------------------------------------------------
    02/24/2003                                 CV 2000 002569.00
```

```
AV90351                                            CV 2000 002569.00

                                        JUDGE: CHARLES PRICE
-------------------------------------------------------------------
                    ALABAMA JUDICIAL DATA CENTER
                        CASE ACTION SUMMARY
                          CIRCUIT CIVIL
-------------------------------------------------------------------
  IN THE CIRCUIT  COURT OF MONTGOMERY   COUNTY

   JOHN WILLIE MANNIFIELD AIS#112145 VS MONT CO CIRCUIT COURT
 FILED:  09/25/2000 TYPE: HABEAS/MAND/PROBHIBI TYPE TRIAL: NON-JURY  TRACK:

*****************************************************************
 DATE1:              CA:   DISM W/O PREJ   CA DATE:  09/24/2002
 DATE2:              AMT:          $.00  PAYMENT:
 DATE3:
*****************************************************************
   10/03/2000    2.  ORDER GRANTING HARDSHIP

   10/18/2000    3.  SHERIFF ISSUED: 10/18/2000 TO D001

   10/18/2000    4.  SHERIFF ISSUED: 10/18/2000 TO D002

   10/19/2000    5.  WRIT OF MANDAMUS AMENDED TO SUPERSEDE ANY AND

   10/19/2000   ...  ALL MOTION OR APPELLANT REVIEW

   10/26/2000    6.  MOT TO QUASH SERVICE

   10/30/2000    7.  D001 SERVED SHERIFF ON 10/20/2000

   10/30/2000    8.  D002 SERVED SHERIFF ON 10/20/2000

   11/01/2000   6A.  ORDER DATED 11-1-00 GRANTING "MOTION TO QUASH

   11/01/2000   ...  SERVICE ON BILL PRYOR, A.G. OF THE PETITION

   11/01/2000   ...  FOR A WRIT OF HABEAS CORPUS AD SUBJJCIENDUM

   11/01/2000    9.  PLTFS MOT FOR/OR REBUTTAL OF ATTY JOSEPH

   11/01/2000   ...  MARSTON III, MOTION TO QUASH SERVICE

   11/22/2000   9A.  ORDER DATED 11-22-00 DENYING MOTION/REBUTTAL

   11/22/2000   ...  OF ATTY JOSEPH MARSTON III'S MOTION TO QUASH

   11/22/2000   ...  SERVICE

   09/25/2002       CASE ASSIGNED STATUS OF: DISPOSED        (AV01)

   09/25/2002       COURT ACTION JUDGE: CHARLES PRICE        (AV01)

   09/25/2002       DISPOSED ON: 09/24/2002 BY (DISM W O PREJ)  (AV01)

