*Attorney General Copy*

**FILED**

APR **2 9** 2005

CLERK
ALA COURT CRIMINAL APPEALS

*Brief With
Exhibits A-B-C*

## IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

JOHN WILLIE MINNIFIELD
APPELLANT

--VS--

STATE OF ALABAMA
APPELLEE

CASE NO: CR-04-1101
APPEAL FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
CRIMINAL COURT NO: 99-327.61

— *Exhibit L* —

TABLE OF CONTENTS                                     PAGES

Incomplete Transcript ........................................................1

Ineffective Assistance of Appellate Counsel .................................1

Illegal Sentence ............................................................1

Reporter Act ..............................................................1-2

Actual Innocent .............................................................2

Banshment ...................................................................2

Witness at Sentencing .......................................................3

Reporter Address ............................................................3

H.O.A. at Sentencing ........................................................3

Official Transcript .........................................................3

Abuse of Discretion .........................................................4

No Felony Committed .........................................................4

Removed All Black Males From Jury ...........................................4

Factual Varance In The Indictment ...........................................4

Exhibit Alleged Victim Statement ............................................4

Self Representation .........................................................4

Ex. Faretta Hearing .........................................................4

Perjured Testimony ..........................................................4

Closing .....................................................................5

Certificate of Service ......................................................5

TABLE OF CASES                                                                  PAGES

Rika v. State, 587 So.2d 1054 ...................................................1

Pope v. State, 345 So.2d 1337 ...................................................2

Tomlin v. State, 601 So.7d 124 ..................................................4

Hamilton v. State, 677 So.2d 1254 ...............................................5

IN THE CRIMINAL COURT OF APPEALS

JOHN W. MINNIFIELD,
   APPELLIANT,

VS.                                    CR. NO: _____

STATE OF ALABAMA,
   APPELLEE,

BRIEF IN SUPPORT OF APPEAL
PRO SE

Comes now the Appelliant in and on his own behalf Appeal the decision of the Montgomery County Circuit Court charged stalking of then wife. The Appelliant was found guilty by a jury of (9) females and (3) males and sentenced to a term of 20 years ... Appointed Counsel the Honorable Joseph E. Burkhart whom filed the Appeal without a complete transcript whereas there were two Court Reporters that transcribed this case Mrs. Merdith Newman transcribed the actual trial and closing arguments were absent from TR.

Honorable Dub Harris transcribed the sentencing date but fail to give to the Appellant the transcript after due dillengce to obtain this potion of the record which will show the Appellant is serving an Illegal Sentence on top of Appellant actual innocent. The Honorable Sally Greenhaw Ordered that the free transcript will be given to me therefore under the Act one cannot effectuate an Appeal which deny due process when the Reporter transcribe the proceeding but leave or omit certain potion out is denying one due process under the Fourteenth (14) Amendment.

Appellant Counsel Esquire [Joseph E. Burkhart] knew or should have known the transcript were incomplete therefore raising on Direct Appeal the effect of an incomplete transcript that violate the Substantial Right of the accused provide counsel Ineffective Assistance of Counsel but not raising it on Direct Appeal a jurisdictional issue that can be raised at anytime. However to deny one an Evendentary Hearing and addressing each and every allegation raised by the Appelliant

-1-

is an abuse of discretion by the Court therefore this issue has not been raised

and ruling out second Successive Petition as alleged by the State ... Rule 32.2

the following issues in the Reporter Act See, Harris v. State, 632 So.2d 545

denied a full and Fair Trial all Bench conference pursuant to the Fifth, Sixth,

Eighth, and Fourteenth Amendments State has denied due process in every concie-

able way knowly I am being discriminated against the Trial Court is in the best

position to act upon this issue but did not ... See, Rika v. State, 587 So.2d

1054 and Pope v. State, 345 So.2d 1387 which is not properly certified.


### ACTUAL INNOCENT

Charged stalking must show an overt Act towards the Commission of the Act

since November 23rd 1998, the Appellant has been searching for just one Court

to answer how can one be charged and convicted of said charged offense when it

was proven in Court and admitted by alleged victim that she was called home that

I had been by the job which I am employed there as well on the morning of Nov-

ember 23rd 1998 she was at home a Co-Worker called her and told her I had been

by and gone, she then came in and talked with Nicholas Washington the dish washer

to get him to lie saying I left threats or threating words and had a gun she then

went and signed a Warrant to have me arrested ... To whereas she was at home.

