IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN WILLIE MINNIFIELD, #112145, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:06-CV-54-WKW |
| ) | |
| ARNOLD HOLT, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by John Willie Minnifield ["Minnifield"], a state inmate, on January 4, 2006.[1]  In this petition, Minnifield challenges a conviction for stalking imposed upon him by the Circuit Court of Montgomery County, Alabama on January 12, 2000.  This conviction became final by operation of law on October 27, 2000.

Upon review of the pleadings, documents and evidentiary materials filed in this case, the court finds that the instant petition for federal habeas relief is barred by the one-year

---

[1]Although the present petition was stamped "filed" in this court on January 19, 2006, Minnifield certified that he executed the petition on January 4, 2006.  The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Minnifield] signed it...." *Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing and for purposes of proceedings herein, the court considers January 4, 2006 as the date of filing.

limitation period applicable to 28 U.S.C. § 2254 petitions.  28 U.S.C. § 2244(d)(1);[2]

*Jackson v. Secretary for the Department of Corrections*, 292 F.3d 1347, 1349 (11th Cir.

2002) ("[T]he district court may review *sua sponte* the timeliness of the section 2254

petition.").  Such authority is afforded this court regardless of whether the respondents

simply failed to plead the statute of limitations as an affirmative defense or made a patently

erroneous concession of timeliness.  *Day v. Crosby*, 391 F.3d 1192, 1194 (11th Cir. 2004),

*aff'd*, *Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006).  Thus,

because Minnifield's stalking conviction became final in 2000 -- after the effective date of

the statute of limitations -- Minnifield must have filed this § 2254 petition within a year of

his stalking conviction becoming final, exclusive of the time that any properly filed state

post-conviction petition related to the conviction remained pending in the state courts.  28

U.S.C. § 2244(d)(2).

Minnifield filed a motion for writ of habeas corpus in the Circuit Court of

Montgomery County, Alabama on September 19, 2000.[3]  During the pendency of this state

---

[2]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

[3]Minnifield certified he executed the state motion for writ of habeas corpus on September 19, 2000. *Respondents' Exhibit N - Court Doc. No. 35-14* at 10.  Although the state court entered the petition as "filed" on September 25, 2000, it is clear that Minnifield submitted this petition to prison officials for mailing prior to the date that the state court received the petition.  A pro se inmate's petition is deemed filed in federal cases the date the petition is delivered to prison officials for mailing.  *Houston*, 487 U.S. at 271-272.  Alabama courts have adopted this rule for pleadings and documents filed by pro se inmates.  *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993).  Consequently, the prison "mailbox rule" applies to *pro se* petitions/motions for post-conviction relief filed by inmates in the state courts of Alabama.  Thus, September 19, 2000 is the appropriate date of filing for Minnifield's state motion for writ of habeas corpus.

2

habeas corpus action, Minnifield also filed his first petition under Rule 32 of the Alabama Rules of Criminal Procedure with the trial court.[4]   In accordance with 28 U.S.C. § 2244(d)(2) and relevant state law, the court concludes that both of these state post-conviction actions tolled the federal period of limitation during their pendency before the state courts.  However, it is clear that even allowing tolling of the federal limitation period during the pendency of these two initial state post-conviction actions, § 2244(d)'s one-year period of limitation expired prior to Minnifield's filing the instant federal habeas petition. Although Minnifield likewise filed a second Rule 32 petition on November 19, 2004, *Respondents' Exhibit H - Court Doc. No. 35-11* at 14, this petition failed to toll the federal limitation period.[5]   Specifically, Minnifield's second Rule 32 petition was untimely under Alabama's two-year period of limitation applicable to Rule 32 petitions filed by petitioners whose finality date occurred on or before July 31, 2001 and, therefore, not properly filed for purposes of statutory tolling of the federal limitation period under 28 U.S.C. § 2244(d)(2).  Rule 32.2(c), *Alabama Rules of Criminal Procedure* (Because Minnifield's conviction became final before July 31, 2001, he had two years within which to file a Rule

---

[4]The Rule 32 petition establishes that Minnifield executed the petition on January 5, 2001. *Respondents' Exhibit H - Court Doc. No. 35-8* at 12. This date is therefore the earliest on which Minnifield could have submitted the petition to prison officials for mailing.  Although the trial court stamped the petition "filed " on January 10, 2001, under the "mailbox rule" adopted by Alabama courts, January 5, 2001 is the appropriate date of filing for Minnifield's first Rule 32 petition.  *Ex parte Allen*, 825 So.2d at 272; *Holland*, 621 So.2d at 375.