   09/25/2002       C001 DISPOSED BY (DISM W/O PREJ) ON 09/24/2002

   09/25/2002       D001 DISPOSED BY (DISM W/O PREJ) ON 09/24/2002

   09/25/2002       D002 DISPOSED BY (DISM W/O PREJ) ON 09/24/2002

   09/26/2002       PETITIONERS' HABEAS CORPUS PETITION

   10/10/2002       PETITIONERS' MOTION TO AMEND WRIT OF HABEAS

   10/10/2002       ... CORPUS

   10/29/2002       PETITIONERS' MOTION TO MANDATE RULING

   10/29/2002       PETITIONERS' MOTION FOR SUMM DISPOSITION

    02/24/2003                               CV 2000 002569.00
```

AVS0351                                                            CV 2000 002569.00

                                                          JUDGE: CHARLES PRICE

                              ALABAMA JUDICIAL DATA CENTER
                                   CASE ACTION SUMMARY
                                      CIRCUIT CIVIL

  IN THE CIRCUIT  COURT OF MONTGOMERY       COUNTY

   JOHN WILLIE MANNIFIELD AIS#112145 VS MONT CO CIRCUIT COURT
  FILED:  09/25/2000 TYPE: HABEAS/MAND/PROBHIBI TYPE TRIAL: NON-JURY   TRACK:

***********************************************************************************
DATE1:              CA:   DISM W/O PREJ   CA DATE:  09/24/2002
DATE2:              AMT:        $.00  PAYMENT:
DATE3:
***********************************************************************************
   10/29/2002    PETITIONERS' APPOINTMENT OF COUNSEL


     02/24/2003                                                CV 2000 002569.00

1           THE DEFENDANT:  I understand that.

2           THE COURT:  Now, you understand that

3    you would be required to comply with all the rules

4    of procedure and rules of evidence?

5           THE DEFENDANT:  Right.

6           THE COURT:  And you do have a right

7    to cross-examine the State's witnesses.  But if you

8    cross-examine them, you cannot testify at that

9    time.

10           THE DEFENDANT:  Right.

11           THE COURT:  You have the right to

12   have witnesses also appear on your behalf.  Do you

13   understand that?

14           THE DEFENDANT:  Right.

15           THE COURT:  Now, you have the right

16   to testify, if you choose to.  But you also have

17   the right to remain silent; that is, not testify.

18   And that cannot be considered against you.  Do you

19   understand that?

20           THE DEFENDANT:  I understand.

21           THE COURT:  But if you do choose to

22   testify, then the State has a right to

23   cross-examine you and may also ask you about prior

24   convictions.

25           THE DEFENDANT:  Right.

1      THE COURT:  And do you still want to

2  represent yourself?

3      THE DEFENDANT:  Sure.

4      THE COURT:  Mr. Hartley, I'm going

5  to still have you available during the trial, and

6  you can sit there at counsel table.

7      Mr. Hartley may offer suggestions during the

8  course of the trial.

9      And, Mr. Hartley, you might -- at the

10  appropriate time, if you make any suggestions and

11  Mr. Minnifield does not take your advice, at some

12  point you may want to put that on the record.

13      So I'm going to ask you again.  Do you still

14  want to represent yourself?

15      THE DEFENDANT:  Sure.

16      MR. HARTLEY:  Your Honor, may I put

17  this on the record?

18      THE COURT:  Yes.

19      MR. HARTLEY:  I certainly want to be

20  as much of assistance as I can.  I'm not in the

21  business of abandoning my clients.  I sure like to

22  be right here and help him as much as I can

23  throughout the trial and throughout breaks.  I have

24  had access to the file, and he's had access to the

25  file also for considerable periods of time.  To

1    help him with documents, I want to be as much

2    assistance as I can possibly be.

3              THE COURT:  Well, at this time, I'm

4    going to find Mr. Minnifield -- let me say one

5    other thing, Mr. Minnifield.  I am aware that some

6    time ago you had a city appeal where you

7    represented yourself; is that correct?

8              THE DEFENDANT:  Sure.

9              THE COURT:  And I do recall that it

10   was a verdict in your favor.  But this is a much

11   more serious matter, and I'm not sure that the City

12   attorney was as prepared as Mr. Bailey would be and

13   certainly nothing came up about any prior

14   convictions during the course of that.  And I think

15   some of the witnesses that might have wanted to be

16   called by the City, your family, did not want to

17   testify.  You have a different situation here, so

18   don't think just because you did it once, you

19   understand that it may not be the same result?

20             THE DEFENDANT:  I understand.

21             THE COURT:  Well, I'm going to

22   explain to the jury that you're representing

23   yourself and that you do have the right to do so,

24   and that Mr. Hartley will be sitting at counsel

25   table and be available for any advice or

1    suggestions you may want to ask.

2        And, as you know, it's the Court's duty to

3    ensure the orderly conduct of the trial.  And I

4    don't expect any problem, but if something does

5    develop, I will certainly have to take that up at

6    the appropriate time.  So I guess we'll recess

7    unless there's anything else anyone wants to say?

8        If we could have him back here by a quarter

9    till one.  Do we need to call the jail?  In case

10   there's anything else we need to put on the record?

11                THE BAILIFF:  I'll just tell them to

12   keep him on the first floor.

13                THE COURT:  And if there's anything

14   else we need to bring up, we can.

15       Mr. Bailey, is there anything you want to put

16   on the record?

17                MR. BAILEY:  I don't believe so,

18   Your Honor.

19                (Out of the presence of the

20                defendant.)

21                (Witnesses line up in front of the

22                Judge.)

23                THE COURT:  I know that all of you

24   had rather be somewhere other than here, but you're

25   required to be here.  You've been subpoenaed.  And

1  we're slower getting started than we normally are.

2  And you are under subpoena, and everyone needs to

3  be back here at one o'clock.  Do you understand

4  that?

5              THE WITNESS:  I've got a question.

6  I've got -- my husband is -- I'm here by myself.

7  I've got three kids.

8              THE COURT:  Wait just a minute.

9  What's your name?

10             THE WITNESS:  I'm Clemmitha.  I'm a

11  witness.  And my child -- I've got a child in

12  school.  My sister has to be at work, and I have

13  nobody else to babysit.

14             THE COURT:  Well, maybe you could

15  take her first.

16             MR. BAILEY:  Okay.  Clemmitha.

17             MR. HARTLEY:  Who were you?

18             THE WITNESS:  Clemmitha,

19  C-l-e-m-m-i-t-h-a.

20             MR. HARTLEY:  Can the other

21  witnesses just identify themselves just so I'll

22  know who they are?

23             THE WITNESS:  I'm Rosebud Brown.

24             THE WITNESS:  Pete Rose.  Also, I'm

25  a store manager.  I have to get to my store, if I

1    could go second or something?

2                    THE COURT:  You've got an hour and a

3    half, and we'll try to accommodate everyone.

4                    THE WITNESS:  Lawanda Benson.

5                    (Witnesses excused.)

6                    (In the presence of the jury.)

7                    THE COURT:  In just a moment, you'll

8    hear opening statements.  After the break this

9    morning, Mr. Minnifield advised the Court that he

10   wanted to represent himself.  I appointed

11   Mr. Hartley to represent him, but Mr. Minnifield

12   has the right to represent himself and waive an

13   attorney, and he has done so.  So he will be

14   representing himself.  But I have asked Mr. Hartley

15   to remain in in the event Mr. Minnifield needs to

16   consult with him or that Mr. Hartley may have some

17   suggestions.

18       Mr. Bailey, are you ready at this time?

19                    MR. BAILEY:  Yes, Your Honor.  May

20   it please the Court, counsel?

21       Control.  Ladies and gentlemen, that's why

22   we're here today.  That's why you're sitting here

23   today is because of control, because of a man's

24   desire to get control and undue desire to get

25   control.  And what happened when he failed to do

1    so?  That's what this case is all about.  That's

2    what generally stalking is all about.  And I expect

3    that during the course of this trial, you're going

4    to hear about the control that this man perpetrated

5    on this woman.

6        Vonciel Minnifield is here today, and she's

7    going to tell you about the events that happened

8    over a pretty long course of time, which makes up

9    the elements of the stalking case that's brought to

10   you today.  She's going to tell you that her and

11   Mr. Minnifield were married about approximately

12   October of 1994, and they stayed married, and are

13   still currently married.  She's filed for a

14   divorce -- but they stayed together for

15   approximately a little over three years, almost

16   four years.  And she's going to tell you about that

17   when they first met, everything was lovely, as it

18   is in most normal relationships.  She had no idea

19   that the man that she was about to marry, would

20   marry, was going to turn out the way he did.  No

21   clue.

22       She'll tell you that everything rocked along

23   pretty good in their marriage, and then little by

24   little, they started having problems.  She started

25   noticing his want to control her, to know where she

1   was at all times.  She'll tell you that he began to

2   become verbally abusive to her, to intimidate her.

3   She'll tell you what happened one day when her and

4   her kids had gone somewhere.  It was a stormy

5   day -- stormy night --   *D A misleading JURY*

6                    THE COURT:  Mr. Bailey, wait just a

7   minute.  Are you a witness in this matter?

8                    MR. BAILEY:  She's with our office,

9   Judge.

10                   THE COURT:  Okay.

11                   MR. BAILEY:  -- stormy night, and

12  she and the kids came home to their marital home

13  and found that all the doors in the house, the

14  locks had been changed.  They had nowhere to go.

15  They couldn't get him to let them in, so her and

16  the kids decided to go find another place to live.

17          And it was at that time that Vonciel decided

18  that their marriage couldn't be saved, that she

19  wasn't going to stay in the marriage that she was

20  in.  And she decided finally to do something about

21  it, Vonciel thinking that finally maybe this is the

22  break that she needed to get her life back on

23  track, to get away from all this control and all

24  this intimidation and all this harassment.  But

25  little did she know that was only the beginning,

1    only the beginning of her nightmare.

2    Now, during the course of my career of

3    prosecutor, I don't find very much the victims are

4    ever really happy to come into court, really feel

5    good about coming into court. But I know I can say

6    this about Vonciel -- and I'm not saying that she

7    enjoys this process -- but for the Grace of God,

8    ladies and gentlemen, I would be standing up before

9    you right now, and this table would be empty and I

10   would be telling you about murder in the first

11   degree, but for the Grace of God.

12   Ladies and gentlemen, what happened after

13   Vonciel and her children left the marital home?