The Appellant to effeciate the Appeal there must be ordered by this Court

to turn over the entire transcript Audio Tape to be able to prove prosecution

misconduct and at sentencing invoked the H.O.A. Act all this came about because

the Appellant refused a Plea Agreement second agreement if I would leave town

and live with my sister in Milwaukee or brother in Florida a form of banisment

after refusing District Attorney Bailey request to plead guilty I was sentenced

to a term of 20 years an excessive sentence for what? no crime had been comm-

itted these Audio Tapes do exist therefore the Appellant is entitled to a com-

plete transcript that has been deleted from the record by order to keep the

Appellant Court from seeing the truth that there were or was no fair trial even

is an abuse of discretion by the Court therefore this issue has not been raised
and ruling out second Successive Petition as alleged by the State ... Rule 32.2
the following issues in the Reporter Act See, Harris v. State, 632 So.2d 543
denied a fall and fair Trial all Bench conference pursuant to the Fifth, Sixth,
Eighth, and Fourteenth Amendments State has denied due process in every concie-
able way knowly I am being discriminated against the Trial Court is in the best
position to act upon this issue but did not ... See, Kika v. State, 587 So.2d
1054 and Pope v. State, 345 So.2d 1387 which is not properly certified.


## ACTUAL INNOCENT

Charged stalking must show an overt Act towards the Commission of the Act
since November 23rd 1998, the Appellant has been searching for just one Court
to answer how can one be charged and convicted of said charged offense when it
was proven in Court and admitted by alleged victim that she was called home that
I had been by the job which I am employed there as well on the morning of Nov-
ember 23rd 1998 she was at home a Co-Worker called her and told her I had been
by and gone, she then came in and talked with Nicholas Washington the dish washer
to get him to lie saying I left threats or threating words and had a gun she then
went and signed a Warrant to have me arrested ... To whereas she was at home.

The Appellant to effeciate the Appeal there must be ordered by this Court
to turn over the entire transcript Audio Tape to be able to prove prosecution
misconduct and at sentencing invoked the H.O.A. Act all this came about because
the Appellant refused a Plea Agreement second agreement if I would leave town
and live with my sister in Milwaukee or brother in Florida a form of banisment
after refusing District Attorney Bailey request to plead guilty I was sentenced
to a term of 20 years an excessive sentence for what? no crime had been comm-
itted these Audio Tapes do exist therefore the Appellant is entitled to a com-
plete transcript that has been deleted from the record by order to keep the
Appellant Court from seeing the truth that there were or was no fair trial even

though objection was made to the Court whereas District Attorney knownly put false evidence before the jury Court over ruled in the Rule 32 Court did not address any of these issues not a properly certified transcript of the proceeding deleted witness testimonies which show at sentencing the Pre Sentence Report and Recommendation of the District Attorney Darryl Bailey, alleged victim testimony Voncile Minnifield, Ashley Cook, Dana Cook, Wiley Hartley, P.S.I. Officer at sentencing there is no record in the recorded Sentencing Report or TR prepaired by Roving Reporter Dub Harris whom is denying he were the Reporter See, the record and transcript recorded by him.

When the judgement of the Trial Court is based upon evidence presented Ore Tinus a party Appealing the judgement must present the Appellant Court an official transcript such a transcript is necessary to support an Appeal seeking Reversal of the judgement. District Attorney mistake the fact before the jury intentional is unacceptable in society is fraud and deceptive practice that has to be rejected by the Courts ... An accused person has a Liberty Interest to convey the truth to the jury otherwise that is prejudice towards the accused.

### SENTENCING STAGE

The Appelliant seek an honest ruling from this Court which rely on the record in this case the record do not show there was a sentence nowhere in the trial or sentencing transcript show there is a sentence which is jurisdiction. Therefore the Appellant is being held unlawfully.

Appellant Court it seems the Court reliance on the record has had access to the original T.R. of record to see there is no sentencing T.R. through due dillengee to get a true copy of the Reporter address which this Reporter claimed he did not record the transcript See, exhibit and Signature of the Roving Reporter. This is a crucial part of the proceeding which will show this is the only time the State invoked the H.O.A. at sentencing not timely.

Abuse of discretion by Court the transcript will show there was no felony committed on November 23rd 1998 which show there were or was no contact with the alleged victim visible or calling, threating or any form or contact therefore it is palpbly wrong to Constitute to hold one on this Illegal Charge of stalking.

Whereas there were no stalking or harassment on the 23rd of November 1998, Trial Court abuse of discretion not addressing my Batson Motion for striking all Black Males from the jury leaving all 3 white males jurior 9 womens Alternative Jury white females. This Court refused the request to have the State explain its reason Trial Court refuse to address any of the issues presented in his Petition. The indictment reads on November 23rd 1998 place [770 Washington Street Montgomery, Alabama] a factual varance because she was at home and not the place of business where the indictment claimed See TR there were never contact with each other in any form. To support stalking there was no following or calling, no harassment, See; [page-111 to 112] in Vonciel own words he never called my home or job I never seen him following me. This Court can understand I also worked at the same building plus a courier for Wilson & Price that cause me to deliver payroll to that same building after each delivery I would do the time in my log before pulling off.