[5]Again, November 19, 2004 is the date Minnifield executed the petition and this date therefore constitutes the earliest date Minnifield could have submitted the petition for mailing.  This second Rule 32 petition remained pending in the state courts until the Alabama Supreme Court denied Minnifield's petition for writ of certiorari and issued the certificate of judgment on September 9, 2005.  *Respondents' Exhibit Y - Court Doc. No. 55-2* at 3.

32 petition.).[6] *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814 (2005) ("For purposes of determining what are 'filing' conditions, there is an obvious distinction between time limits, which go to the very initiation of a petition and a court's ability to consider that petition, and the type of 'rule of decision' procedural bars at issue in *Artuz [v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000)], which go to the ability to obtain relief.... [I]t must be the case that a petition that cannot even be initiated or considered due to the failure to include a timely claim is not 'properly filed.' ... For these reasons, we hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's [state post-conviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling [of the limitation period] under § 2244(d)(2)."); *Allen v. Siebert*, --- U.S. ---, ---, 128 S.Ct. 2, 4-5 (2007) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of [statutory tolling of the limitation period under] § 2244(d)(2)."); *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1317 (11th Cir. 2006) (untimely collateral motion "was not 'properly filed' under § 2244(d), and it could not toll the federal one-year period of limitation.").

Based on the foregoing, the court entered an order advising Minnifield of his failure

---

[6]The Alabama Court of Criminal Appeals issued a memorandum opinion from the trial court's summary denial of Minnifield's second Rule 32 petition in which it found the second Rule 32 petition "time-barred" under Rule 32.2(c), *Alabama Rules of Criminal Procedure*. *Respondents' Exhibit F - Court Doc. No. 15-4* at 2; *Minnifield v. State*, 945 So.2d 1100 (Ala.Cr.App. 2005), *rehearing denied* (July 22, 2005), *cert. denied*, *Ex parte Minnifield*, 946 So.2d 547 (Ala. 2005).

to file the pending federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). *Order of October 7, 2008 - Court Doc. No. 41*. The aforementioned order provided Minnifield an opportunity to show cause why his habeas petition should not be barred from review by this court as untimely filed. In response to this order, Minnifield argues "failure of this court to [review the merits of this] petition would simply be a miscarriage of justice on Minnifield's factual and or actual innocence. The reason Minnifield has not shown actual innocence [is because] the court has not" provided him the opportunity to call witnesses and obtain testimony from the victim's family. *Petitioner's October 20, 2008 Response to Show Cause Order - Court Doc. No. 42* at 3. In addition, Minnifield references the filing of his first federal habeas petition "in a timely manner" as a potential basis for considering the instant petition timely filed. *Id*. at 4.[7]

Upon review of the pleadings filed by the parties, the undisputed state court record and applicable federal law, the court determines no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes the present habeas petition is due to be denied as Minnifield failed to file the petition within the applicable one-year period of limitation.

## II. DISCUSSION

---

[7]Minnifield filed the previous habeas petition with this court on September 22, 2003. *Minnifield v. Holt, et al.*, Civil Action No. 2:03-CV-975-MHT (M.D. Ala. 2004).