14   The defendant began to call her on the telephone.

15                    THE DEFENDANT:  Object.

16                    THE COURT:  I'm going to overrule

17   your objection if this is what --

18                    MR. BAILEY:  The evidence will

19   show --

20                    THE COURT:  -- you expect the

21   evidence to show.

22                    MR. BAILEY:  The evidence will show

23   in this case that the defendant began to call her

24   on the telephone, harassing, threatening her life.

25   The defendant would show up her at workplace --

1          THE DEFENDANT:  I'm objecting on

2     that.

3          THE COURT:   I'm overruling.   He has

4     a right to tell the jury what he expects the

5     evidence to show.   And you will be able to tell the

6     jury what you expect the evidence to show.

7          Go ahead.

8          MR. BAILEY:   The defendant would

9     show up at her workplace telling her co-workers

10    quite frankly that she better watch out, that he

11    was going to get her.

12    He would show up at her babysitter's house.

13    He even showed up at one of her babysitter's house

14    with a gun.   We expect Lawanda Benson to come in --

15          THE DEFENDANT:   Object.

16          MR. BAILEY:   -- and testify --

17          THE DEFENDANT:   Object.

18          THE COURT:   Mr. Minnifield, he has a

19    right to tell the jury what he expects the evidence

20    to show.

21          Go ahead.

22          MR. BAILEY:   I expect Lawanda Benson

23    to come in and tell you what happened one night.

24    Mr. Minnifield showed up wanting to know where

25    Vonciel was.   He told Lawanda Benson what he was

1    going to do to Vonciel, and you can hear that for

2    yourself when she testifies.  He showed her a gun.

3    He's come to her church on multiple times harassing

4    her, trying to find her, threatening her.  He's

5    contacted her friends and her family on numerous

6    occasions.

7         We also expect the evidence to show that

8    during the course of these events that were being

9    perpetrated upon Vonciel, she filed several charges

10   against Mr. Minnifield down at the municipal

11   court -- charges such as harassment, reckless

12   endangerment for running her off the road at one

13   time.

14        And we expect the evidence to show, and

15   Ms. Minnifield will tell you, that the defendant

16   was found guilty down at the city court on those

17   charges.  The stalking case that's brought to you

18   today is done through a course of conduct.

19        Stalking is a law which encompasses a course

20   of conduct.  It's not just one incident as you

21   would have in any other case, such as a robbery, or

22   shoplifting, or a murder.  Stalking consists of a

23   whole course of conduct.  And that's what you're

24   going to hear today.  You're going to hear a whole

25   course of conduct that was perpetrated upon Mrs.

1   finding of this indictment, John Willie Minnifield,

2   alias, John Willie Minnifailed; alias, Willie

3   Minnifield; alias, John W. Minnifailed; alias, John

4   W. Minnifelt; alias, J. W. Minnifailed; alias, John

5   Minnifield; alias, John Willie Minnifiled; alias

6   Willie John Minnifelt, whose name is otherwise

7   unknown to the grand jury, John Willie Minnifield,

8   alias did intentionally and repeatedly follow or

9   harass Vonciel Minnifield and made a credible

10  threat, either expressed or implied, with the

11  intent to place that person in reasonable fear of

12  death or serious bodily harm in violation of

13  Section 13A, 690 of the Code of Alabama against the

14  peace and the dignity of the State of Alabama.  And

15  that is signed by Eleanor I. Brooks, District

16  Attorney, for the 15th Judicial Circuit of

17  Alabama."

18      Ladies and gentlemen, I expect that the State

19  will prove to you exactly what is contained within

20  this indictment through the testimony, through

21  exhibits, during the course of this trial.

22  Something that I did read in the indictment that I

23  want you to consider throughout the course of this

24  trial -- and those were some of the last words that

25  I read -- against the peace and the dignity of the

1    State of Alabama.  Keep that in your mind, and I

2    will address that at a later time.

3          But ladies and gentlemen, the evidence in this

4    case is going to show that Mr. Minnifield

5    perpetrated a course of conduct which the State of

6    Alabama has labeled stalking on Mrs. Minnifield.

7    And once you have been able to hear all the

8    evidence, see all the evidence that's introduced,

9    based on the evidence, I feel that you will find

10   the defendant, Mr. Minnifield, guilty of the crime

11   stalking.  Thank you.

12               THE COURT:  Mr. Minnifield, if you

13   want to, at this time, you can tell the jury what

14   you expect the evidence to show.

15               THE DEFENDANT:  Thank you.

16         My name is John Minnifield.  I wish to explain

17   to you all -- and I'm going to show you the

18   evidence -- that this is not a stalking charge.  My

19   wife and I, we did have some disagreement.  And

20   that disagreement, I'm going to bring up to show

21   you why this occurred.  I'm going to show you my

22   wife was cheating.  I'm going to show you that my

23   wife was on drugs, and she's still on drugs.  I've

24   got in evidence, I'm going to show you several men

25   that she gave diseases to --

1           MR. BAILEY:  Judge, I object.

2           THE DEFENDANT:  -- including me.

3           THE COURT:  Wait just a moment,

4    Mr. Minnifield.  I'm sustaining the objection and

5    disregard the comment about other men.  That is not

6    admissible evidence.  Go ahead.

7           THE DEFENDANT:  The witnesses -- the

8    witnesses that I have here today will tell you that

9    John Minnifield was a loving husband who worked

10   four and five jobs to satisfy his family, that at

11   no time John Minnifield ever put his hand on

12   Vonciel Minnifield.  He have never.  And any kind

13   of threat, nothing but a loving way.  I will pass

14   on down to you, I came from a violent family.  I've

15   seen abusive.  This was never to happen to me and

16   my family.

17        I never locked her out of the house.  I'm

18   going to show you that Vonciel, every day, she was

19   just running, running, running.  Come in at twelve

20   and one o'clock at night.  I worked too hard.  I

21   couldn't stand it.  My wife left me.  I went and

22   searched for her to bring her back.  She did come

23   back, but she couldn't keep -- let the street go.

24   She was constant running out there just every

25   night.  There was a 13-year-old and a 14-year-old

1    girl in school.  And that, I implied, that they get

2    an education.  They cannot get an education staying

3    out twelve and one o'clock at night and coming in

4    with her.  I get up in the morning.  I go to work

5    four and five o'clock in the morning.  She's late

6    for work every day, if she go to work.  I want you

7    all to see this pattern.  All this evidence is

8    going to unfold here.

9        As far as a weapon concern, John Minnifield

10   has had his hand on a gun in thirty years or

11   better.  I have no violent past, and I'm not about

12   to start now.  I'm sixty years of age.  I loved my

13   family, and I felt though this was the last of the

14   row, but I could not stand drugs and what she was

15   doing no more than she could stand the alcohol that

16   I drank.  But she drank.  But it's not all right

17   for me to drank.  But I didn't have a habit of -- a

18   drug habit, a lying habit.  I didn't come in lying

19   to my family.  I didn't cheat on my family, and I

20   didn't abuse my family.

21       I'm going to show you all of that as the

22   witness come through here.  And if you all find

23   John Minnifield guilty, I want you to look at your

24   spouses when you go home --

25              MR. BAILEY:  Judge, I object to

1    I-65 exit towards Millbrook, and that's when you

2    tried to run us off the road.

3        Q.    Okay.  So you is the one that seen me,

4    right?  Now, on your statement here, you say that I

5    didn't see you.

6        A.    You saw me.

7        Q.    You said --

8        A.    You looked directly at me.

9            THE COURT:  Wait.  Let him get

10    through with the question and let her get through

11    with the answer.  Go ahead.  Repeat your question.

12            THE WITNESS:  I'm sorry.

13        Q.    You said in your statement right here on

14    ████████████████████████████████████████████████

15    ████████████████████████████████████.    The

16    ████████████████████████████████████████████

17            MR. BAILEY:  Judge, I'm going to

18    object.  He's testifying again and --

19            THE DEFENDANT:  I'm not testifying.

20    I'm telling about what --

21            THE COURT:  Wait just a moment.  Let

22    him get through with his objection.  What was your

23    objection?

24            MR. BAILEY:  He's testifying again.

25    He's not asking a question.

1    THE COURT:  Mr. Minnifield, you're

2    going to get an opportunity to take the stand and

3    tell your side.  Just ask her questions about what

4    she's testified or did on those occasions.

5    Q.    I'm asking you, didn't you say on your

6    ~~████████████████████████████████~~

7    A.    ~~████████████████~~

8    Q.    And pointed to you?

9    A.    ~~████████████~~.  However, the Judge had

10   informed me that I can't say what someone else

11   said, so I had to say when I actually saw you.

12   THE DEFENDANT:  You're a

13   professional.

14   MR. BAILEY:  Your Honor, I'm going

15   to object.  That is totally uncalled for, his

16   comment.

17   THE COURT:  I did not hear it.  It's

18   probably a good thing.  If any of the jurors heard

19   it, then disregard it.  Go on to your next

20   question.

21   Q.    So you went on and filed charges against

22   me on that occasion, right?

23   A.    Yes, I did.

24   Q.    You ~~also stated that I had two cars off~~

25   ~~██████████, a car and a truck?~~

1      A.    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

2          Q.    Okay.  Nobody reported it.  Okay.  Now,

3    we're going here to the letter here, dated

4    Wednesday, 11/18/98, 3:31, right?  You've seen that

5    exhibit and the jury?  Where was this letter

6    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓

7      A.    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

8      Q.    It was written from the jail?

9      A.    ▓▓▓▓▓▓

10     Q.    On 11/18/98, how could it possibly be

11   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓?

12     A.    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓l.

13     Q.    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓?

14     A.    ▓▓▓▓▓

15     Q.    Why wasn't the envelope on here?

16     A.    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  I do have the

17   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  I don't have it with me, but I

18   do have it.

19             THE DEFENDANT:  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ to

20   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓e.

21             THE COURT:  I'm going to deny.  You

22   can testify and -- concerning -- and you've asked

23   her questions.  It goes to the weight more than the

24   admissibility.  Go ahead, Mr. Minnifield.

25     Q.    Okay.  You said Mr. Glaxton, security