### SELF REPRESENTATION

Cites [Tomlin v. State, 601 So.2d 124 Trial Court] did not advise the Appellant he could withdraw waiver at anytime See; TR which Court even that there cannot be if I would represent self Mr. Hartley could not assist me I would have to do it the entire trial. See; excerpts from TR [pages 48 ex.] at not time Court advised me I could withdraw that waiver in fact [Honorable Greenhaw] advised me and Mr. Hartley only one of us could proceed meaning if I were my own counsel I would have to take it all the way through.

Receiving Court found that the Trial Court entertained perjured testimony and the State withheld exculpatory evidence and there was Ineffective Assistance of Pre-Trial Counsel it is impossible for this Court to imagine the accused received

a fair trial that satified the minimum Constitutional standard for a fair trial See; [Hamilton v. State, 677 So.2d 1254 Ala. Crim. App. 1995] cause for a Reversible Trial Court did not make written findings of facts ... The Appellaint do hope and pray that this Court Reverse and Remand this case back to the lower Court.

Respectfully Submitted,

*John W. Minnifield #112145*
John W. Minnifield, Appelliant Pro Se
Bullock County Correctional Facility
Post Office Box 5107
Union Springs, Alabama 36089-5107

Done this the ___29th___ day of ___April___, 2005.

## CERTIFICATE OF SERVICE

I have to be placed in United States Mail with proper postage and addressed to the following parties:

CC: Criminal Court of Appeals, Honorable Lane Mann
CC: Honorable Troy King C/O Criminal Court of Appeal
CC: Montgomery County Circuit Clerk, 251 S. Lawrence Street Montgomery,
      Alabama 36130
District Attorney: Honorable Helen Brook C.O. Circuit Clerk

1    4                    IN THE CIRCUIT COURT

2                  OF MONTGOMERY COUNTY, ALABAMA

3    STATE OF ALABAMA

4          Plaintiff,

5    VS.                        X   CC-99-327-SMG

6    JOHN MINNIFIELD,

7          Defendant.

8    _____ _____ _____ _____/

9

10                    MOTIONS HEARING

11              P R O C E E D I N G S

12       The above cause came on to be heard before

13   the Hon. Sally M. Greenhaw, Circuit Judge for the

14   15th Judicial Circuit of Alabama at the Montgomery

15   County Courthouse, Montgomery, Alabama; commencing

16   on March 6, 2000.

17              *    *    *    *    *

18              A P P E A R A N C E S

19              FOR THE STATE:

20              No appearance.

21              FOR THE DEFENDANT:

22                   Pro Se.

23              *    *    *    *    *

24   COURT REPORTER FOR THESE PROCEEDINGS: DUB HARRIS

25              *    *    *    *    *

RR-2

1          <u>PROCEEDINGS</u>

2          BY THE COURT:    All right. Mr.

3     Minnifield, during the trial  you waived your

4     attorney.   Although I had Mr. Hartley sit

5     there, you did not indicate that you needed his

6     services during the trial.   I've appointed you

7     an attorney on appeal.

8          Now, on these motions for new trial, you

9     filed them Pro Se, and I've looked at your

10    motion for a new trial, and also a motion for

11    -- I guess a jury mistrial, and to reconsider

12    the sentence, and I've read all your motions.

13         Now, one thing I need to make clear, I've

14    appointed Mr. Burkhart to represent you on

15    appeal.   If for some reason you don t want him

16    to represent you, you ll have to take that up

17    with the appellate court, not me; do you

18    understand that?

19         BY THE DEFENDANT:    Yes, ma'am.

20         BY THE COURT:    Now, is there anything you

21    have to say that you haven t already said in

22    your written motions, because I've read over

23    them.

24         BY THE DEFENDANT:    I just feel, though,

25    that everything in those motions, that I'm

1    entitled to.

2           BY THE COURT:    It certainly sets out,

3    you know, quite a few factors that happened

4    during the trial, but the Court was there

5    during the trial, and again I'll say for the

6    record, you certainly were well able to

7    represent yourself, and I m going to go ahead

8    and deny these motions for new trial, and your

9    other motions.  So, now, everything can be

10   taken up on appeal.  So, I'm going to deny

11   these motions, and they'll be part of the

12   record as well.

13           BY THE DEFENDANT:    Okay.

14           BY THE COURT:    All right, thank you.

15                   (Court adjourned)

16                   *    *    *

17

18

19

20

21

22

23

24

25

## C E R T I F I C A T E

STATE OF ALABAMA

MONTGOMERY COUNTY


 I, Dub Harris, Special Roving Court Reporter and Registered Profesional Reporter of the 15th Judicial Circuit for the State of Alabama, Montgomery, Alabama, do hereby certify as follows:

 THAT I reported in shorthand the foregoing proceedings in the foregoing styled cause at the time and place stated heretofore;

 THAT I later reduced my shorthand notes to computer-aided transcription, and the foregoing pages contain a full, true and correct transcript of the proceedings and testimony as herein set out;

 THAT I am neither of kin nor of counsel to the parties to said cause, nor in any manner interested in the results thereof.