## A.  Actual Innocence - Independent Claim

Minnifield argues that he is entitled to federal habeas relief because he is actually innocent of stalking.  Minnifield bases this assertion on his belief that his actions in following, harassing and threatening the victim did not constitute stalking but simply reflected a typical domestic dispute.  He also asserts that the victim was not a credible witness and her testimony should therefore be ignored.  Minnifield further argues that if this court held a hearing, members of the victim's family would provide favorable testimony regarding his character and credibility.  The law is well settled "that '[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.'  *Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993).  It is not our role to make an independent determination of a petitioner's guilt or innocence based on evidence [presented at trial or evidence] that has emerged since the trial.  'This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution--not to correct errors of fact.'  *Id*."  *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002).  Thus, Minnifield is entitled to no relief from this court on his independent claim of actual innocence.

## B.  Actual Innocence - Gateway to Excuse Time Bar

This court must determine whether Minnifield has made a showing of actual

innocence before addressing whether the claims for federal habeas relief are barred by the statute of limitations. *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000). "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States,* 523 U.S. 614, 623 (1998). "[T]he *Schlup* standard is demanding and permits review only in the '"extraordinary"' case." *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 2077 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id*. at 537. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." 513 U.S. at 324.

On direct appeal from Minnifield's stalking conviction, the Alabama Court of Criminal Appeals summarized the evidence presented at trial as follows:

> John Willie Minnifield was convicted by a jury of stalking his [estranged] wife, Vonciel. § 13A-6-90, Ala. Code 1975.... Minnifield argues on appeal, as he did below, that the trial court erred when it refused to charge the jury on harassment [as the evidence was insufficient to support a conviction for stalking].  Because [the evidence clearly supported the jury's verdict and] there was no reasonable theory from the evidence to support a charge on harassment, we affirm.
>
> Section 13A-6-90(a) of the Alabama Code provides, "A person who intentionally and repeatedly follows or harasses another person and who makes a credible threat, either expressed or implied, with the intent to place that person in reasonable fear of death or serious bodily harm is guilty of the crime of stalking."  The statute defines "harasses," in part, as engaging in an intentional course of conduct which alarms or annoys a specific person and serves no legitimate purpose, and would cause a reasonable person to suffer substantial emotional distress.  § 13A-6-92, Ala. Code 1975.
>
> Vonciel Minnifield and her children moved from the marital residence in July 1998.  They stayed at a hotel for two weeks, then moved into an apartment.  The State's evidence established that Minnifield repeatedly followed and harassed Vonciel, with the intent to place her in fear of death or serious bodily harm.  For example, Vonciel, her two daughters, an eyewitness, and Minnifield, himself, testified that, on a night in late October 1998, Minnifield kicked in the door of Vonciel's apartment, while brandishing an axe or hatchet.  He struck Vonciel's older daughter in the face when she attempted to protect Vonciel from Minnifield, and he raised the axe over the head of the younger daughter as she cowered in the bathroom.  After Vonciel escaped by jumping out of a window, the witnesses, including Minnifield, testified that, still brandishing the axe, he chased Vonciel around the parking lot of the apartment complex.  He stopped only when the police arrived and arrested him.  Minnifield told a detective that, if he had caught Vonciel, he would have harmed her.
>
> Vonciel and a neighbor testified that, in the same month, they encountered Minnifield while they were driving on a highway.  Minnifield yelled at [Vonciel], threatened to kill her, and attempted to run their vehicle off the road several times.  Vonciel escaped on that occasion by driving across the median and traveling to the police department.
>
> Minnifield further admitted at trial that he had tampered with

Vonciel's car.  The prosecution admitted into evidence threatening notes that Minnifield placed on Vonciel's car, and a letter he sent to Vonciel while he was in jail, in which he acknowledged that he was "breaking the court order by contacting you...."