```
 1    aiding for Vincent Security Service?

 2         A.   Yes.

 3         Q.   [redacted]

 4    [redacted]

 5         A.   [redacted]

 6         Q.   Okay.   And that was for what reason?

 7         A.   [redacted]

 8         Q.   Well, on -- okay.   You said he accustomed

 9    you to [redacted]

10         A.   [redacted]

11         Q.   Have I ever, in my lifetime, put my hands

12    on you?

13         A.   [redacted]

14         Q.   In what form?

15         A.   [redacted] with

16    [redacted] hands.

17         Q.   And could you give me a time frame when

18    that were?

19         A.   [redacted]

20         Q.   In '92?

21         A.   Yes.

22         Q.   Is that the only time?

23         A.   [redacted]

24    [redacted]

25         Q.   Therefore, have we ever fought?   Have I
```

1    ever had the occasion to put my hands on you in a

2    physical way?

3         A.    I ~~know the occasion that someone~~ I got my

4    poi~~nt across to you and didn't do it again~~.

5         Q.    ~~Well, did you ever the time that you did~~

6    ~~it -- in fact, you punched me in the mouth~~ 4/16/97?

7    ~~You punched me out, and I don't believe you are?~~

8         A.    ~~That happened, you out?~~

9         Q.    ~~Yes.~~

10        A.    I don't --

11        Q.    -- to keep you from hurting because you

12   wa~~s trying to hit somebody with that?~~

13        A.    I don't recall ever saying that.  I was

14   ~~looking at something.~~  May I see that?

15        Q.    Oh, you're going to see it.

16                  THE DEFENDANT:  Y'all have to

17   apologize for me in taking time because I --

18                  THE COURT:  Mr. Minnifield, do you

19   want to take it up there and see -- I don't know

20   what it is.

21                  THE DEFENDANT:  I'm trying to see if

22   that's the proper one.  I've got two of them here.

23   It's hard for me to see.  I've got -- excuse me

24   just a minute.

25                  THE COURT:  Could you maybe go to

1    concluded.

2         And I apologize for my voice.  It sort of goes

3    and comes.  As I said, it's just this time of the

4    year.  We're going to take an early break today

5    because there are a number of things we need to

6    take up outside the presence of the jury.  And

7    hopefully, when you come back, we'll be able to

8    start promptly and go more quickly.  But I'm going

9    to give you a long break until one o'clock.  And at

10   that time, if you'll report to the jury assembly

11   room, we'll get you at one o'clock.  Thank you.

12             (Out of the presence of the jury.)

13             THE COURT:  Now, Mr. Minnifield, I

14   need to know whether you're requesting at this time

15   to represent yourself or do you want your

16   court-appointed attorney?

17             THE DEFENDANT:  ~~~~~~~~~~~~~~~~~~~~~~~~~

18   represent myself.

19             THE COURT:  ~~~~~~~~~~~~~~~~~~~~~~~~ I

20   let you do that, I need to ask you a number of

21   things.

22         And has he discussed this possibility with

23   you, Mr. Hartley?  I know you've been involved with

24   this case for some time.  And, for the record --

25   and I think you've been very instrumental and

1    helpful in looking at alternatives and over the

2    course of it, different ways of resolving this

3    matter, including this morning.  But, evidently, he

4    has mentioned to you that he wanted to represent

5    himself?

6    ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~ In

7    the course of my contact with Mr. Minnifield over a

8    long period of time, I do recollect that he

9    indicated that he wanted to do some parts of the

10   questioning of witnesses and to present --

11             THE COURT:  ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~do

12   ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

13   ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

14   ~~~~~~~~you have~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

15   witness.

16             ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~,

17   ~~~~~~~~He~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~ry

18   ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~, and

19   the~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~and

20   ~~~~~~~~~~~~~~~~~~~~  ~~~~~~~~~~~~~~~~~~~~~~~~~~~~duct

21   ~~~~~~~~~~~~~~possibly~~~~~~~~~~~~~~~~~~~~~~~~~~~~pal

22   ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

23             THE COURT:  Well, let me hear from

24   ~~~~~Mr. Minni~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

25   yourself in this case.

1    ~~THE DEFENDANT:~~

2    ~~represent myself entirely, and I'm qualified.~~

3           THE COURT:  Well, I'm going to ask

4    you some questions.  And, first of all, do you

5    ~~understand that you're charged with stalking and~~

6    ~~what the elements of that offense are?~~

7           THE DEFENDANT:  ~~Sure~~.

8           THE COURT:  Now, you have a right to

9    ~~represent yourself, but you also have a right to~~

10   ~~have an attorney.  And I have already appointed~~

11   ~~Mr. Hartley, and he's been your attorney in the~~

12   ~~case and as a matter of fact has represented~~ the

13   ~~attorney you've had Mr. Hartley, who works for a~~

14   ~~number of years, and I know what he has skill~~ and

15   ~~experience and you're telling me you want to~~

16   ~~represent yourself?~~

17          PROSPECTIVE JUROR:  I want to

18   represent myself due to the fact that in the past,

19   there have been some dealing and understanding that

20   I didn't go along with between Mr. Hartley and the

21   State.

22          THE COURT:  Give me an example.

23          THE DEFENDANT:  For instance, like,

24   I got locked up November '98, and my bail was set

25   at hundred thousand dollars.  I go for a bail

1    hearing and Judge Bright set my bail -- reduced my

2    bail of forty thousand dollars.

3                    THE COURT:  Well, that was before

4    Judge Bright and would have been involved before

5    Mr. Hartley got in the case.  And I do --

6                    THE DEFENDANT:  That was right.

7                    THE COURT:  -- know that you made an

8    oral notice to reduce the bond.  And there does

9    seem to -- there has been one motion filed, but

10   that was in December by -- that's not in the file,

11   by Mr. Minnifield, and I'll look it over in just a

12   moment.

13                   THE DEFENDANT:  It was December '98

14   when the bail was reduced to forty thousand

15   dollars, but --

16                   THE COURT:  Mr. Minnifield, what

17   occurred before Judge Bright does not concern

18   Mr. Hartley or this Court.  Were you involved --

19   

20                   THE DEFENDANT:  Yes, he was.

21                   THE COURT:  You were?

22                   MR. HARTLEY:  Yes, Judge.  I don't

23   have a real complete recall,

24                   --

25                                              But it seemed to me

1    that she did agree to a reduction of ~~forty~~

2    ~~thousand~~.  And there was some delay, Judge, in

3    getting, I think, it possibly recorded in the jail.

4    There may have been something, and I think

5    Mr. Minnifield was disturbed about that.

6                   THE COURT:  Now, Mr. Minnifield,

7    what is your age?

8                   THE DEFENDANT:  Sixty.

9                   THE COURT:  And could you briefly

10   give -- set out your work experience?

11                  THE DEFENDANT:  Yes.  My work

12   experience was the last job I had was contractor,

13   construction, heavy equipment operator, and

14   etcetera.

15                  THE COURT:  And what other types of

16   work have you done?

17                  PROSPECTIVE JUROR:  I have been a

18   currier, and I've been chief maintenance man at

19   Wilson and Price.  I've been a truck driver.

20                  THE COURT:  Have you ever been

21   treated for any mental disease or mental health?

22                  THE DEFENDANT:  No, I haven't.  I

23   went and -- when --

24                  THE COURT:  And the Court is aware

25   that I did -- when you were out on bond, the EVEN