 DONE this 8th day of March, 2000.


Dub Harris, Reporter.

Dub Harris
Official Court Reporter
19th Judicial Circuit of Alabama
8935 U. S. Highway 231, Room 232
Wetumpka, AL  36092
Phone:  334 567-1148

March 28, 2005

Mr. John Willie Minnifield
#112145-18-54
P. O. Box 5107
Union Springs, AL  36089

RE:  CC-99-327-SMG; August 3, 2000 court reporter's transcript.

Dear Mr. Minnifield:

I have diligently searched my archives for the above-dated reporter notes but was unable
to locate any with reference to your case.  On that date, your case was with Judge Sally
Greenhaw; on that date I was in court with Judge Charles Price.  Consequently I did not
report your case on that date.

Thank you.

Dub Harris

CC: Court of Criminal Appeals Clerk
     Circuit Clerk, 15th Judicial Circuit

```
 1    concluded.

 2         And I apologize for my voice.  It sort of goes

 3    and comes.  As I said, it's just this time of the

 4    year.  We're going to take an early break today

 5    because there are a number of things we need to

 6    take up outside the presence of the jury.  And

 7    hopefully, when you come back, we'll be able to

 8    start promptly and go more quickly.  But I'm going

 9    to give you a long break until one o'clock.  And at

10    that time, if you'll report to the jury assembly

11    room, we'll get you at one o'clock.  Thank you.

12                   (Out of the presence of the jury.)

13                   THE COURT:  Now, Mr. Minnifield, I

14    need to know whether you're requesting at this time

15    to represent yourself or do you want your

16    court-appointed attorney?

17                   THE DEFENDANT:  I would like to

18    represent myself.

19                   THE COURT:  Mr. Minnifield, before I

20    let you do that, I need to ask you a number of

21    things.

22         And has he discussed this possibility with

23    you, Mr. Hartley?  I know you've been involved with

24    this case for some time.  And, for the record --

25    and I think you've been very instrumental and
```

1    helpful in looking at alternatives and over the

2    course of it, different ways of resolving this

3    matter, including this morning.  But, evidently, he

4    has mentioned to you that he wanted to represent

5    himself?

6              MR. HARTLEY:  Yes, Your Honor.  In

7    the course of my contact with Mr. Minnifield over a

8    long period of time, I do recollect that he

9    indicated that he wanted to do some parts of the

10   questioning of witnesses and to present --

11             THE COURT:  Well, he can't just do

12   some parts, you know.  You can't pick and choose

13   which questions you're going to ask a witness.

14   Even if you have two attorneys, only one gets a

15   witness.

16             MR. HARTLEY:  Oh, I meant that,

17   Judge.  He understood that he would have to carry

18   any particular witness all the way through, and

19   there would be no ability for us to swap back and

20   forth like that.  I think that he wants to conduct

21   the examination possibly of the State's principal

22   witness, Ms. Vonciel Minnifield.

23             THE COURT:  Well, let me hear from

24   you, Mr. Minnifield.  Do you want to represent

25   yourself in this case?

1    THE DEFENDANT:  I do prefer to

2    represent myself entirely, and I'm qualified.

3    THE COURT:  Well, I'm going to ask

4    you some questions.  And, first of all, do you

5    understand that you're charged with stalking and

6    what the elements of that offense are?

7    THE DEFENDANT:  Sure.

8    THE COURT:  Now, you have a right to

9    represent yourself, but you also have a right to

10    have an attorney.  And I have previously appointed

11    Mr. Hartley, and he's been very involved in the

12    case and as an attorney.  And the Court has had the

13    opportunity to have Mr. Hartley in the court for a

14    number of years, and I know that he has skills and

15    experiences that you do not.  Why do you want to

16    represent yourself?

17    PROSPECTIVE JUROR:  I want to

18    represent myself due to the fact that in the past,

19    there have been some dealing and understanding that

20    I didn't go along with between Mr. Hartley and the

21    State.

22    THE COURT:  Give me an example.

23    THE DEFENDANT:  For instance, like,

24    I got locked up November '98, and my bail was set

25    at hundred thousand dollars.  I go for a bail

1    hearing and Judge Bright set my bail -- reduced my

2    bail of forty thousand dollars.

3                    THE COURT:  Well, that was before

4    Judge Bright and would have been involved before

5    Mr. Hartley got in the case.  And I do --

6                    THE DEFENDANT:  That was right.

7                    THE COURT:  -- know that you made an

8    oral notice to reduce the bond.  And there does

9    seem to -- there has been one motion filed, but

10   that was in December by -- that's not in the file,

11   by Mr. Minnifield, and I'll look it over in just a

12   moment.