Several witnesses testified that Minnifield followed Vonciel.  On one of these occasions, Minnifield traveled to Auburn, where Vonciel was working at a catered party.  Because Minnifield had previously appeared at locations where Vonciel was working, her boss had encouraged her to "get some protection."  When she went to the job site in Auburn, Vonciel hired an employee of a guard service to accompany her.  Minnifield admitted that he traveled to Auburn, searched for and located Vonciel, and told her he wanted to speak with her.  The guard and Vonciel's employer asked Minnifield to leave

In closing argument, Minnifield, who appeared pro se, alleged that the State had not proven stalking, because his actions constituted "only disorderly conduct, just something that's in domestic violence of any person that come under the laws of domestic violent when two peoples has different opinions about things."  He requested the court to charge the jury on harassment as a lesser included offense, because this was simply "a domestic dispute."  However, the trial court stated that the evidence did not warrant charging on harassment as a lesser included offense.  The trial court was correct.

Established Alabama law provides that a defendant is entitled to have a trial court charge on a lesser included offense if there is any reasonable theory from the evidence to support the charge.  Equally well established is the principle that a trial judge may refuse to instruct on a lesser included offense when it is "clear to the judicial mind" that no reasonable evidence supports the charge....

While Minnifield argued that his actions were related simply to "a domestic dispute," he acknowledged committing nearly every act alleged by the State's witnesses, including kicking down the door to his [estranged] wife's apartment and chasing her with an axe.  His acts of harassment were numerous, and without question they constituted credible threats which would cause a reasonable person to suffer substantial emotional distress.  The evidence simply did not support a lesser included offense, as the trial court correctly found.  Therefore, the court did not err when it denied Minnifield's requests for a jury instruction on harassment

For the foregoing reasons, the judgment of the Circuit Court of Montgomery County is affirmed.

*Respondents' Exhibit C - Court Doc. No. 7-4* at 1-2 (citations omitted).

Minnifield again proceeds before this court on his allegation that he is actually innocent of stalking because, in his opinion, his actions merely established acts of domestic violence. Minnifield further attacks the credibility of the victim, argues she provided false testimony at trial and contends members of her family would now vouch for his good character if given the opportunity. These assertions, however, do not constitute "new reliable evidence" of Minnifield's actual innocence nor has Minnifield demonstrated that any such evidence exists to establish his actual innocence so as to meet the standard set forth by *Schlup*. The instant petition for federal habeas corpus relief is therefore properly analyzed under 28 U.S.C. § 2244(d)(1)(A).

### C.  The Federal Period of Limitation

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented

from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the United States Supreme Court denies certiorari, the time to apply for certiorari expires or this avenue of relief no longer exists. *Id.*

The Circuit Court of Montgomery County, Alabama convicted Minnifield of

11

stalking on January 12, 2000. Minnifield filed a direct appeal of his stalking conviction and the Alabama Court of Criminal Appeals entered an unpublished memorandum opinion affirming this conviction on September 22, 2000. *Respondents' Exhibit C - Court Doc. No. 7-4 -- Minnifield v. State*, 814 So.2d 1014 (Ala.Cr.App. 2000) (table). Minnifield filed an application for rehearing which the state appellate court overruled on October 13, 2000. *Minnifield v. State*, 820 So.2d 167 (Ala.Cr.App. 2000) (table). Minnifield failed to file his petition for writ of certiorari in accordance with applicable procedural rules regarding the time of filing and the form/length of the petition, *see* Rule 39(c) and (d), *Alabama Rules of Appellate Procedure*, and the Alabama Supreme Court therefore issued an order striking the petition for writ of certiorari on November 29, 2000. *Petitioner's Exhibit 1 to the August 3, 2008 Response - Court Doc. No. 24-2* at 2.[8] Since Minnifield failed to fully pursue the direct appeal process, he was not entitled to file a petition for certiorari with the United States Supreme Court and the time for seeking review of his stalking conviction therefore lapsed upon expiration of the time for filing a petition for writ of certiorari in the Alabama Supreme Court -- fourteen (14) days after issuance of the appellate court's decision on the application for rehearing. Rule 39(c)(2), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166,

---

[8]Minnifield concedes he failed to timely file a petition for writ of certiorari with the Alabama Supreme Court and argues this failure occurred because appellate counsel mailed Minnifield's copy of the appellate court's denial of rehearing to the wrong address. *Petitioner's June 7, 2006 Response - Court Doc. No. 17* at 1; *Petitioner's October 20, 2008 Response - Court Doc. No. 42* at 4.