```
 1                    THE DEFENDANT:  Sure, because the
 2    whole statement --
 3                    THE COURT:  We'll take that up --
 4    we'll have a break -- because I don't know what's
 5    there.  Go on to your next question.
 6            Q.   Okay.  Vonciel, on the night of October
 7    30th, right, you said -- and I quote you -- are you
 8    telling this jury here that I threw you out the
 9    window?
10            A.   On the night of the 29th, you did.
11            Q.   On the 29th, yes.
12            A.   Yes, you did.
13            Q.   That I threw you out the window?
14            A.   Yes.
15            Q.   And then you got your daughters out?
16            A.   Eventually, yes.
17            Q.   Eventually.  Now, in your statement you
18    said that -- yes, you said I threw you out.  But
19    you also said I threw your daughter out the window?
20            A.   My oldest daughter was running from you
21    because you had a hatchet after her held up in the
22    air.
23                    THE COURT:  His question was:  In
24    your statement, did you say that that happened to
25    your daughter?
```

```
 1            Q.    That's right.  Did you said that?
 2                       THE COURT:  Maybe you could show her
 3    that page.  If you tell Mr. Bailey where you are,
 4    he could go show it to her.
 5                       THE DEFENDANT:  He'll find it right
 6    in there.  And we'll go on to Ashley.
 7            Q.    Did that you say that I tried to hit her
 8    with the hatchet or what or --
 9            A.    No, I did not.
10            Q.    What the statement you said on that as of
11    my age, I forget.
12            A.    What are you asking me?
13            Q.    I'm asking you about Ashley.  Did I
14    threaten her with the hatchet or what?  Only what
15    you're saying now, not what you say you heard.
16            A.    I can expect that she felt threatened
17    when she opened the bathroom door.  The reason she
18    opened the bathroom door is because --
19                       THE COURT:  Wait just a minute.  I
20    think he's just asking -- and it might help the
21    jury.  You have two daughters.  And is Ashley what
22    age, and the younger one?
23                       THE WITNESS:  Yes, ma'am.
24                       THE DEFENDANT:  Ashley, 13.
25                       THE COURT:  And he's just asking
```

1    whether or not you're saying he went after her with

2    the hatchet.

3        A.    I'm saying you threatened all of us that

4    night, yes.

5                    THE COURT:  But now, listen to his

6    question.  Did he go after her with the hatchet,

7    the younger one?

8        A.    He went to the bathroom door with the

9    hatchet raised in the air, and she was in there.

10                    THE DEFENDANT:  I'm satisfied with

11    that.  Your witness.

12                    THE COURT:  Anything else from her?

13                    MR. BAILEY:  I think I only have one

14    other question.

15                    REDIRECT EXAMINATION

16    BY MR. BAILEY:

17        Q.    Mrs. Minnifield, I can't remember if I

18    asked you this or not.  Have you actually filed for

19    a divorce against Mr. Minnifield?

20        A.    Yes, sir, just recently.

21        Q.    Okay.

22                    MR. BAILEY:  That's all the

23    questions I have.

24                    THE COURT:  Let's take another

25    fifteen-minute recess.  It might be one of the last

1    another area, and we could come back to that?  Let

2    Mr. Hartley look through that.

3        Q.    Okay.  If -- I want to ask you something.

4    When Mr. -- when I did come to Auburn, right, you

5    see me?  Like you say, did I show any kind of force

6    or, like, I was standing up just watching you?  Did

7    I try any threat or anything?

8        A.    No.  You just stood there and looked at

9    me -- just stood there and watched me.  And then

10   when you walked towards me; I walked towards the

11   security guard and informed him that you were

12   there.

13       Q.    And then what happened?

14       A.    Then they escorted you off the premises

15   because it was an invitation only party.

16       Q.    They just walked up to me and did that

17   or --

18       A.    They walked up to you, and you informed

19   them that you wanted to talk to me.  And my boss

20   and Mr. Glaxton, who is the security guard, told

21   you that you weren't going to talk to me, that you

22   were going to talk to them.  And they took you to

23   the street and talked to you.  I don't know what

24   was said.

25       Q.    Okay.  Vonciel, do you remember in your

1    statement that you gave -- it's in one of these

2    here, and we're going to find it in a few minutes.

3    I'm going to let him find it due to my eyesight --

4    that ████████████████████████████████████████ a

5    ████████████████████████████████████████

6         A.   T████████████████████████████████████ you

7    █████████████████████████████████████████████████

8    you went.  ███████████████████████████████████ did

9    ████████████████████████████████

10        Q.   N████████████████████████████████████████

11   ████████████████████████ ago, ██████████████ just

12   w███████████ up me?

13        ███████████ did  T█████████████████████ ran

14   ████████████████████████████ to the street.

15        Q.   And forced me to leave, huh?

16        A.   I don't know if they forced you.  I don't

17   know what was said.  I wasn't at that point.

18        Q.   Okay.  It says here, █████████████████ward

19   and my boss █████ when they walked towards him, he

20   turned away ████████████████████ing away from the scene

21   ██████████. A████████████████████████████ him

22   down.  They █████████████████ walked to him

23   approximately thirty minutes ██████████████████ he

24   h██████████ leave the premises."

25        ████████████

1        Q.    Is ~~the same statement you've given~~?

2        A.    ~~That is correct~~.

3        Q.    Now, you said while ago, you said, you

4    ~~know they walked up anyway~~?

5        A.    ~~Well, it doesn't matter.~~ They walked and

6    ~~they came~~ ~~~~ ~~you walked away~~

7    ~~~~ You didn't want to talk to them evidently.

8    When ~~they came and caught me, you guess, and~~

9    ~~they asked you to come back and do it later~~

10   ~~or both~~.

11       Q.    Why didn't you file charges in Auburn?

12   There was plenty polices around.

13       A.    Yes, there was.

14       Q.    Why did you did not file charges or

15   notify the police there?

16       A.    In Auburn?

17       Q.    Sure.

18       A.    Because I thought -- and ignorant to the

19   fact of the law -- I thought I could come back and

20   do it here.  But when I came here, I went to the

21   city police to file charges, and they actually told

22   me I had to do it in Auburn.

23       Q.    It is no reason for ignorance of the

24   facts.

25                  MR. BAILEY:  Your Honor --

1          THE COURT: Don't comment. Just go

2    to your next question.

3          Q.   Okay. I'm coming back to Page 10. Y'all

4    excuse me. This is referring back to where she

5    pointed me out.

6          THE COURT: Just go on to your next

7    question.

8          Q.   The question was: There was also a

9    warrant for harassing that was signed November 16

10   of '97. Do you have any idea? Okay. That could

11   have possibly been the time that --

12          THE COURT: Wait. What is your

13   question?

14          THE DEFENDANT: The question is: I

15   asked her about where she pointed me out. She said

16   we had never made physical contact with each other.

17   But she told in here, says she points me out.

18          A.   The contact --

19          Q.   And I want to know how and why.

20          THE COURT: Why don't you just read

21   that one portion?

22          MR. HARTLEY: He's got it, Judge.

23          THE DEFENDANT: That's what I'm

24   reading.

25          THE COURT: Go ahead.

1          MR. BAILEY:  Your Honor, if I could?

2    If he could ask the question and then read the

3    entire answer.

4          THE DEFENDANT:  Okay.  I asked the

5    question on this.

6          MR. BAILEY:  I mean the question on

7    the sheet.

8          Q.    The question on Page 10.  "Did you say

9    that you had probably been this time that he showed

10   me and I punched him?

11         A.    The only time I can recall ever

12   physically having contact with you was the night

13   you came in with the hatchet.  And as I stated

14   earlier, I couldn't get you off me.  You couldn't

15   get me off you.  And that's the time we went round

16   and round.  That's the only time I can remember

17   physical contact.  And yes, I did hit you to

18   protect myself as well as you were hitting me.

19         Q.    On what night or day?

20         A.    That night was the night of the 29th.

21   The documents are stated the 30th because it was

22   the change of day.

23         Q.    Okay.

24         THE DEFENDANT:  I want this to go in

25   evidence as Page 10.

1    THE COURT:  Well, I think it's -- is

2    it already in or not?

3        MR. BAILEY:  That's her statement.

4        THE DEFENDANT:  That's her

5    statement.

6        THE COURT:  Okay.  If you want to

7    get that marked as Defendant's Exhibit 1, you can

8    do so, and it will be admitted.

9        THE DEFENDANT:  Yes.

10       MR. BAILEY:  Judge, we would object

11   just to that portion.  If he's going --

12       THE COURT:  Well, you can certainly

13   follow up.

14       MR. BAILEY:  What I'm saying, I

15   guess, Your Honor, is we would ask that the whole

16   statement be admitted.

17       THE COURT:  You can follow up and do

18   that.

19       THE DEFENDANT:  The whole exhibit is

20   Exhibit 1.

21       MR. BAILEY:  Are you offering the

22   whole statement?

23       THE DEFENDANT:  Yes.

24       MR. BAILEY:  I mean, the whole

25   statement?

1     or less, I told him that I didn't want him putting

2     his hands on me.  But I didn't call the police or

3     anything.  And that kind of alarmed me.

4          Q.    So you were married in October '94,

5     correct?

6          A.    Yes.

7          Q.    And did y'all live together -- how long

8     did y'all live together as man and wife?

9          A.    Four years.

10          Q.    So, approximately, sometime in 1998,

11     y'all were no longer living together; is that

12     correct?

13          A.    Yes, sir.

14          Q.    Do you know approximately what time frame

15     that would be?

16          A.    ~~I want to say July~~.

17          Q.    ~~July of 1998?~~

18          A.    Yes, sir.

19          Q.    What event caused you two to stop living

20     together, if anything?

21          A.    There was an argument.  Normally, there's

22     always an argument when he's drunk.  And I didn't

23     want to subject my kids to it any longer, so I took

24     my kids and left, as I had done before.  We would

25     stay gone an hour or so.  And when we would come

1    back, he's normally passed out or asleep.  When we

2    came back that night, I remember it was raining and

3    the lock on the front door was changed.  And so we

4    went to the back door, and it was changed as well.

5    And the windows, we couldn't get in the windows,

6    and he wouldn't let us in.  So I left.  And my kids

7    and I stayed at a hotel for two weeks, and I didn't

8    go back.  I've never been back.

9         Q.    So from that point, did you -- I believe

10   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓?

11        A.    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

12        Q.    Okay.  You made a decision to separate

13   from Mr. Minnifield?

14        A.    Yes, sir.

15        Q.    Now, what I want to do at this point is

16   talk to you about the events that have occurred

17   since your separation with Mr. Minnifield, if it

18   was July of '98 -- whatever date -- since your

19   separation with him.  Can you remember,

20   approximately, the first contact that you had with

21   him after your separation?

22        A.    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ hotel▓r

23   ▓▓▓▓▓▓▓, I found an apartment in Brookview

24   Apartments.  I believe it was the beginning of

25   October.  The first incident was where he came to