13                    THE DEFENDANT:  It was December '98

14   when the bail was reduced to forty thousand

15   dollars, but --

16                    THE COURT:  Mr. Minnifield, what

17   occurred before Judge Bright does not concern

18   Mr. Hartley or this Court.  Were you involved --

19                    MR. HARTLEY:  Yes.

20                    THE DEFENDANT:  Yes, he was.

21                    THE COURT:  You were?

22                    MR. HARTLEY:  Yes, Judge.  I don't

23   have a real complete recall, but I was involved

24   because -- I forget why we had to have Judge

25   Bright's involvement in it.  But it seemed to me

1    that she did agree to a reduction of forty

2    thousand.  And there was some delay, Judge, in

3    getting, I think, it possibly recorded in the jail.

4    There may have been something, and I think

5    Mr. Minnifield was disturbed about that.

6              THE COURT:  Now, Mr. Minnifield,

7    what is your age?

8              THE DEFENDANT:  Sixty.

9              THE COURT:  And could you briefly

10   give -- set out your work experience?

11             THE DEFENDANT:  Yes.  My work

12   experience was the last job I had was contractor,

13   construction, heavy equipment operator, and

14   etcetera.

15             THE COURT:  And what other types of

16   work have you done?

17             PROSPECTIVE JUROR:  I have been a

18   currier, and I've been chief maintenance man at

19   Wilson and Price.  I've been a truck driver.

20             THE COURT:  Have you ever been

21   treated for any mental disease or mental health?

22             THE DEFENDANT:  No, I haven't.  I

23   went and -- when --

24             THE COURT:  And the Court is aware

25   that I did -- when you were out on bond, the EVEN

1    only the beginning of her nightmare.

2         Now, during the course of my career of

3    prosecutor, I don't find very much the victims are

4    ever really happy to come into court, really feel

5    good about coming into court.  But I know I can say

6    this about Vonciel -- and I'm not saying that she

7    enjoys this process -- but for the Grace of God,

8    ladies and gentlemen, I would be standing up before

9    you right now, and this table would be empty and I

10   would be telling you about murder in the first

11   degree, but for the Grace of God.

12        Ladies and gentlemen, what happened after

13   Vonciel and her children left the marital home?

14   The defendant began to call her on the telephone.

15              THE DEFENDANT:  Object.

16              THE COURT:  I'm going to overrule

17   your objection if this is what --

18              MR. BAILEY:  The evidence will

19   show --

20              THE COURT:  -- you expect the

21   evidence to show.

22              MR. BAILEY:  The evidence will show

23   in this case that the defendant began to call her

24   on the telephone, harassing, threatening her life.

25   The defendant would show up her at workplace --

Missleading The Jury

1    THE DEFENDANT: I'm objecting on

2    that.

3    THE COURT: I'm overruling. He has

4    a right to tell the jury what he expects the

5    evidence to show. And you will be able to tell the

6    jury what you expect the evidence to show.

7    Go ahead.

8    MR. BAILEY: The defendant would

9    show up at her workplace telling her co-workers

10   quite frankly that she better watch out, that he

11   was going to get her.

12   He would show up at her babysitter's house.

13   He even showed up at one of her babysitter's house

14   with a gun. We expect Lawanda Benson to come in --

15   THE DEFENDANT: Object.

16   MR. BAILEY: -- and testify --

17   THE DEFENDANT: Object.

18   THE COURT: Mr. Minnifield, he has a

19   right to tell the jury what he expects the evidence

20   to show.

21   Go ahead.

22   MR. BAILEY: I expect Lawanda Benson

23   to come in and tell you what happened one night.

24   Mr. Minnifield showed up wanting to know where

25   Vonciel was. He told Lawanda Benson what he was

1    that's someone else saying it, so I can't

2    elaborate.

3        Q.    Have you ever seen him at your job,

4    workplace, during this time frame?

5        A.    I've seen him parked outside my job, yes.

6        Q.    And how many occasions have you seen

7    that?

8        A.    Twice.

9        Q.    Have you ever received any type of phone

10    calls from Mr. Minnifield?

11        A.    No, sir, not directly.

12        Q.    When you would see him at your workplace,

13    I believe you said, he was sitting in the car?

14        A.    Yes, sir.

15        Q.    Where would he be parked -- let me back

16    up just a second.  Where is your workplace again?

17        A.    It's on the corner of Adams and Ripley

18    and Washington.

19        Q.    Okay.  Is that in a particular building?

20        A.    It's in the RSA Plaza downtown.

21        Q.    And where would Mr. Minnifield be

22    sitting?

23        A.    Once he was parked on Adams, and once on

24    Washington.

25        Q.    So that was on two different occasions

1    that you saw him?

2           A.    Yes, sir.

3           Q.    Has anything else occurred between you

4    and Mr. Minnifield since the date of your

5    separation?