121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari to the United States Supreme Court may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by the aforementioned state court). Thus, Minnifield's conviction for stalking became final by operation of law on October 27, 2000 as this is the date Minnifield had to properly file a petition for writ of certiorari with the Alabama Supreme Court. Rule 39(c)(2), *Alabama Rules of Appellate Procedure* ("The petition for the writ of certiorari shall be filed with the clerk of the Supreme Court ... within 14 days (2 weeks) of the decision of the Court of Criminal Appeals on the application for rehearing...."). [9]

Prior to his appeal's becoming final, however, Minnifield filed a state petition for writ of habeas corpus with the trial court on September 19, 2000. Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Under relevant state law and in light of the various pleadings filed by Minnifield regarding relief on the state habeas petition, the court finds that this state habeas petition remained pending in the state courts from the time Minnifield filed the petition until final resolution of the

---

[9]The court notes that November 29, 2000, the date the Alabama Supreme Court issued its order striking the petition for writ of certiorari, is the latest date Minnifield's stalking conviction could have become final.

petition for writ of mandamus for an untimely appeal from the trial court's September 24, 2002 dismissal of this state habeas petition.[10]  The Alabama Court of Criminal Appeals denied this mandamus petition on October 8, 2004.  *Ex parte Minnifield*, 923 So.2d 355 (Ala.Cr.App. 2004) (table).   On October 21, 2004, Minnifield filed a motion for reconsideration of the appellate court's denial of the mandamus petition.  *Respondents' Exhibit X - Court Doc. No. 49-4* at 1.  The Alabama Court of Criminal Appeals denied this motion on October 28, 2004.  *Id.* at 3.   The record before the court establishes that Minnifield undertook no further action on this mandamus petition relative to his state habeas petition and the appellate court's decision therefore became final, at the latest, on November 11, 2004. *See* Rule 21(e)(2), *Alabama Rules of Appellate Procedure* (petitioner has fourteen (14) days from issuance of order by the Alabama Court of Criminal Appeals denying the writ of mandamus to file a similar petition for writ of mandamus in the Alabama Supreme Court).   Specifically, Minnifield did not file any challenge to the appellate court's October 28, 2004 adverse decision with the Alabama Supreme Court.

---

[10]It is undisputed that Minnifield did not receive notice of the trial court's order denying his state habeas petition until February 24, 2003.  The record further establishes that Minnifield filed a motion for writ of mandamus  with the Alabama Court of Criminal Appeals on June 5, 2003 challenging the actions of the trial court in disposing of his state habeas petition.  The Alabama Court of Criminal Appeals denied this writ on July 17, 2003. *Respondents' Exhibit R  - Court Doc. No. 35-18.*  On July 28, 2003, Minnifield filed a petition for writ of mandamus in the Alabama Supreme Court challenging the appellate court's denial of his writ of mandamus. *Respondents' Exhibit Y - Court Doc. No. 55-2* at 4.  The Alabama Supreme Court denied this writ on August 22, 2003.  *Id.*  Thus, it is without dispute that even absent tolling for the entire pendency of the state habeas petition the limitation period would nevertheless be tolled from the finality of conviction until February 24, 2003 and again from June 5, 2003 until August 22, 2003.  Consequently, with respect to this time period and under these circumstances herein outlined, only 3 months and 8 days of the limitation period would have run without allowing equitable tolling for the entirety of the state habeas action.

*Respondents' Exhibit Y - Court Doc. No. 55-2* at 1.  Thus, the federal period of limitation

remained tolled from the time Minnifield's judgment of conviction became final in October

of 2000 until final resolution of his state habeas petition on November 11, 2004.  The

aforementioned period of statutory tolling related to Minnifield's state habeas petition

encompasses the time Minnifield's first Rule 32 petition remained pending in the state

courts - January 5, 2001 until May 17, 2002 - the date Minnifield filed this Rule 32 petition

until issuance of the certificate of judgment on appeal affirming the trial court's denial of

such petition.  This period of statutory tolling also includes the time a previous federal

habeas petition filed by Minnifield attacking his stalking conviction remained pending

before this court.  *Minnifield v. Holt, et al.*, Civil Action No. 2:03-CV-975-MHT (M.D.