```
 1        Q.   Who was this person?

 2        A.   Lester Glaxton.

 3        Q.   And what was the purpose of you hiring

 4   Mr. Glaxton?

 5        A.   Well, my boss had encouraged me to get

 6   some protection because my husband was coming up to

 7   the different sites that I work at.  And Vincent

 8   Service does our security.  Mr. Glaxton is a

 9   supervisor, who is there most of the time, and he

10   more or less watched out for me while I was at

11   work.  So I asked him and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ the

12   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

13   ▓▓▓▓▓▓▓▓▓▓▓▓▓.

14        Q.   Did Mr. Glaxton agree to do this?

15        A.   ▓▓▓▓▓▓▓▓▓.

16        Q.   Okay.  And did ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ with

17   ▓▓▓▓▓▓▓▓▓▓▓▓▓?

18        A.   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

19        Q.   Would you please tell the ladies and

20   gentlemen of the jury what happened once you

21   arrived in Auburn?

22        A.   I was there for about an hour, hour and a

23   half, and one of my co-workers says --

24             THE COURT:  Now, you can't go into

25   what your co-worker said.
```

1     Q.  Just what you observed.

2     A.  I was there for about an hour or hour and

3 a half, and I noticed my husband standing about

4 twenty yards away from me, just standing there

5 looking at me. And I went over and told the

6 ~~security guard, Mr. Claxton, that~~ And

7 ~~they took him~~ ne,

8 ~~and they talked~~ And, eventually, about

9 ~~thirty minutes~~ he left.

10    Q.  At that time, did Mr. Minnifield ever say

11 anything to you, make any type of contact with you

12 as far as -- I understand maybe visually -- but any

13 type of contact with you as type as verbally?

14    A.  ~~he said, I want to talk~~

15 ~~And~~

16 ~~Wil~~ ~~and talk to me~~

17    Q.  Had you given Mr. -- let me ask you the

18 same question about some of the other events you

19 talked about. Did you give Mr. Minnifield

20 permission to ~~es?~~

21    A. ~~No.~~

22    Q.  Did you ever give him any permission to

23 come to the Auburn event?

24    A. ~~~~

25    Q.  Did you ever invite him to either one of

1   those events?

2        A.   ~~I have no commit~~ting ~~that~~

3   ~~...~~

4        Q.   Are there any other incidents that have

5   occurred between you and Mr. Minnifield since the

6   date of your separation?

7        A.   Yes, sir.  ~~...~~

8   ~~...~~ He did that a couple of times.

9        Q.   And where do you attend church?

10       A.   ~~...~~

11       Q.   And can you tell us about those

12   occasions, what would happen?

13       A.   ~~... now, asked~~

14   ~~Mrs. Minnifield... my husband,... they~~

15   ~~would...~~

16            THE COURT:   Now, again, you can't go

17   into what somebody else said or did.

18       Q.   Mrs. Minnifield, if you will, please --

19   it will help us move things along if you'll just

20   talk about things that you have observed the

21   ~~...~~  Don't tell us anything

22   that your uncle said or did or anybody else did

23   except for Mr. Minnifield.  Okay?

24       A.   ~~...and I~~

25   ~~... uncle and go~~

1          And, therefore, ~~I felt that had a~~

2    ~~*** *** ***~~

3          Q.    Was Mr. Minnifield a member of that

4    church?

5          A.    ~~No.~~

6          Q.    Had he ever been to that church with you?

7          A.    ~~*** *** ***~~e.

8          Q.    But other than the time that he had

9    attended with you, had he ever been to that church,

10   to your knowledge?

11         A.    ~~*** *** ***~~ge.

12         Q.    Okay.  Now, you have testified about this

13   one event that he came to the church, and you saw

14   him, and when ~~*** *** ***~~.  Were there

15   any other occasions you saw him at the church?

16         A.    ~~*** ***~~.

17         Q.    Okay.  So it was just that one occasion?

18         A.    ~~It was two occasions, but I remember~~

19   ~~that because someone else saw him there and talked~~

20   ~~to him.~~

21         Q.    Okay.  Now, Mrs. Minnifield, are there

22   any other incidents that have occurred since you

23   and Mr. Minnifield have separated that you have not

24   told us about?

25         A.    ~~*** *** ***~~ but

```
 1    that's someone else saying it, so I can't

 2    elaborate.

 3         Q.   ~~Have you ever seen him at your job~~

 4    ~~workplace, during this time frame?~~

 5         A.   ~~He's sometimes parked outside my job~~ yes.

 6         Q.   And how ma~~ny occasions have you seen~~

 7    ~~that?~~

 8         A.   ~~Twice~~.

 9         Q.   Have ~~you ever received any type of~~ phone

10    ~~calls from Mr. Minnifield?~~

11         A.   ~~No, not directly.~~

12         Q.   When you would see him at your workplace,

13    I believe you said, he was sitting in the car?

14         A.   ~~Yes, he was.~~

15         Q.   Where would he be parked -- let me back

16    up just a second.  Where is your workplace again?

17         A.   ~~It's on the corner of Adams and Ripley~~

18    ~~and Washington~~.