6           A.    Not that I can recall at this time.

7           Q.    You said that you had not ever received

8    any direct phone calls from Mr. Minnifield; is that

9    correct --

10          A.    That's correct.

11          Q.    -- during this time frame?  Had you ever

12   received any type of written correspondence from

13   Mr. Minnifield?

14          A.    Yes, sir.

15          Q.    And can you tell us about those?

16          A.    When he was locked up, he wrote me a

17   letter -- I believe it was in December of '98 --

18   stating that he was very sorry for what had

19   happened in the October event, and that he just

20   wanted to -- for us to get on with our lives and

21   for the kids to be happy.

22          Q.    Mrs. Minnifield, at this time, I'm going

23   to show you what's been marked as State's Exhibit

24   No. 5.  I want to ask you if you can identify this

25   letter, please, ma'am?

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

JOHN WILLIE MINNIFIELD,     )
                                   )
       Petitioner,         )
                                   )
v.                             )       CC-99-327.61-TMH
                                   )
                                   )
STATE OF ALABAMA,        )
                                   )
       Respondent.       )

### ORDER

This cause having come before the Court on Petitioner's request that filing fees be waived due to his substantial hardship status, and the same having been considered, it is ORDERED that Petitioner is GRANTED permission for filing of the petition in this cause without immediate prepayment of a filing fee.

It is further ORDERED that Petitioner is required to pay a filing fee in the amount of $201.00 in this cause; and the Alabama Department of Corrections is directed to withhold 50% of each dollar the Petitioner receives through his Prisoner's Money on Deposit Account and to deliver the same to the Clerk of this Court when the full amount has been collected.

This is the second Rule 32 petition in this matter and most of the assertions therein are barred by Rule 32.2(b) A.R.Cr.P. or are time barred.  In addition, the petition is a meandering, rambling discourse which lacks the specificity mandated by Rule 32.6(b) A.R.Cr.P.



RECEIVED
1-28-05
CIRCUIT COURT CLERK

Turning to the allegations which can be gleaned from the petition, the Petitioner reiterates a <u>Batson</u> claim which was raised in an earlier petition. It is thus barred as successive and untimely.

Most of the claims appear to seek a relitigation of the underlying stalking charge. This cannot be done in a Rule 32 proceeding. He also attacks the constitutionality of the stalking charge but fails to state why this claim could not be raised previously.

Finally, Petitioner appears to complain that he was not represented by counsel at trial. This issue is barred because it could have been raised previously. In addition, the claim is without merit. Petitioner demanded that he be allowed to proceed *pro se*. Judge Greenhaw, the trial judge, carefully explained to Petitioner the hazards of proceeding *pro se* and she then required that his appointed counsel remain with Petitioner at trial to give advice.

Wherefore, the petition is DISMISSED.

Done this 28th day of January, 2005.

TRUMAN M. HOBBS, JR.
CIRCUIT JUDGE

cc:     John W. Minnifield
        AIS# 112145
        Bullock CF
        PO Box 5107
        Union Springs, AL  36089-5107

        Matthew D. Shaddrix, DDA
        Courthouse box

# CIRCUIT COURT OF MONTGOMERY COUNTY
## Melissa Rittenour
### Clerk and Register
### 251 South Lawrence Street
### Montgomery, Alabama 36104

March 8, 2005

Mr. Minnifield;

I found no Trial Orders indicating that there were hearings set for your Rule 32 Petition. Because there were no hearings on your Petition then there will not be a Reporter's Transcript filed in this appeal.

If you wish to request a copy of the transcript recorded during the trial proceedings then you will have to contact the court reporter(s) that was present during those proceedings. You have indicated that you wish to obtain a transcript from court reporter Dub Harris. You may contact Mr. Harris by submitting your request in writing to the following address:

Elmore County Courthouse
Attn: Dub Harris
8935 Hwy 231 Room 232
Wetumpka, Al 36092

Sincerely,

Melissa Rittenour


dbh

cc  Court of Criminal Appeals
cc  John W. Minnifield

ACR371                 ALABAMA JUDICIAL DATA CEN  R
          NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
                          BY THE TRIAL COURT CLERK
                 IN THE CIRCUIT COURT  OF MONTGOMERY COUNTY
STATE OF ALABAMA VS MINNIFIELD JOHN WILLIE    JUDGE: SARAH M. GREENHAW

---

APPEAL DATE: 02/19/2005

INDIGENCY STATUS:
   GRANTED INDIGENCY STATUS AT TRIAL COURT:      __X__ YES  _____ NO
   APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL: _____ YES  __X__ NO N/A
   INDIGENT STATUS REVOKED ON APPEAL:            _____ YES  __X__ NO
   INDIGENT STATUS GRANTED ON APPEAL:            __X__ YES  _____ NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PETITION