Ala. 2004).[11]  As previously determined, the second Rule 32 petition filed by Minnifield

---

[11]The prior federal habeas action remained pending from September 22, 2003 until October 8, 2004.  This court dismissed the petition without prejudice for Minnifield's failure to exhaust available state court remedies. Specifically, the court allowed Minnifield the opportunity to seek relief on his state habeas petition  by filing a writ of mandamus for an out-of-time appeal with the Alabama Court of Criminal Appeals, which Minnifield did file on September 2, 2004.  *Respondents' Exhibit W - Court Doc. No. 49-3*.  Minnifield did not appeal the decision of this court.  In this prior habeas action, the court likewise advised the parties the court would allow equitable tolling of the limitation period during the pendency of the federal action.  Thus, despite tolling of the limitation period during the approximate four years and two months of the pendency of his state habeas action, Minnifield nevertheless remained entitled to equitable tolling of the limitation period during the pendency of his 2003 federal habeas action.  Consequently, even assuming  the limitation period ran for three months and eight days after Minnifield's receipt of notice of the trial court's ruling on his state habeas petition until his filing the initial writ of mandamus from this denial with the appellate court on June 5, 2003 and again ran for one month after finality of the Alabama Supreme Court's denial of the writ until Minnifield filed his first federal petition, it is clear that only four months and eight days of the limitation period expired prior to this filing.  Thus, under either set of facts regarding tolling, the limitation period had not expired prior to initiation of the first federal petition for habeas relief.  Moreover, based on this court's advisement that it would allow equitable tolling during the pendency of the initial habeas action, the limitation period did not expire prior to denial of the first habeas petition and ample time remained for Minnifield to seek federal habeas relief upon his exhaustion of state remedies. Therefore, dismissal of the initial habeas action without prejudice for Minnifield's failure to exhaust state remedies was appropriate and did not in any way prejudice his rights to file a subsequent federal habeas petition upon the

on November 19, 2004 was untimely under state law and, therefore, not properly filed for purposes of tolling the federal period of limitation.[12]

    1. <u>Statutory Tolling of the Limitation Period</u>.  Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a ***properly filed*** application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." (emphasis added).  The federal limitation period therefore remained tolled from the time Minnifield's stalking conviction became final until final resolution of his state habeas petition on November 11, 2004.  This period of tolling includes the time Minnifield's first Rule 32 petition remained pending in the state courts and the pendency of such petition therefore provides no additional tolling of the limitation period.    Additionally,  the  period  of  tolling  encompasses  the  time Minnifield's  initial  federal  habeas  petition  remained  pending  before  this  court  and, therefore,  no  additional  tolling  relevant  to  the  first  federal  habeas  action  is  warranted.  As of November 11, 2004, Minnifield had one year within which to file a timely     Done, this federal habeas petition.  Although Minnifield filed a second post-conviction petition under Rule 32 on November 19, 2004, this collateral action does not entitle Minnifield to additional statutory tolling of the federal limitation period as he failed to properly file this petition, i.e., Minnifield did not file the petition within the applicable two-year period of limitation established under state law.  Rule 32.2(c), *Alabama Rules of Criminal Procedure* (prior  to  amendment  effective  August  1,  2002).    The  2002  amendment  to  Rule  32.2 "changed the period within which a defendant could file a Rule 32 petition from two years to one year....  That effective date language ... mean[s] ... that defendants in cases [whose convictions  became  final]  on  or  before  July  31,  2001,  shall  have  two  years  from  the triggering  date  within  which  to  file  a  postconviction  petition  pursuant  to  Rule  32,  Ala. R.Crim. P."  *Id. - Court Comment of January 27, 2004 - Amendment to Rule 32.2 Effective August 1, 2002*.  Minnifield filed his second Rule 32 petition on November 19, 2004, over four years after his stalking conviction became final.  Thus, this second Rule 32 petition