19         Q.   Okay.  Is that in a particular building?

20         A.   ~~It's the RSA Plaza downtown~~.

21         Q.   And where would Mr. Minnifield be

22    sitting?

23         A.   ~~Sometimes he be on Adams and some on~~

24    ~~Washington~~.

25         Q.   ~~So you've seen him on different occasions~~
```

```
 1    that you saw him?

 2          A.    ~~redacted~~

 3          Q.    Has anything else occurred between you

 4    and Mr. Minnifield since the date of your

 5    separation?

 6          A.    ~~redacted~~

 7          Q.    ~~redacted~~

 8    ~~redacted~~ that

 9    ~~redacted~~ --

10          A.    ~~redacted~~

11          Q.    -- during this time frame?  Had you ever

12    received any type of written correspondence from

13    Mr. Minnifield?

14          A.    ~~redacted~~

15          Q.    And can you tell us about those?

16          A.    ~~redacted~~

17    ~~redacted~~ --

18    stating that he was very sorry for what had

19    ~~redacted~~ and that he just

20    ~~redacted~~ and

21    ~~redacted~~

22          Q.    ~~redacted~~ going

23    to show you what's been marked as State's Exhibit

24    No. 5.  I want to ask you if you can identify this

25    ~~redacted~~ am?
```

**IN THE CIRCUIT COURT OF**
**MONTGOMERY COUNTY, ALABAMA**

JOHN WILLIE MINNIFIELD,                    )
                                           )
     Petitioner,                           )
                                           )
v.                                         )          CC-99-327.61-TMH
                                           )
STATE OF ALABAMA,                          )
                                           )
     Respondent.                           )

## ORDER

This cause having come before the Court on Petitioner's request that filing fees be waived due to his substantial hardship status, and the same having been considered, it is ORDERED that Petitioner is GRANTED permission for filing of the petition in this cause without immediate prepayment of a filing fee.

It is further ORDERED that Petitioner is required to pay a filing fee in the amount of $201.00 in this cause; and the Alabama Department of Corrections is directed to withhold 50% of each dollar the Petitioner receives through his Prisoner's Money on Deposit Account and to deliver the same to the Clerk of this Court when the full amount has been collected.

This is the second Rule 32 petition in this matter and most of the assertions therein are barred by Rule 32.2(b) A.R.Cr.P. or are time barred. In addition, the petition is a meandering, rambling discourse which lacks the specificity mandated by Rule 32.6(b) A.R.Cr.P.



Turning to the allegations which can be gleaned from the petition, the Petitioner reiterates a Batson claim which was raised in an earlier petition. It is thus barred as successive and untimely.

Most of the claims appear to seek a relitigation of the underlying stalking charge. This cannot be done in a Rule 32 proceeding. He also attacks the constitutionality of the stalking charge but fails to state why this claim could not be raised previously.

Finally, Petitioner appears to complain that he was not represented by counsel at trial. This issue is barred because it could have been raised previously. In addition, the claim is without merit. Petitioner demanded that he be allowed to proceed *pro se*. Judge Greenhaw, the trial judge, carefully explained to Petitioner the hazards of proceeding *pro se* and she then required that his appointed counsel remain with Petitioner at trial to give advice.

Wherefore, the petition is DISMISSED.

Done this 28th day of January, 2005.

TRUMAN M. HOBBS, JR.
CIRCUIT JUDGE

cc:    John W. Minnifield
       AIS# 112145
       Bullock CF
       PO Box 5107
       Union Springs, AL  36089-5107

       Matthew D. Shaddrix, DDA
       Courthouse box

IN THE CIRCUIT COURT OF _Montgomery_ COUNTY, ALABAMA

_John Willie Minnifield_
    APPELLANT,

    VS.

    \* CASE NO: _99-0327.61_

STATE OF ALABAMA,
    APPELLEE,

FEB 2005
FILED
Melissa Rittenour
Circuit Clerk

### NOTICE OF APPEAL TO THE COURT OF
### CRIMINAL APPEALS OF ALABAMA

_1-28th day of Jan, 2005_ AND _10th day of Feb, 2000_
DATE OF JUDGEMENT      POST JUDGEMENT ORDER

    Notice is hereby given that _John Willie Minnifield_, Appeals to the above named Court from the Judgement of Conviction (_1-28-2005_) or other order entered in this Case on the _28th_ DAY OF _Jan_, 200_5_, Adjudging the Defendant to be Guilty of the Offense of _Stalking_, and punishment thereof, Sentencing the Defendant as Follows; _20 years_
    :

FILED _2-19-2005_
    DATE

CERTIFIED AS A TRUE COPY

_John Willie Minnifield #11214_
PRO-SE APPELLANT

| State of Alabama<br>Unified Judicial System<br>Form ARAP-1C    8/91 | REPORTER'S TRANSCRIPT ORDER -- CRIMINAL<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number<br>*CC - 99-0327.61* |
|---|---|---|

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

☒ CIRCUIT COURT  ☐ DISTRICT COURT  ☐ JUVENILE COURT OF  *Montgomery* _____ COUNT

*John Willie Minnifield* _____, Appellant

V.  ☐ STATE OF ALABAMA  ☐ MUNICIPALITY OF _____

| Case Number<br>*CC-99-0327.61 TMH* | Date of Judgment/Sentence/Order<br>*28th day of Jan. 2005* |
|---|---|

Date of Notice of Appeal

| Oral: | Written: *2-19-05* | Indigent Status Granted:<br>☒ Yes  ☐ No |
|---|---|---|

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, CODE O ALABAMA 1975).

| Signature | Date | Print or Type Name |
|---|---|---|

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

MARK PROCEEDINGS REQUESTED:

COURT REPORTER(S)

A. ☐ TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately.

B. ☐ ORGANIZATION OF THE JURY - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

C. ☐ ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

| ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
|---|---|---|
| D. *Transcript of Sentecing Proceeding* | | *Dub Harris* |
| E. | | |
| F. | | |
| G. | | |

IMPORTANT NOTICE: ~~The court reporter who reported the proceedings for which a transcript is requested must be identified~~ on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings i the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER''S TRANSCRIPT:**

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIA ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING ~~HIS OR HER PORTION OF THE REPORTER'S TRANSCRI~~ ~~REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEE REVOKED; (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.~~

| *John Willie Minnifield* 2-19-05 | *John Willie Minnifield* |
|---|---|
| Signature  Date | Print or Type Name |

DISTRIBUTION: Original filed with Clerk of Trial Court and copies mailed to:  (1) ~~Clerk of the Court of Criminal Appeals~~  (2) the District Attorne (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney if the appeal is from municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript

State of Alabama
Unified Judicial System
Form ARAP- 26 (front)    8/91

## COURT OF CRIMINAL APPEALS
## DOCKETING STATEMENT

Criminal Appeal Number
_____ - _____

**A. GENERAL INFORMATION:**

[X] CIRCUIT COURT   [ ] DISTRICT COURT   [ ] JUVENILE COURT OF    MONTGOMERY

_____ , COUNTY

JOHN WILLIE MINNIFIELD

_____ , Appellant

V.   [X] STATE OF ALABAMA   [ ] MUNICIPALITY OF _____

| Case Number CC-99-0327.61 | Date of Complaint or Indictment NOV. 2004 | Date of Judgment/Sentence/Order 28th day of January, 2005 |
|---|---|---|
| Number of Days of Trial/Hearing 4½ Days | Date of Notice of Appeal Oral: | Written: 2/19th day of 2005 |

Indigent Status Requested: [X] Yes [ ] No          Indigent Status Granted: [X] Yes [ ] No

**B. REPRESENTATION:**

Is Attorney Appointed or Retained?   [ ] Appointed   [ ] Retained.   If no attorney, will appellant represent self?   [X] Yes   [ ] No

| Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary) PRO SE JOHN WILLIE MINNIFIELD | Telephone Number |
|---|---|
| Address POST OFFICE BOX 5107 | City UNION SPRINGS, | State AL. | Zip Code 36089 |

**C. CODEFENDANTS:** List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
|---|---|
| Codefendant | Case Number |
| Codefendant | Case Number |

**D. TYPE OF APPEAL:** Please check the applicable block.

1 [X] State Conviction
2 [X] Post-Conviction Remedy
3 [ ] Probation Revocation
4 [ ] Pretrial Order
5 [ ] Contempt Adjudication
6 [ ] Municipal Conviction
7 [ ] Juvenile Transfer Order
8 [ ] Juvenile Delinquency
9 [ ] Habeas Corpus Petition
10 [ ] Other (Specify)

**E. UNDERLYING CONVICTION/CHARGE:** Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 [ ] Capital Offense - § _____
2 [ ] Homicide - § _____
3 [ ] Assault - § _____
4 [ ] Kidnapping/Unlawful Imprisonment - § _____
5 [ ] Drug Possession - § _____
6 [ ] Trafficking in Drugs - § _____
7 [ ] Theft - § _____
8 [ ] Damage or Intrusion to Property - § _____
9 [ ] Escape - § _____
10 [ ] Weapons/Firearms - § _____
11 [ ] Fraudulent Practices - § _____
12 [ ] Offense Against Family - § _____
13 [ ] Traffic - DUI - § _____
14 [ ] Traffic - Other - § _____
15 [ ] Miscellaneous (Specify): STALKING - § _____

**F. DEATH PENALTY:**

Does this appeal involve a case where the death penalty has been imposed?   [ ] Yes   [X] No

**G. TRANSCRIPT:**

1. Will the record on appeal have a reporter's transcript?   [X] Yes   [ ] No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed.  2-19-05  (Date)
3. If the answer to question "1" is "No":
   (a)  Will a stipulation of facts be filed with the circuit clerk?   [X] Yes   [ ] No
   (b)  Will the parties stipulate that only questions of law are involved and will the trial court certify the questions?   [X] Yes   [ ] No

NOTE:  If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

orm ARAP- 26 (back)   8/91

## COURT OF CRIMINAL APPEALS DOCKETING STATEMENT

**POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Mtn | Day | Year | | Month | Day | Year |
| 11th | 28th | 2004 | Rule 32 | 1st | 28th | 2005 |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case.

~~Stalking charged by wife on the 23rd day of November, 1998 wife filed stalking charge were~~
I was nowhere in or near her or her resident thus State knew this but entertained perjury testimony by wife and gotten witnesse whom she was having sex and smoking crack with to lie on her behalf. We was seperated on the 10th day of October, 1998 and she filed this charge on the the 23rd day of November, 1998. I am actual innocent of stalking see her past record in Texas and Georgia she did the same things on two other mens she is not concoted but a long time drug user, prostitute, and thief you name it. This was newly discovery evidence no witness can repeat or would repeat their testimony since they found out about her lying and had me falsly accused to keep me locked up is a miscarrage of justice everything I've said can be proven if this Court let justice prevail. The State says this is a second sucessive Petition I agree that was never ruled upon by the Circuit Court but denied See; Writ of Habeas us filed in 2000 which stayed in Court for over two years and denied without prejudice but failed to notify me after due dillengce of the Status on it. See; exhibits a denial off due process and access to the Court System. I pray for relief and hearing in matter.

**ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary.)

(1). Ineffective Assistant of Counsel Appellate;

(2). Jury Bias and Prejudice a gender violation

(3). District Attorney misconduct misleading the jury

(4). Actual Innocent

(5). See Judge Price denied without prejudice Habeas Corpus

(6). Entertained by Court perjury testimony knowingly

(7). Trial Judge did not comply with the Faretta Ruling stating the danger of self representatior and that I could at any time during the trial I could ask for counsel. See exhibit

(8). Incomplete transcript from sentencing phase it was recorded therefore part of the record

(9). There is a tolling of time through no fault of mines

*John Willie Minnifield #112145*

SINATURE:

John Willie Minnifield #112145

# CIRCUIT COURT OF MONTGOMERY COUNTY
## Melissa Rittenour
### Clerk and Register
### 251 South Lawrence Street
### Montgomery, Alabama 36104

March 8, 2005

Mr. Minnifield;

I found no Trial Orders indicating that there were hearings set for your Rule 32 Petition. Because there were no hearings on your Petition then there will not be a Reporter's Transcript filed in this appeal.

If you wish to request a copy of the transcript recorded during the trial proceedings then you will have to contact the court reporter(s) that was present during those proceedings. You have indicated that you wish to obtain a transcript from court reporter Dub Harris. You may contact Mr. Harris by submitting your request in writing to the following address:

Elmore County Courthouse
Attn: Dub Harris
8935 Hwy 231 Room 232
Wetumpka, Al 36092

Sincerely,

Melissa Rittenour

dbh

cc  Court of Criminal Appeals
cc  John W. Minnifield

ACR371
ALABAMA JUDICIAL DATA CEN  R
NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
BY THE TRIAL COURT CLERK
IN THE CIRCUIT COURT   OF MONTGOMERY COUNTY
STATE OF ALABAMA VS MINNIFIELD JOHN WILLIE    JUDGE: SARAH M. GREENHAW

APPEAL DATE: 02/19/2005

INDIGENCY STATUS:
  GRANTED INDIGENCY STATUS AT TRIAL COURT:       __X__ YES    _____ NO
  APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:  _____ YES   __X__ NO-N/A
  INDIGENT STATUS REVOKED ON APPEAL:              _____ YES   __X__ NO
  INDIGENT STATUS GRANTED ON APPEAL:              __X__ YES    _____ NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PETITION

THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CO/CASE NUMBER: 03/CC 1999 000327.61

ORDER ENTERED(DATE): 01282005 PETITION: X DISMISSED  __DENIED  __GRANTED

POST-JUDGMENT MOTIONS FILED:    DT FILED      DT DENIED      CON BY AGREE
____ MOTION FOR NEW TRIAL       _____      _____       _____
____ MOTION FOR JUDG. OF ACQUIT _____      _____       _____
____ MOTION TO W/D GUILTY PLEA  _____      _____       _____
____ MOTION FOR ATTY TO W/DRAW  _____      _____       _____
____ OTHER _____             _____      _____       _____

COURT REPORTER(S):              _____
ADDRESS:                        _____
                                _____

APPELLATE COUNSEL #1:           PRO SE
ADDRESS:                        _____

PHONE NUMBER:                   000-000-0000          ,     00000

APPELLATE COUNSEL #2:           _____
ADDRESS:                        _____
                                _____

PHONE NUMBER:

APPELLANT (PRO SE):             MINNIFIELD JOHN WILLIE
ADDRESS:                        BULLOCK CORR. FACILITY
                                UNION SPRINGS , AL  360890000
AIS #:                          112145

APPELLEE (IF CITY APPEAL):      _____
ADDRESS:                        _____
                                _____

I CERTIFY THAT THE INFORMATION PROVIDED                OPERATOR: DBH
ABOVE IS ACCURATE TO THE BEST OF MY                    PREPARED: 03/08/2005
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO        _Melissa Rittenour_
THIS ACTION ON THIS 8th DAY OF March, 2005          CIRCUIT COURT CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARAP-14          Rev. 11/91 | CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK | Appellate Case Number |
|---|---|---|

| TO: THE CLERK OF<br>    THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL:  02|19|05 |
|---|---|

| APPELLANT |
|---|
| John W. Minnifield |

| v.   STATE OF ALABAMA |
|---|

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in (a single volume of _____ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this  30th  day of  MARCH , 2005 .


Melissa Rittenour
Circuit Clerk