---

THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

---

CO/CASE NUMBER: 03/CC 1999 000327.61

ORDER ENTERED(DATE): 01282005 PETITION: X DISMISSED __DENIED __GRANTED

---

POST-JUDGMENT MOTIONS FILED:    DT FILED      DT DENIED     CON BY AGREE
   ____ MOTION FOR NEW TRIAL    _____    _____    _____
   ____ MOTION FOR JUDG. OF ACQUIT _____ _____    _____
   ____ MOTION TO W/D GUILTY PLEA  _____ _____    _____
   ____ MOTION FOR ATTY TO W/DRAW  _____ _____    _____
   ____ OTHER _____         _____    _____

---

COURT REPORTER(S):           _____
ADDRESS:                     _____
                             _____

APPELLATE COUNSEL #1:        PRO SE
ADDRESS:                     _____
                                                   ,      00000
PHONE NUMBER:                000-000-0000    ,

APPELLATE COUNSEL #2:        _____
ADDRESS:                     _____
                             _____

PHONE NUMBER:                _____

APPELLANT (PRO SE):          MINNIFIELD JOHN WILLIE
ADDRESS:                     BULLOCK CORR.FACILITY
                             UNION SPRINGS ,  AL  360890000
AIS #:                       112145

APPELLEE (IF CITY APPEAL):   _____
ADDRESS:                     _____
                             _____

---

I CERTIFY THAT THE INFORMATION PROVIDED                OPERATOR: DBH
ABOVE IS ACCURATE TO THE BEST OF MY              PREPARED: 03/08/2005
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO      _Melissa Rittenour_
THIS ACTION ON THIS 8th DAY OF March, 2005      CIRCUIT COURT CLERK

IN THE CIRCUIT COURT OF _Montgomery_ COUNTY, ALABAMA

_John Willie Minnifield_        *

APPELLANT,                      *

                                *

                                *

VS.                             * CASE NO: _99-0327.61_

                                *

                                *

STATE OF ALABAMA,               *

   APPELLEE,                    *

FEB 2005
FILED
Melissa Rittenour
Circuit Clerk

NOTICE OF APPEAL TO THE COURT OF
CRIMINAL APPEALS OF ALABAMA

_1-28th day of Jan, 2005_   AND   _10th day of Febr 2000_
DATE OF JUDGEMENT                  POST JUDGEMENT ORDER

   Notice is hereby given that _John Willie Minnifield_, Appeals
to the above named Court from the Judgement of Conviction _(1-28-2005)_
                                                           or other order
entered in this Case on the _28th_ DAY OF _Jan._, 200_5_,
Adjudging the Defendant to be Guilty of the Offense of _Stalking_,
and punishment thereof, Sentencing the Defendant as Follows; _20 years_
                                                                        :

FILED _2-19-2005_
        DATE

CERTIFIED AS A TRUE COPY

_John Willie Minnifield #11214_
PRO-SE APPELLANT

| State of Alabama<br>Unified Judicial System<br>Form ARAP-1C          8/91 | REPORTER'S TRANSCRIPT ORDER -- CRIMINAL<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number<br>CC - 99-0327.61 |

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

☒ CIRCUIT COURT  ☐ DISTRICT COURT  ☐ JUVENILE COURT OF __Montgomery__

__John Willie Minnifield__ , __COUNT__ , Appellant

V. ☐ STATE OF ALABAMA  ☐ MUNICIPALITY OF _____

| Case Number<br>CC-99-0327.61 TMH | Date of Judgment/Sentence/Order<br>28th day of Jan. 2005 |

Date of Notice of Appeal

Oral: _____  Written: 2-19-05

Indigent Status Granted:   ☒ Yes   ☐ No

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, CODE O ALABAMA 1975).

| Signature | Date | Print or Type Name |

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

MARK PROCEEDINGS REQUESTED:

COURT REPORTER(S)

A. ☐ TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately.

B. ☐ ORGANIZATION OF THE JURY - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

C. ☐ ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

| ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
| D. Transcript of Sentecing Proceeding | | Dub Harris |
| E. | | |
| F. | | |
| G. | | |

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER''S TRANSCRIPT:**

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

| John Willie Minnifield  2-19-05 | John Willie Minnifield |
| Signature                   Date | Print or Type Name |

**DISTRIBUTION:** Original filed with Clerk of Trial Court and copies mailed to: (1) the Clerk of the Court of Criminal Appeals, (2) the District Attorney or the Attorney General or the municipal prosecutor in lieu of the District Attorney if the appeal is from a municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript

State of Alabama
Unified Judicial System
Form ARAP- 26 (front)   8/91

# COURT OF CRIMINAL APPEALS
# DOCKETING STATEMENT

Criminal Appeal Number

_____-_____

## GENERAL INFORMATION:

[X] CIRCUIT COURT [ ] DISTRICT COURT [ ] JUVENILE COURT OF    **MONTGOMERY**

COUNTY

**JOHN WILLIE MINNIFIELD**

, Appellant

v.   [X] STATE OF ALABAMA   [ ] MUNICIPALITY OF _____

| Case Number CC-99-0327.61 | Date of Complaint or Indictment NOV. 2004 | Date of Judgment/Sentence/Order 28th day of January, 2005 |
|---|---|---|
| Number of Days of Trial/Hearing 4½ Days | Date of Notice of Appeal Oral: | Written: 2/19th day of 2005 |

Indigent Status Requested: [X] Yes [ ] No          Indigent Status Granted: [X] Yes [ ] No

## B. REPRESENTATION:

Is Attorney Appointed or Retained? [ ] Appointed [ ] Retained.     If no attorney, will appellant represent self? [X] Yes [ ] No

Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary)     Telephone Number

**PRO SE JOHN WILLIE MINNIFIELD**

| Address POST OFFICE BOX 5107 | City UNION SPRINGS, | State AL. | Zip Code 36089 |
|---|---|---|---|

## C. CODEFENDANTS: List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
|---|---|
| Codefendant | Case Number |
| Codefendant | Case Number |

## D. TYPE OF APPEAL: Please check the applicable block.

1 [X] State Conviction
2 [X] Post-Conviction Remedy
3 [ ] Probation Revocation
4 [ ] Pretrial Order
5 [ ] Contempt Adjudication
6 [ ] Municipal Conviction
7 [ ] Juvenile Transfer Order
8 [ ] Juvenile Delinquency
9 [ ] Habeas Corpus Petition
10 [ ] Other (Specify)

## E. UNDERLYING CONVICTION/CHARGE: Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 [ ] Capital Offense - § _____
2 [ ] Homicide - § _____
3 [ ] Assault - § _____
4 [ ] Kidnapping/Unlawful Imprisonment - § _____
5 [ ] Drug Possession - § _____
6 [ ] Trafficking in Drugs - § _____
7 [ ] Theft - § _____
8 [ ] Damage or Intrusion to Property - § _____
9 [ ] Escape - § _____
10 [ ] Weapons/Firearms - § _____
11 [ ] Fraudulent Practices - § _____
12 [ ] Offense Against Family - § _____
13 [ ] Traffic - DUI - § _____
14 [ ] Traffic - Other - § _____
15 [X] Miscellaneous (Specify): **STALKING** - § _____

## F. DEATH PENALTY:

Does this appeal involve a case where the death penalty has been imposed? [ ] Yes [X] No

## G. TRANSCRIPT:

1. Will the record on appeal have a reporter's transcript? [X] Yes [ ] No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed. **2-19-05** (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk? [X] Yes [ ] No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions? [X] Yes [ ] No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

Form ARAP-26 (back)    8/91    COURT OF CRIMINAL APPEALS DOCKETING STATEMENT

**POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| mth | Day | Year | | Month | Day | Year |
| 11th | 28th | 2004 | Rule 32 | 1st | 28th | 2005 |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case.

Stalking charged by wife on the 23rd day of November, 1998 wife filed stalking charge were I was nowhere in or near her or her resident thus State knew this but entertained perjury testimony by wife and gotten witness whom she was having sex and smoking crack with to lie on her behalf. We was seperated on the 10th day of October, 1998 and she filed this charge on the the 23rd day of November, 1998. I am actual innocent of stalking see her past record in Texas and Georgia she did the same things on two other mens she is not concoted but a long time drug user, prostitute, and thief you name it. This was newly discovery evidence no witness can repeat or would repeat their testimony since they found out about her lying and had me falsly accused to keep me locked up is a miscarrage of justice everything I've said can be proven if this Court let justice prevail. The State says this is a second sucessive Petition I agree that was never ruled upon by the Circuit Court but denied See; Writ of Habeas us filed in 2000 which stayed in Court for over two years and denied without prejudice but failed to notify me after due dillengce of the Status on it. See; exhibits a denial off due process and access to the Court System. I pray for relief and hearing in matter.

**ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary.)

(1). Ineffective Assistant of Counsel Appellate
(2). Jury Bias and Prejudice a gender violation
(3). District Attorney misconduct misleading the jury
(4). Actual Innocent
(5). See Judge Price denied without prejudice Habeas Corpus
(6). Entertained by Court perjury testimony knowingly
(7). Trial Judge did not comply with the Faretta Ruling stating the danger of self representation and that I could at any time during the trial I could ask for counsel. See exhibit
(8). Incomplete transcript from sentencing phase it was recorded therefore part of the record
(9). There is a tolling of time through no fault of mines

*John Willie Minnifield #112145*

SIGNATURE:

John Willie Minnifield #112145

Signature or Attorney Party Filing this Form