---

exhaustion of state remedies.  At the time this court dismissed Minnifield's first federal habeas petition without prejudice, he had, at the least, more than seven months "remaining in the limitation period in which to cure the defect[] that led to the dismissal."  *Duncan v. Walker*, 533 U.S. 167, 181, 121 S.Ct. 2120, 2129 (2001).  In light of these facts, a stay of the case was not warranted nor did "dismissal of the entire petition ... unreasonably impair the petitioner's right to obtain federal relief."  *Rhines v. Weber*, 544 U.S. 269, 278, 125 S.Ct. 1528, 1535, 161 L.Ed.2d 440 (2005).  Accordingly, any reliance by Minnifield on the opinion issued in *Rhines* is unavailing.

[12]It is clear that despite his knowledge of the federal limitation period Minnifield chose to file a second Rule 32 petition in the state court rather than proceed before this court on his claims.

fails to statutorily toll the federal limitation period as Minnifield failed to file such petition within the time prescribed by state law.[13]

"For purposes of determining what are 'filing' conditions, there is an obvious distinction between time limits, which go to the very initiation of a petition and a court's ability to consider that petition, and the type of 'rule of decision' procedural bars at issue in *Artuz [v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000)], which go to the ability to obtain relief.... [I]t must be the case that a petition that cannot even be initiated or considered due to the failure to include a timely claim is not 'properly filed.'... For these reasons, we hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's [state post-conviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling [of the limitation period] under § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814 (2005). The Supreme Court, when again called upon to determine whether an untimely state post-conviction petition constitutes a "properly filed" action under 28 U.S.C. § 2244(d)(2), emphatically held:

"When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." 544 U.S. at 414, 125 S.Ct. 1807.... Because [petitioner's] petition for state postconviction relief was rejected as untimely by the Alabama courts, it was not "properly filed" under § 2244(d)(2). Accordingly, he was not entitled to tolling of AEDPA's 1-year statute of limitations.

*Allen v. Siebert*, --- U.S. at ---, 128 S.Ct. at 4-5. Minnifield is therefore not entitled to statutory tolling during the pendency of his second Rule 32 petition.

2. Equitable Tolling of the Limitation Period. Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000);

---

[13]Even allowing a later triggering date of November 29, 2000, the date the Alabama Supreme Court struck Minnifield's petition for writ of certiorari, Minnifield still filed his second Rule 32 petition almost four years after finality of his stalking conviction and well beyond the two-year period of limitation allowed by state law.

*Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir. 1997). Such tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080, 122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002). Upon exhaustive review of the record and applicable federal law, the court concludes that Minnifield fails to present circumstances which permit equitable tolling of the limitation period for any period of time after November 11, 2004 -- the date the decision denying his state habeas petition became final.

To the extent that Minnifield argues equitable tolling should be awarded to him because of his *pro se* status, lack of legal knowledge and resulting misunderstanding of the "properly filed" requirement of 28 U.S.C. § 2244(d)(2), he is entitled to no relief from this court. Specifically, none of the arguments on which Minnifield relies warrants equitable tolling of the one-year period of limitation beyond the amount of tolling previously

provided by this court. *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (*pro se* status and ignorance of the law does not justify equitable tolling); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) (lack of legal knowledge or legal resources, even in a case involving a *pro se* inmate, does not warrant equitable tolling), *cert. denied,* 534 U.S. 863, 122 S.Ct. 145, 151 L.Ed.2d 97 (2001); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) (a petitioner's *pro se* status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations), *cert. denied,* 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001); *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 1999) (ignorance of the law and *pro se* status do not constitute "rare and exceptional" circumstances justifying equitable tolling), *cert. denied,* 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000); *Smith v. McGinnis,* 208 F.3d 13, 17 (2nd Cir. 2000) (petitioner's *pro se* status throughout most of the period of limitations does not merit equitable tolling), *cert. denied,* 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.) (unfamiliarity with the legal process during the applicable filing period did not justify equitable tolling), *cert. denied,* 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999); *Wakefield v. Railroad Retirement Board,* 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling.").

Minnifield fails to set forth the existence of any extraordinary circumstance that prevented him from timely filing the present habeas petition. Minnifiled, despite his

19

admitted knowledge of the federal period of limitation, undertook no action before this court until over a year after finality of the denial of the last writ relative to his state habeas action in November of 2004, an adverse ruling which constituted the exhaustion of remedies referenced in the dismissal of Minnifield's first federal habeas action. Specifically, it is clear Minnifield could have timely filed a federal habeas petition within the months following such denial but he chose not to do so and, instead, sought relief in a third state post-conviction action – an action that the Alabama Court of Criminal Appeals deemed "time-barred" and the claims raised therein procedurally defaulted. *Respondents' Exhibit F - Court Doc. No. 15-4* at 2. If Minnifield had proceeded before this court in November of 2004 or within several months thereafter rather than seeking state post-conviction relief for a third time – relief that Minnifield asserts he sought due to his failure to understand the "properly filed" requirement of § 2244(d)(2) – this federal habeas petition would have been timely filed under any possible set of tolling circumstances. Additionally, with respect to Minnifield's assertion that his filing a federal habeas action prior to expiration of the limitation period renders the present action timely filed, this assertion is without merit. *Duncan v. Walker*, 533 U.S. 167, 181, 121 S.Ct. 2120, 2129 (2001) (dismissal of second habeas petition as time barred is appropriate after initial timely habeas petition was dismissed without prejudice for correction of procedural defects and limitation period had not expired upon dismissal of first habeas action).

Minnifield likewise presents nothing which demonstrates that he exercised diligence

20

in pursuing his claims for relief before this court in a § 2254 petition after dismissal of his first federal habeas petition and denial of his motions for writ of mandamus regarding his state habeas petition. The record is therefore devoid of evidence that the delay in filing the instant federal habeas petition resulted from extraordinary circumstances beyond the petitioner's control and unavoidable with the exercise of diligence. *Drew*, 297 F.3d at 1290; *Jones v. Morton*, 195 F.3d 153, 159 (3rd Cir. 1999). Thus, this court "cannot say that [Minnifield] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.' This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5. Consequently, Minnifield is not entitled to equitable tolling of the limitation period for time related to the pendency of his second Rule 32 petition or for any time after November 11, 2004 – the date of finality of decisions issued on his requests for mandamus relative to the state habeas action.

   3. <u>Expiration of the Limitation Period</u>. Minnifield's stalking conviction became final by operation of law on October 27, 2000 or, at the latest, on November 29, 2000, upon the Alabama Supreme Court 's decision striking his petition for writ of certiorari on direct appeal. The federal limitation period did not begin to run at this time as Minnifield's state habeas petition was pending before the state courts thereby statutorily tolling the limitation

period.  Final resolution of the state habeas petition occurred on November 11, 2004, and the federal limitation therefore began to run on this date.  Minnifield has failed to present any credible basis for either statutory or equitable tolling of the limitation period with respect to its running after final determination of the state habeas petition.  The one-year period of limitation herefore began to run on November 12, 2004 and ran interrupted without statutory or equitable tolling until its expiration on November 12, 2005.  Minnifield filed the instant petition for federal habeas relief on January 4, 2006, over 1 month and 3 weeks after expiration of the limitation period.  Minnifield has failed to demonstrate that this federal habeas petition should not be dismissed as untimely filed.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The 28 U.S.C. § 2254 petition for habeas corpus relief filed by John Willie Minnifield on January 4, 2006 be denied as Minnifield failed to file this petition within the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1).

2.  This case be dismissed with prejudice.

It is further

ORDERED that on or before February 9, 2009 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised

22

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 27th day of January, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE